SHORT RECORD
NO. 26-1956
Filed: 05/01/2026

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| JOHN FULTON, | ) Appeal from the United States |
|  | ) District Court, Northern |
| Plaintiff-Appellee, | ) District of Illinois, Eastern |
|  | ) Division |
| v. | ) |
|  | ) No. 20-cv-03118 |
| ROBERT BARTIK, JOHN ZALATORIS, | ) |
| JAMES BREEN, CITY OF CHICAGO, | ) The Honorable |
|  | ) Joan H. Lefkow, |
| Defendants-Appellants, | ) Judge Presiding. |
|  | ) |
| ROBERT GIRARDI, JOSEPH STRUCK, | ) |
| EDWARD WINSTEAD, STEPHEN FRANKO, | ) |
|  | ) |
| Defendants. | ) |

## NOTICE OF APPEAL

Defendants, ROBERT BARTIK, JOHN ZALATORIS, JAMES BREEN, and the CITY OF CHICAGO by their attorneys, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the amended judgment of the United States District Court, Northern District of Illinois, Eastern Division, entered March 31, 2026 (R. 566); and the court's Opinion and Order entered March 31, 2026, denying defendants' Rule 59(a) motion for a new trial and granting in part and denying in part defendants' motion to amend the judgment (R. 565). Defendants also appeal from all adverse orders entered prior to the amended judgment.

By this appeal, defendants will ask the court of appeals to reverse the

judgment and the adverse orders and rulings of the district court and grant such

other relief as they may be entitled to on this appeal.

Respectfully submitted,


/s/ John Cerney
John Cerney
Special Assistant Corporation Counsel
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo, Breana Brill, & John Cerney
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
(312) 612-1072
*Attorneys for Individual City Defendants*


/s/ James P. Fieweger
James P. Fieweger
Special Assistant Corporation Counsel
James P. Fieweger
Michael Best & Friedrich LLP
444 W Lake St Ste 3200,
Chicago, IL 60606
jpfieweger@michaelbest.com
*Attorney for City of Chicago*

**CERTIFICATE OF SERVICE**

The foregoing NOTICE OF APPEAL has been electronically filed on April 30, 2026. I certify that I have caused the foregoing NOTICE OF APPEAL to be served on all counsel of record via CM/ECF electronic notice on April 30, 2026.


/s/ *John Cerney*
John Cerney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN FULTON,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>ROBERT BARTIK, JOHN ZALATORIS,<br>JAMES BREEN, CITY OF CHICAGO,<br><br>      Defendants-Appellants,<br><br>ROBERT GIRARDI, JOSEPH STRUCK,<br>EDWARD WINSTEAD, STEPHEN FRANKO,<br><br>      Defendants. | ) Appeal from the United States<br>) District Court, Northern<br>) District of Illinois, Eastern<br>) Division<br>)<br>) No. 20-cv-03118<br>)<br>) The Honorable<br>) Joan H. Lefkow,<br>) Judge Presiding.<br>)<br>)<br>)<br>)<br>) |

## DOCKETING STATEMENT

Defendants, ROBERT BARTIK, JOHN ZALATORIS, JAMES BREEN, and

CITY OF CHICAGO, by their attorneys, hereby submit the following docketing

statement pursuant to 7th Cir. R. 3(c):

1.    Plaintiff-appellee John Fulton filed this lawsuit naming as defendants

Robert Bartik, John Zalatoris, James Breen, Robert Girardi, Joseph Struck, Edward

Winstead, Stephen Franko, Leonard Rolston, Richard Cervenka, Michael Kennedy,

Michael Schmitz, Brian Skora, Detective Aguirre, unknown Chicago police officers,

City of Chicago, Jacob Rubinstein, Eugene Shepherd, Andrew Varga, McRay Judge,

1

and Cook County.   R. 1.   Plaintiff brought the following claims against the individual defendants alleging the following constitutional violations under 42 U.S.C. § 1983: false confession under the Fifth and Fourteenth Amendments; fabrication of false witness statements under the Fourteenth Amendment; deprivation of liberty without probable cause under the Fourth and Fourteenth Amendments; due process, wrongful conviction and illegal confinement under the Fourteenth Amendment; and derivative claims of failure to intervene and conspiracy to deprive constitutional rights.   Plaintiff also brought a claim under section § 1983 against the City of Chicago based on *Monell*, asserting a claim based on a policy, practice and custom that caused constitutional violations.   Finally, plaintiff asserted claims under Illinois law for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, respondeat superior, and indemnification. R. 1.   The district court had jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and over the state-law claims pursuant to 28 U.S.C. § 1367.

2.     This appeal is highly related to *Mitchell v. Bartik, et al.*, No. 20-cv-03119 (N.D. Ill.), in which the same defendants are also filing a notice of appeal on this date.   In the district court, the cases proceeded together before the same judge and were tried in one trial to the same jury.   The judgments are identical and the issues on appeal will be the same.   The two appeals should be consolidated.

3.    The claims against Rolston and Rubinstein were dismissed before trial. R. 106; R. 262.   The remaining claims against Cook County and its employees – Shepherd, Varga, and Judge – settled before trial.   R. 519 at 35; R. 567.

4.    The claims against the following individuals were dismissed based on the district court's summary judgment rulings:   Cervenka, Kennedy, Schmitz, Skora, Aguirre, and unknown Chicago police officers.   R. 256.

5.    On March 11, 2025, after a trial on the remaining claims against the remaining individual defendants for involuntary confession, fabrication of evidence, conspiracy, and intentional infliction of emotional distress, the court entered judgment on the verdict in favor of defendants Girardi, Struck, Winstead, and Franko, and against defendants Bartik, Zalatoris, and Breen.   R. 487; R. 488.   On April 8, 2025, defendants timely filed a motion to amend the judgment, R. 511, a renewed motion for judgment as a matter of law, R. 512, and a motion for a new trial, R. 513.   On April 15, 2025, the district court denied defendants' renewed motion for judgment as a matter of law.   R. 514.   On March 31, 2026, the district court entered an order ruling on the remaining posttrial motions, granting a setoff of damages in the amount of plaintiff's settlement with Cook County prior to trial, and denying all other relief requested.   R. 565.   Also on March 31, 2026, the court entered an amended judgment reflecting that reduction.   R. 566.

3

6.      All claims have been disposed of in the district court except for the claims against the City for respondeat superior, indemnification, and under *Monell*. Even though these claims remain pending, plaintiff's counsel has, at least at one point, indicated the view that a final and appealable judgment has already been entered.   We therefore filed the notice of appeal within 30 days of the March 31, 2026 amended judgment to avoid litigation about this court's jurisdiction.

7.      Meanwhile, the City filed in the district court a motion to revise the judgment to reflect the City's liability under the respondeat superior and indemnification counts and to dismiss the *Monell* claim with prejudice, which would finally end the case.   R. 567.   The district court granted the motion, R. 568, but has not yet amended the judgment accordingly.   As soon as it does so, defendants intend to file another notice of appeal.   That appeal should then be consolidated with this one.

Respectfully submitted,


*/s/ John Cerney*
John Cerney
Special Assistant Corporation Counsel
Shneur Nathan, Avi Kamionski,
Natalie Adeeyo, Breana Brill, & John Cerney
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
(312) 612-1072
*Attorneys for Individual City Defendants*

4

/s/ *James P. Fieweger*
James P. Fieweger
Special Assistant Corporation Counsel
James P. Fieweger
Michael Best & Friedrich LLP
444 W Lake St Ste 3200,
Chicago, IL 60606
jpfieweger@michaelbest.com
*Attorney for City of Chicago*

5

**CERTIFICATE OF SERVICE**

The foregoing DOCKETING STATEMENT has been electronically filed on April 30, 2026. I certify that I have caused the foregoing Docketing Statement to be served on all counsel of record via CM/ECF electronic notice on April 30, 2026.

*/s/ John Cerney*
John Cerney

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20 C 3118 |
| | ) | |
| ROBERT BARTIK, et al., | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHONY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20 C 3119 |
| | ) | |
| ROBERT BARTIK, et al., | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

After their convictions for the 2003 murder of Christopher Collazo were vacated, John Fulton and Anthony Mitchell brought this action under 42 U.S.C. § 1983 and Illinois law against defendants,[1] alleging, *inter alia*, that defendants coerced their confessions, fabricated evidence that was used against them at their criminal trials, intentionally inflicted emotional distress upon them, and engaged in a conspiracy to commit the constitutional violations. (*See generally* dkt. 1.) A jury found in favor of plaintiffs on each of four claims that remained at trial and awarded damages of $60 million to each plaintiff. (Trial Tr. 4015:11–20.) Before the court are

---

[1] Defendants are Robert Bartik, John Zalatoris, James Breen, Leonard Rolston, Edward Winstead, Joseph Struck, Robert Girardi, Richard Cervenka, Michael Kennedy, Michael Schmitz, Brian Skora, Inv. S. Franco (#40141), Detective Aguirre, Unknown Chicago Police Officers, McRay Judge, Jacob Rubinstein, Andrew Varga, Eugene Shepherd, Cook County, and the City of Chicago.

defendants' post-trial motions for a new trial and to amend the judgment. For the reasons stated below, defendants' motion for a new trial (20 C 3118, dkt. 513; 20 C 3119, dkt. 515) is denied and their motion to amend the judgment (20 C 3118, dkt. 511; 20 C 3119, dkt. 513) is granted in part and denied in part.

## BACKGROUND

On March 10, 2003, John Fulton was a senior in high school with plans to attend Universal Technical Institute to become an ASE certified mechanic after graduation. (Trial Tr. 128:21–29:7; 370:18–71:2.) He lived with his fiancée, Yolanda Henderson, and their baby in an apartment building known as Lake Meadows on South Michigan Avenue in Chicago. (Trial Tr. 131:11–25.) Although a teenager, Fulton was financially independent because of a trust fund that was created as a result of litigation over the death of his mother while giving birth to Fulton. (Trial Tr. 292:5–14.) Fulton had no criminal record other than arrests for trespass and possession of cannabis, both of which were dismissed. (Trial Tr. 371:24–4.)

Anthony Mitchell was 17 years old. (Trial Tr. 1668:9–69:8.) He lived with his family in the South Shore neighborhood of Chicago. (Trial Tr. 119:21–25; 1595:4–7.) He and Fulton became friends after they were introduced to each other by Mitchell's cousin, Darnell Smith. (Trial Tri. 1595:4–19.) They were together on one evening in February 2003 when Fulton drove his car to Collazo's house on the North Side of the city, where Collazo was to sell Fulton a gun for $300. (Trial Tr. 136:13–41:24.) Fulton's ex-girlfriend, Johnitta Griffin, had connected Fulton with Collazo for the gun sale. (*Id.*) But rather than sell the gun, Collazo and a companion, Marcus Marinelli, announced a robbery and demanded the $300. (*Id.*) As it turned out, Marinelli was only able to get $14. (*Id.*) Fulton and Mitchell returned to the South Side without the gun. (*Id.*)

2

After midnight of March 9, an individual called the police to report a fire in an alley behind 5218 South Peoria Street. (Trial Tr. 1419:17–22:14.) Responding officers discovered the charred body of Collazo in an alley behind an apartment building. (Trial Tr. 1086:23–92:21; 1421:4–22:1.) Collazo's body was covered in partially burned black plastic and smelled of gasoline. (Trial Tr. 1086:23–92:21.) His hands, feet, waist, and mouth were duct-taped, and he had been gagged. (*Id.*) Based on the subsequent findings of a medical examiner, Collazo had died from a combination of blunt force trauma injuries and asphyxiation. (Trial Tr. 3409:1–11.)

At first, the homicide investigation focused on Marcus Marinelli, a friend of Collazo's who had been with him the night before his murder. (Trial Tr. 1103:16–04:2; 1119:7–17.) But Marinelli denied any involvement in Collazo's murder. (Trial Tr. 2154:15–25.) He also provided detectives with a lead: roughly a month earlier, Collazo and he had robbed a man of $14 after luring him into an apartment building by offering to sell him a gun for $300. (Trial Tr. 1156:1–22; 1556:19–24; 3434:1–35:4.) On March 11, following up on this lead, investigators interviewed 17-year-old Griffin, who had made the contact between Collazo and Fulton for purchase of the gun. (Trial Tr. 136:13–22; 138:21–24; 3607:20–08:10.) Griffin identified Fulton as the man she had introduced to Collazo. (Trial Tr. 3607:6–08:19.)

Griffin testified to the same effect before a grand jury on March 14. (Trial Tr. 2689:18–25; 2695:12–96:4; 3608:20–09:8.) Griffin also identified Anthony Mitchell as Fulton's friend who was demanding from her the money Collazo stole. (Trial Tr. 3569:7–25.) Griffin would later state that the police, after hours of questioning, coerced her to fabricate a statement that she had told Fulton where to find Collazo the night of the murder. (Trial Tr. 3380:20–88:25.)

At approximately 5:30 a.m. on March 18, detectives Leonard Rolston and Robert Girard arrested Fulton at his home. (Trial Tr. 161:16–62:23; 3217:14–18:5; 3288:10–89:6; 3590:14–

3

91:16; 4081:13–18.) Fulton was taken to Area One for questioning. (3288:10–89:24.) During

Fulton's initial questioning, which began around 7:00 a.m., he denied any involvement with the

murder, and he provided an alibi: He had been at the University of Chicago Hospital in Hyde

Park with Henderson until late on the night of March 9. (Trial Tr. 150:5–51:21; 3220:14–21:5;

3226:4–22.)

Nevertheless, the interrogation continued. At around 9:00 a.m., Fulton informed Girardi

about the gun deal and the robbery. (Trial Tr. 3225:9–26:3.) Later that day, detectives John

Zalatoris and James Breen questioned Fulton. (Trial Tr. 1172:2–73:25.) Fulton continued to deny

any involvement with the murder and reiterated his alibi. (Trial Tr. 1179:15–80:8.) Eventually,

Zalatoris and Breen took Fulton to the alley where Collazo's body was found and drove him

along the route Fulton allegedly took the night of the murder, telling Fulton as they went facts

that fit their theory of the case. (Trial Tr. 175:21–76:15.)

Zalatoris and Breen then took Fulton to the polygraph unit and introduced him to Officer

Robert Bartik, the administrator of polygraph tests. (Trial Tr. 179:6–23; 376:13–77:10.) Fulton

was then asked to sign a form consenting to take a polygraph test. (Trial Tr. 179:24–80:3.) Once

Fulton signed the form, Zalatoris and Breen left the room with Bartik. (Trial Tr. 180:4–10.)

When the three returned, Fulton was informed that no polygraph test would be administered.

(Trial Tr. 180:4–18; 376:13–77:10.) Later, Bartik would state in his report that Fulton had

confessed to the murder during a pre-test interview. (Trial Tr. 3357:3–58:7.) Fulton was held

overnight. (Trial Tr. 182:12–83:19.)

On March 19, shortly before 5:00 a.m., Assistant State's Attorney McRay Judge joined

Zalatoris and Breen to assist them with the investigation. (Trial Tr. 570:5–17; 576:7–13.) Fulton

provided an inculpatory statement at this time, but after Zalatoris and Breen left the room, Fulton

promptly informed Judge that this inculpatory statement was false, and he repeated his alibi. (Trial Tr. 603:18–05:22.) Judge never documented that Fulton withdrew his confession. (Trial Tr. 601:18–02:13.) Assistant State's Attorney Jacob Rubinstein also interviewed Fulton later that day at the police station. (Trial Tr. 2733:10–49:9.) He also did not take notes. (Trial Tr. 2748:3–4.) Fulton denied killing Collazo to Rubenstein, as well. (Trial Tr. 2748:9–23.)

Fulton would continue to deny his involvement in Collazo's murder throughout the ongoing, off-and-on interrogations until around 8:30 a.m. on March 21, when Fulton retracted his alibi and gave an inculpatory statement to Rubinstein and Girardi. (Trial Tr. 3312:18–14:17.) Rubinstein drafted a memorandum summarizing Fulton's inculpatory statement, which described how Fulton, Mitchell, and another friend, Antonio Shaw, had beaten Collazo, placed him in the trunk of their car, driven to an alley, bound and gagged him, doused him with gasoline, and set him on fire. (Trial Tr. 776:24–77:5; 1417:1–8; 2809:9–24:10; 3312:18–14:8.) Fulton's confession included significant fact detail that investigators may have believed to be true at the time of the confession, but evidence found later proved that the detectives' theory could not have occurred. For example, the confession stated that Griffin had called Fulton the night of the murder (phone records later disproved this), that Collazo was scheduled to take a Foster Avenue bus (it had stopped running hours earlier), that a rag had been stuffed in Collazo's mouth (it was a sock), and that a blunt object had been used to kill Collazo (the murder weapon was a sharp object). (Trial Tr. 3351:21–25; 3409:1–11; 3626:13–22.)

Meanwhile, a little after 11:00 p.m. on March 19, Zalatoris and Breen arrested Mitchell and brought him in for questioning. (Trial Tr. 1277:4–78:9; 1531:6–20.) Mitchell similarly denied any involvement in the murder. (Trial Tr. 1646:5–17.) Nevertheless, like Fulton, Mitchell's interrogation continued off-and-on despite his repeated denials. (Trial Tr. 1646:18–

52:16.) On March 21, after Fulton provided his inculpatory statement to Rubinstein, Zalatoris and Breen returned to Mitchell and told him that Fulton had confessed. (Trial Tr. 1646:18–52:16; 1669:23–70:5.) They then drove Mitchell around the same route that they had previously driven Fulton. (Trial Tr. 1298:7–25.) His interrogation continued afterwards, and Mitchell eventually gave his own inculpatory statement, the first ten pages of which primarily includes Mitchell merely replying "Yes, sir" to investigators' statement of the events. (Trial Tr. 2349:10–20; 2386:20–87:5; 2815:4–10; 3674:17–76:10.) That statement was videotaped around 2:00 p.m. (Trial Tr. 1546:4–9; 2410:1–9.) Shaw would also later provide his own inculpatory statement. (Trial Tr. 2114:8–9.)

Fulton and Mitchell were subsequently indicted for Collazo's murder.[2] (Trial Tr. 2662:10–14.) They were tried before separate juries in 2006, and both were convicted of first-degree murder, aggravated kidnapping, and concealment of a homicidal death. (Trial Tr. 231:12–16; 1601:7–9; 3521:4–22:4.) Both were sentenced to 31 years of imprisonment. (Trial Tr. 287:18–88:5; 1714:22–24.) The jury relied on Fulton's confession in convicting Mitchell. (Trial Tr. 3632:6–33:1; 3903:23–04:4.) For Fulton, prosecutors also relied on Fulton's confession and further claimed that Fulton's alibi was not airtight, on the basis that Fulton could have left his apartment undetected after dropping off Henderson from the hospital, despite cameras at the apartment building.[3] (Trial Tr. 339:6–10; 974:1–25; 3922:8–22.)

---

[2] Shaw was also indicted, but his confession was suppressed and the charges were dismissed. (*See generally* dkt. 292.)

[3] Fulton supported his alibi with timed security records from the hospital and the apartment building showing his presence, exits, and entries. (Trial Tr. 155:19–59:3; 326:3–18.) On rebuttal, the prosecutor on rebuttal presented a new theory that, even if Fulton did return to the apartment at 11:57 p.m. on March 9, he could have left through a back door that did not have a camera and still have committed the murder. (Trial Tr. 338:18–39:12.)

6

Fulton and Mitchell petitioned for post-conviction relief in, respectively, December 2012 and November 2013. (Dkt. 224 ¶ 204.)[4] A post-conviction hearing was held in 2018, and in February 2019, the Circuit Court of Cook County granted them a new trial. (*Id.* ¶¶ 205–07.) All charges against plaintiffs were dismissed three months later. (*Id.* ¶ 208.)

In May 2020, plaintiffs brought this action against defendants, asserting multiple constitutional violations and violations of Illinois state law. (*See generally* dkt. 1) The case went to trial on February 10, 2025. (*See* Trial Tr. 1.) By the close of trial, four claims remained against defendants:[5] (1) an involuntary confession claim brought under the Fifth and Fourteenth Amendments, (2) a fabrication of evidence claim brought under the Fourteenth Amendment, (3) claim of conspiracy to deprive plaintiffs of their constitutional rights, and (4) a state law claim for intentional infliction of emotional distress. (Dkt. 487.) On March 10, 2025, the jury returned a verdict in plaintiffs' favor against defendants Bartik, Breen, and Zalatoris and awarded plaintiffs $60 million each in compensatory damages. (*Id.*) Fulton and Mitchell were further awarded $30,000 and $20,000, respectively, in punitive damages. (*Id.*)

During trial, defendants twice moved for a mistrial, and for judgment as a matter of law at the close of the plaintiffs' case. The court denied each of these motions. (Trial Tr. 4323:3–4.) Following trial, defendants renewed their motion for judgment as a matter of law and further moved under Federal Rule of Civil Procedure 59 for a new trial and to amend the judgment. (Dkt. 511–13.) The court denied the renewed motion for judgment as a matter of law. (Dkt. 514.) The motions for a new trial and to amend the judgment are now before the court for decision.

---

[4] Unless otherwise stated, docket cites throughout correspond to the docketing in 20 C 3118.

[5] On May 8, 2023, the court granted the City's agreed-upon motion to bifurcate plaintiffs' *Monell* claims, since these claims are predicated on the favorable resolution of plaintiffs' constitutional claims. (*See* dkt. 186.)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(a), the court may grant a new trial where "the jury's verdict is against the manifest weight of the evidence or … the trial was in some way unfair to the moving party." *Franco* v. *Richland Refrigerated Sols., LLC*, 128 F.4th 857, 864 (7th Cir. 2025) (citing *Venson* v. *Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014)), *reh'g denied sub nom. Franco* v. *Richland Refrigerated Sols., LLC*, No. 22-3271, 2025 WL 756198 (7th Cir. Mar. 10, 2025). In assessing whether to grant a new trial, the court is required "to perform 'its own assessment of the evidence presented'" rather than to review the evidence in the light most favorable to the prevailing party. *Lewis* v. *McLean*, 941 F.3d 886, 893 (7th Cir. 2019) (citing *Mejia* v. *Cook Cnty., Ill.*, 650 F.3d 631, 634 (7th Cir. 2011)). "[O]nly if no rational jury could have rendered the verdict" should a jury's verdict be set aside. *Bowers* v. *Dart*, 1 F.4th 513, 521 (7th Cir. 2021) (quotations omitted) (quoting *Willis* v. *Lepine*, 687 F.3d 826, 836 (7th Cir. 2012)); *see also Clarett* v. *Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (cleaned up) (quoting *Davis* v. *Wisconsin Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006)) ("A new trial should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.").

Similarly, under Fed. R. Civ. P. 59(e), the court is entitled to "alter or amend a judgment." A Rule 59(e) motion should be granted, however, only to correct "a manifest error of law or fact." *Divane* v. *Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) (quoting *Moro* v. *Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Courts are required to exercise significant caution in granting a Rule 59(e) motion, since "[a] jury's verdict on damages 'must stand unless there is no rational connection between the evidence and the jury's award.'" *Barrington Music Prods., Inc.*

v. *Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (quoting *McNabola* v. *Chi. Transit Auth.*, 10 F.3d 501, 516 (7th Cir. 1993)).

## ANALYSIS

### I.    Defendants' Rule 59(A) Motion for a New Trial

Defendants move for a new trial on the basis that the court committed a series of errors that both individually and cumulatively resulted in a fundamentally unfair trial. The following are defendants' principal arguments: Mitchell's videotaped confession was improperly excluded, and the court abused its discretion in issuing a curative instruction regarding defendant's references to the videotaped confession. (Dkt. 513 at 7–17.) The court improperly excluded Dr. Goldstein's expert testimony regarding coerced confessions. (Dkt. 513 at 20–23.) The court improperly excluded other categories of evidence, including rebuttal damages evidence and evidence introduced at plaintiffs' criminal trials and at grand jury. (Dkt. 513 at 17–20, 23–27, 30–31.) The court erroneously admitted certain categories of evidence, including evidence regarding the victim's gang affiliation, bus schedules from the night of the murder, and impeachment evidence used during the cross-examination of Bartik. (Dkt. 513 at 27–35.) The court made a series of procedural errors, including by failing to rule on certain objections, issuing fluctuating rulings regarding the dismissal of criminal charges against defendants, instructing the jury regarding an unreasonable period of detention during questioning, failing to issue an instruction regarding taxation, and sustaining cumulativeness objections. (Dkt. 513 at 52–66.) The court failed to intervene in improper conduct by plaintiffs' counsel. (Dkt. 35–52.) Defendants also argue that the jury returned inconsistent verdicts, necessitating a new trial. (Dkt. 513 at 68.)

9

### a.  Exclusion of Mitchell's Videotaped Confession

In its orders *in limine*, the court barred introduction of Mitchell's videotaped confession on the basis that admission of the video recording, which represented only the last half-hour of Mitchell's lengthy 36-hour interrogation, posed an undue risk of prejudice that outweighed its probative value. (Dkt. 399 at 4.) In lieu of admitting the video recording, the court allowed a transcript of the confession to be read into evidence. (*Id.*) Defendants objected to the exclusion of the video recording and renewed their objections at trial. (Dkt. 433.) Defendants claimed that reading the transcript into evidence could not fill the void of the video recording because the transcript did not reveal Mitchell's demeanor during his confession. (Trial Tr. 1634:1–8; dkt. 433 at 7.) Defendants also moved for a mistrial based on a curative instruction, discussed below, issued by the court following defendants' references to the excluded videotape. (Dkt. 432.)

In their motion for a new trial, defendants argue that the court committed reversible error when it (1) excluded Mitchell's videotaped confession and (2) issued the curative instruction regarding the videotaped confession. (Dkt. 513 at 7, 15.) Both rulings were well within the court's discretion.

Regardless, defendants forfeited the former argument by rejecting an opportunity to alleviate the risk of any unfair prejudice from exclusion of the video recording. Specifically, after defendants had renewed their objections to the exclusion of the video recording (dkt. 433), and after moving for a mistrial regarding only the curative instruction offered at trial (dkt. 432), plaintiffs offered defendants an agreement to select a portion of the video-recorded confession to play for the jury, along with a stipulation that the selection "was representative of [Mr. Mitchell's] demeanor." (Trial Tr. 1634:9–17.) The court encouraged this compromise as a means of alleviating any potential prejudice from the exclusion of the entire recording. (Trial Tr. 1635:5–8.) But following a break at trial, defendants' counsel reported back to the court that

10

defendants were "not going to be able to accept [plaintiffs' counsel's] proposal regarding the videotape." (Trial Tr. 1636:2–4.) Defendants provided no explanation for declining this compromise and did not raise it again at trial. As such, the post-trial challenge rings hollow.

In other words, defendants were given "the opportunity to alleviate the risk of unfair prejudice" but made the calculated decision to forgo that opportunity, presumably to bolster their argument that exclusion of the videorecording warranted a new trial. *United States* v. *Wheeler*, 540 F.3d 683, 693 (7th Cir. 2008). As stated in *Goetz* v. *Cappelen*, defendants lost a "strategic gamble." 946 F.2d 511, 514 (7th Cir. 1991); *cf. Wheeler*, 540 F.3d at 693; *Common* v. *City of Chi.*, 661 F.3d 940, 946 (7th Cir. 2011) (citation omitted) (recognizing that declining a limiting instruction results in waiver of a claim of prejudice); *Goetz*, 946 F.2d at 514 ("Having declined the opportunity to minimize any potential prejudice, defendants cannot now complain that they are entitled to a new trial. In other words, the defendants cannot have it both ways—the defendants cannot refuse a limiting instruction and then claim on appeal that the evidence was unfairly prejudicial.").

In any event, even if the court assumes that defendants did not waive their argument that the tape was improperly excluded, it committed no reversible error in excluding it. As explained in the initial order barring the videotaped confession (dkt. 399 at 4.), the exclusion of the video recording was warranted under *Fox* v. *Hayes*, 600 F.3d 819 (7th Cir. 2010), which upheld a trial court's exclusion of a videotaped confession under circumstances strikingly similar to those in the instant case. The *Fox* defendants also argued that playing Fox's videotaped confession was essential for determining "whether the defendants coerced his confession and whether he was showing signs of severe distress immediately following the alleged coercion." *Id.* at 840. But the Seventh Circuit rejected that argument because there were "no allegations of physical harm that

11

the video could verify, and all of the allegations of coercion stem from events leading up to the video—events that the defendants chose not to record. Most importantly, the video represents just 23 of the 870 minutes or so of [Fox's] interrogation and thus cannot provide a complete picture of either the interrogation itself or [Fox's] level of distress." *Id.*

The same concerns in *Fox* were present in this case. Mitchell's interrogation spanned more than 36 hours, but defendants opted to record only the last approximately 30 minutes of Mitchell's encounter with the police. (Dkt. 399 at 4; Trial Tr. 1634:20–35:8.) As in *Fox*, the key allegations of coercion stemmed from events leading up to the video, which defendants did not videotape.

Defendants make several attempts to distinguish *Fox*, none of which addresses its underlying reasoning that admitting a brief excerpt of a long encounter with the police would likely have a "prejudicial effect" and "potential for confusing the jury" through overemphasis of "[the plaintiff's] demeanor following the interrogation." *Fox*, 600 F.3d at 840. Defendants also argue that the defendants in *Fox* could not point to any evidence that Fox's demeanor and appearance were the same prior to the videotaping, while, in the instant case, some testimony existed that Mitchell's demeanor was consistent throughout the interrogation. (Dkt. 513 at 10.) The jury heard that testimony but apparently credited Mitchell's testimony about his reaction to the defendants' conduct. The law does not entitle defendants to bolster their witnesses' testimony with the video.[6]

---

[6] Defendants seem to argue that, because Fulton and Mitchell's interrogations could not have been recorded without their consent, *Fox* is distinguishable because there, due to amendment of the Illinois Eavesdropping Act, detectives readily had access to videorecording equipment throughout Fox's interrogation, yet they chose not to record his interrogation. (Dkt. 515 at 4-5.) But nothing in *Fox* indicates that the Seventh Circuit came to its decision based on any legal requirement to record the entire interrogation. *See Fox*, 600 F.3d at 840.

12

Defendants concede in briefing that the parties, at trial, had broad agreement that Mitchell was calm when confessing.[7] (Trial Tr. 4231:22–25.) Thus, the video recording was unnecessary to prove a fact in issue.[8] Further, as defendants profess, "Selecting a snippet from a 30-minute confession strips it of context and neuters its evidentiary force. No snippet of video can adequately demonstrate Mitchell's composure and volition throughout." (Dkt. 526 at 11.) The same reasoning applies to Mitchell's demeanor. His demeanor during the last 30 minutes of a 36-hour interrogation could not adequately demonstrate his demeanor throughout.

The court also committed no reversible error when it issued a curative instruction regarding the video recording, after defendants made inappropriate references to the recording at trial. As previously discussed, prior to trial, the court granted plaintiffs' motion *in limine* to exclude the videorecording. (Dkt. 399 at 4.) Despite this ruling, counsel for defendants took the hair-splitting position at trial that the court merely barred the evidence itself and not references to the evidence, such that the barred evidence could be freely discussed in front of the jury despite its exclusion otherwise. (Trial Tr. 831:25–32:3.) Based on this presumption, counsel for defendants intentionally engaged in questioning designed to elicit information regarding the barred videotape. (*See* Trial Tr. 831:12–18.) ("I am not saying I did it by accident. I did it in a deliberate way.") But counsel for defendants should have been aware that the exclusion of

---

[7] Mitchell agreed, for instance, with defendants' description of his videotaped confession as "calm" and "cooperative." (Trial Tr. 1694:10–20.) Mitchell's demeanor was also referred to as "calm" and "matter of fact" by Assistant State's Attorney Nancy Nazarian. (Trial Tr. 3586:20–87:2.) Similarly, Detective Joseph Struck, when asked about Mitchell's "demeanor in that video," testified that Mitchell did not appear to be in any kind of distress whatsoever. (Trial Tr. 3843:12–44:6.) In fact, the parties agreed so much on the nature of Mitchell's demeanor in the videorecording that, at closing, counsel for defendants urged the jury to "keep in mind the demeanor and the nature of Mr. Mitchell's behavior that everybody has described. It's a significant piece of evidence." (Trial Tr. 4231:22–25.)

[8] Additionally, the best evidence rule, Fed. R. Evid. 1002, is not implicated where there was no dispute as to the content of the videorecording. Thus, the actual recording was not needed "to prove its content." Fed. R. Evid. 1002.

13

evidence at trial also generally bars reference to that evidence, including because counsel for

defendants had been previously admonished for this very same error. *See Walden* v. *City of Chi.*,

846 F. Supp. 2d 963, 967, 978–79 (N.D. Ill. 2012). Indeed, counsel for defendants indicated at

trial that he was aware that such references were improper. (*See* Trial Tr. 831:12–18.) ("I asked

the question to allow them an opportunity to object.") As a result, the court fashioned the

following curative instruction, which was limited in scope, intended to cure any prejudice

resulting from defense counsel's improper references to the videorecording:

> Before the break, you may have heard an inadvertent reference to a videotape of the transcribed statement of Anthony Mitchell. I excluded the videotape from the trial because only the last 34 minutes of the entire time that Mr. Mitchell was in custody was recorded. So you will have the transcript of all of the words recorded on the video, and you are not to concern yourself with evidence that is not admitted in the trial. (Trial Tr. 851:7–14.)

Defendants now claim that a new trial is warranted based on this instruction, which

defendants characterize as "punitive" and unwarranted. (Dkt. 513 at 16–17.) In referring to this

instruction as "punitive," defendants have merely adopted one instance of plaintiffs' framing in

requesting an instruction. (*See* Trial Tr. 844:18–24.) ("[T]his is a little, you know, punitive.") But

the instruction was not punitive, but rather curative, and it was wholly warranted in light of the

improper references to the barred videotape, given the risk that the jury would question why the

evidence was barred. *Cf. United States* v. *Lomeli*, 76 F.3d 146, 149 (7th Cir. 1996) (citations

omitted) ("It is not an abuse of discretion for the trial judge to issue a curative instruction after

improper testimony is adduced at trial rather than grant a mistrial, so long as the instruction

adequately addresses that aspect of the testimony which was improper or permitted an improper

inference."). The court's conduct in issuing this curative instruction was entirely proper. And

regardless, defendants have failed to explain how the court's plain and simple instruction

prejudiced them in any way. *See Wallace* v. *Tilley*, 41 F.3d 296, 303 (7th Cir. 1994) ("A mere

14

contention in the absence of any showing of prejudice is not enough to demonstrate that the district court abused its discretion."). Simply put, there was no abuse of discretion in barring the videotape nor did the court abuse its discretion in issuing a reasonable curative instruction following counsel for defendant's improper references to the tape at trial.

### b. Dr. Goldstein's Expert Testimony Was Properly Excluded

Defendants also claim that Dr. Diana Goldstein's expert testimony was improperly excluded and that this too was reversible error. To the contrary, the court properly applied the correct standard when excluding Dr. Goldstein's testimony.

Federal Rule of Evidence 702 governs the admission of expert testimony and allows for the inclusion of expert opinions where an expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." But in relevant part, it further requires that expert testimony: (1) be based upon sufficient facts or data; (2) be the product of reliable principles and methods; and (3) reflect a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702. Accordingly, the court is required to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid" so as to ensure that it only admits expert testimony that is "not only relevant, but reliable." *Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 592–93 (1993). This analysis is case specific. *See Anderson* v. *Raymond Corp.*, 61 F.4th 505, 508 (7th Cir. 2023) (citations omitted). The question for the court is "not whether an expert witness is qualified in general, but whether [her] qualifications provide a foundation for [her] to answer a specific question." *Gayton* v. *McCoy*, 593 F.3d 610, 617 (7th Cir. 2010) (internal quotations omitted).

Applying this standard, the court found that (1) Dr. Goldstein lacked the qualifications to serve as a rebuttal witness on the question at issue; and (2) her methodology failed to satisfy the

15

requirements of Fed. R. Evid 702 and *Daubert*. (Dkt. 410 at 5–6.) Both of the court's findings are well supported.

Regarding Dr. Goldstein's qualifications, the court considered the fact that Dr. Goldstein is principally a practitioner, rather than a researcher, while recognizing that her experience as, principally, a practitioner "is not in itself a reason to disqualify her as an expert." (Dkt. 410 at 4.) (citing *Trs. of Chi. Painters & Decorators Pension, Health & Welfare* v. *Royal Int'l Drywall & Decorating, Inc.*, 493 F.3d 782, 787–88 (7th Cir. 2007)). Instead, when reviewing her qualifications, the court considered Dr. Goldstein's full range of experience relative to the specific topic for which she was to be called to testify. *See Gayton*, 593 F.3d at 616.

The court found that neither Dr. Goldstein's research experience nor her practical experience appeared to be pertinent to the science underlying false confessions. (Dkt. 410 at 4.) Dr. Goldstein's research activities focused on unrelated psychiatric and psychological conditions, and defendants had failed to demonstrate that Dr. Goldstein had relevant practical experience to make up for this deficit. (Dkt. 410 at 4.) The court also credited Dr. Goldstein's prior testimony that she is not an expert on false confessions or interrogations, and that her experience regarding false confessions began while authoring an expert report for another case. (Dkt. 410 at 5.) Cumulatively, the evidence presented indicated a relative lack of experience as a researcher or a clinician in the area of false confessions. As such, the court found that Dr. Goldstein lacked the qualifications to serve as a rebuttal witness on the specific topic of false confessions. (Dkt. 410 at 5.) In moving for a new trial, defendants make generalized arguments regarding Dr. Goldstein's experience to support their position that she was improperly excluded,[9] but these arguments fail

---

[9] Defendants provide a panoply of reasons Dr. Goldstein is qualified as an expert, including, among others, that she is a licensed neuropsychologist; she earned her master's and Ph.D. at The Chicago Medical School; she has taught in various universities' medical departments; she is a member of several professional societies; she is the president, CEO, and director of neuropsychology at Michigan Avenue

16

to address Dr. Goldstein's experience in the specific topic area for which she was to be called: false confessions. The evidence submitted indicates that she lacks qualifications in this specific area.

Further, the court considered "the methodology [the expert] used to arrive at a particular conclusion." *Gayton*, 593 F.3d at 616. Dr. Goldstein's anticipated expert testimony was lacking for three reasons: (1) Dr. Goldstein's report consistently stated that peer-reviewed publications regarding false confessions were unreliable with little explanation for why; (2) she provided little support or explanation when critiquing the research findings relied upon by plaintiffs' expert witness; and (3) her analysis of false confessions research largely rehashed the admitted limitations of that research. (Dkt. 410 at 5–6.) The court further noted in excluding her expert testimony that courts in this district have "have repeatedly recognized the validity of false confession research." (Dkt. 410 at 6.) (collecting cases). Thus, Dr. Goldstein's out-of-hand rejection of that body of research, without much explanation, constituted an insufficient methodological basis for her expert opinion. This rendered her opinion impermissibly unreliable. *See Gopalratnam* v. *Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017).

The court properly performed the gatekeeping function demanded by Fed. R. Evid. 702. *See Gopalratnam*, 877 F.3d at 778 (citation and quotations omitted) ("Rule 702 … require[s] the district court to act as an evidentiary gatekeeper, ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand."). There was no error in the court's decision to exclude Dr. Goldstein's testimony.

---

Neuropsychologists; and she has served as a therapist, psychometrician, and clinical psychologist. (Dkt. 513 at 22–23.)

17

### c.  Other Prejudicial Evidence Was Properly Excluded

### i.  Exclusion of Rebuttal Damages Evidence

### A.  Fulton

Defendants argue that they were denied a fair trial when the court excluded evidence that would have rebutted plaintiffs' assertions of their good character and their damages. (Dkt. 513 at 18.) At trial, plaintiffs presented character evidence from several witnesses showing that Fulton was a non-violent person. (Dkt. 513 at 18.) The majority of this evidence described Fulton as he was prior to his 2003 arrest. (Dkt. 513 at 18.) Defendants wished to rebut this testimony by introducing a recorded prison phone call made by Fulton in 2012 in which he described a physical altercation with another inmate. (Dkt. 513 at 18.) The court had excluded the recording without prejudice in its initial ruling (dkt. 399 at 11), but defendants argued that Fulton's direct testimony about his good character opened the door to the call. (Dkt. 513 at 19.) Plaintiffs filed another motion to exclude the call (dkt. 422), which the court granted, ruling that the call did not impeach any testimony about fighting, but only served as evidence of a highly prejudicial prior bad act. (Dkt. 491, 442:9–17.) Defendants now argue that ruling was erroneous because plaintiffs introduced evidence that Fulton feared prison violence and worked to reduce it, and the recording would have impeached those claims. (Dkt. 513 at 19.)

The evidence was correctly excluded. First, the 2012 prison phone recording would not have rebutted the positive character testimony from witnesses who testified to Fulton's character prior to his 2003 arrest for the murder of Collazo. The recording was made after Fulton had spent years in prison and bears no relevance to his character before his arrest nor to his damages.[10]

---

[10]  To support their argument that rebuttal damages evidence was wrongfully excluded, defendants cite *Cobige* v. *City of Chi.*, 651 F.3d 780, 784 (7th Cir. 2011), *as amended on denial of reh'g* (Sept. 8, 2011) (reversing a wrongful death jury verdict where the trial court had barred evidence of decedent's arrest history and drug use, holding that the evidence was relevant to damages asserted by her

18

Second, Fulton testified that he had gotten into fights in prison. A phone call in which he describes a violent altercation in prison is consistent with that testimony and so would not impeach it. On cross-examination, Fulton even admitted he had said the words in the call. (Dkt. 491, 488:6–8) ("You agree that you have told somebody that you stomped a guy's brains out, right?" "Yes."). The recording also does not rebut his testimony that he feared prison violence, which defendants were permitted to inquire into during his cross examination, as one can both fear violence and participate in fights. (Dkt. 491, 487:11–488:25.) The recording had little, if any, probative value. It was therefore correctly excluded, and its exclusion did not deprive defendants of a fair trial.

### B. Mitchell

Defendants go on to argue that the court abused its discretion when it excluded evidence of Mitchell's criminal history before and after his incarceration for Collazo's murder. (Dkt. 513 at 19.) Defendants wished to offer this evidence to show that Mitchell was not a "model father," in rebuttal to Mitchell's daughter's testimony concerning her close relationship with her father. (Dkt. 513 at 19–20.) This evidence includes Mitchell's three arrests in 2003 for criminal trespass, battery, and robbery. These arrests occurred before Mitchell's daughter was born and thus have no bearing on their relationship. Defendants also sought to offer evidence of Mitchell's 2021 arrest for possession of cannabis and a weapon within a vehicle and possession of an illegal scanner—charges that were dropped after Mitchell successfully completed supervision. The court, as it noted in its order on the motion in limine, continues to fail to see the relevance of these arrests to Mitchell's relationship with his daughter. Finally, defendants argued to admit evidence of Mitchell's 2022 misdemeanor conviction for violating a protective order. Defendants

---

son, who testified to his positive relationship with his mother, a role model). *Cobige* is distinguishable from this case, as there is apparently no tie between the proffered evidence and Fulton's damages.

19

offer no reason that this evidence should be admitted except that it would have provided "the jury with a complete and accurate picture of Mitchell's character." (Dkt. 513 at 20.) But defendants were offering this evidence as rebuttal to Ms. Mitchell's positive relationship with her father, and they do not explain how this negatively affected that relationship. The evidence was properly excluded.

### ii. Exclusion of Evidence Introduced at Plaintiffs' Criminal Trials

Defendants took the position throughout that the totality of evidence presented at Fulton and Mitchell's criminal trials was sufficient to convict even if the allegedly fabricated evidence, including the confessions, were disregarded.[11] To prove that the confessions were material to the convictions, plaintiffs' counsel called Assistant States Attorney Nancy Nazarian to show "that there really was no evidence [of guilt] … without the confessions." (Trial Tr. 3530:14–31:8.). He questioned Nazarian about the evidence presented at trial compared to the then-available evidence not presented at trial indicating that the plaintiffs had nothing to do with the murder.[12] (Trial Tr. 3419:6–31:18.) In response, defendants wanted the trial transcript admitted or, short of that, summaries of the testimony to show that the fabricated evidence was not material to the convictions.[13] (Trial Tr. 3528:23–47:2.) Failing that, they wanted to review the testimony of the

---

[11] "We're arguing that it's not correct to say that you can state a fabrication claim based on each individual piece of evidence that they're claiming was fabricated because in the totality, they would have been convicted anyway." (Trial Tr. at 3544:17–22.) Counsel wanted to prove through the prosecutor that the witnesses at trial were truthful rather than their testimony in court.

[12] For example, plaintiffs' counsel confronted Nazarian with facts such as the lack of DNA on Collazo's body, the absence of blood found in the trunk of the car in which Fulton was to have transported Collazo's body, the lack of carpet sample testing, no eyewitnesses, that Martinelli was under a pending charge and had gun convictions when he testified, and that Marinelli was the last person to have been seen with Collazo.

[13] "[T]he jury needs to assess whether any piece of evidence that they're claiming is fabricated made a difference or would have impacted the outcome of the trial." (Trial Tr. 3533:8–19.) Plaintiffs pointed out that they claimed the confessions themselves were fabricated and were undoubtedly material to the convictions. (Trial Tr. 3533:20–21:6.)

20

witnesses with Ms. Nazarian on the theory that other evidence pointed to guilt. (*Id.*) Plaintiffs pointed out that they claimed the confessions themselves were fabricated and were undoubtedly material to the convictions, making the rest of the evidence of guilt, if any, immaterial to their claims. (*Id.*) For a variety of reasons, including lack of relevance, duplication of evidence already received, and the defense's inability to articulate precisely what evidence that had not been received was material to their theory of the case, the court declined to permit this line of testimony to be pursued with Nazarian.[14]  (Trial Tr. 3546:23–47:2.)

Abuse of discretion concerning the exclusion of evidence is a high bar. *United States* v. *Truitt*, 938 F.3d 885, 889 (7th Cir. 2019) ("District judges have wide discretion over decisions to admit or exclude evidence; we will reverse only if no reasonable person would take the judge's view of the matter."). A court may exclude evidence if its probative value is substantially outweighed by a danger of wasting time or needlessly presenting cumulative evidence. *Thompson* v. *City of Chi.*, 722 F.3d 963, 971 (7th Cir. 2013) (citing Fed. R. Civ. P. 403). "Litigants are not entitled to burden the court with an unending stream of cumulative evidence." *MCI Commc'ns Corp.* v. *AT & T Co.*, 708 F.2d 1081, 1171 (7th Cir. 1983). This ruling was reasonable and within the court's discretion.

---

[14] Defendants struggled both at trial and in their motion to articulate what relevant, non-cumulative testimony they wished to elicit from Nazarian. (*See, e.g.*, Trial Tr. 3536:3–4.) ("We want to go through the same witnesses and go through the evidence as we see it."). When defendants conceded they also planned to call as witnesses the same people whose past testimony they planned to elicit from Ms. Nazarian, the court refused. By that point Ms. Nazarian testimony amounted to more than 400 pages of transcript. As the court noted, Ms. Nazarian was prone to giving repetitive answers and had "really explained why she thinks these men were guilty and the evidence they had." (Trial Tr. 3536:10–13.) Defendants' articulated reasons for needing more time focused largely on equal time over substance. (Trial Tr. 3547:7–10) ("The fact is that the plaintiff was allowed to do it."). But the standard for admission of evidence is not equal time. Evidence should be relevant and non-cumulative. (Trial Tr. 3549:9–16) ("I cannot let you do that just in general, to go through the trial without some focus of what evidence was omitted or what evidence was presented in the trial that hasn't been already gone over several times by various witnesses .... [T]his would just be a reiteration."); *see* Fed. R. Evid. 403.

### iii.  Exclusion of Evidence Introduced at Grand Jury

Defendants attempted to elicit testimony from Nazarian concerning Assistant State's Attorney Sandra Navarro's criminal trial testimony about Griffin's grand jury testimony. (Trial Tr. 3581:8–13.) In response to plaintiffs' cumulativeness objection, defendants conceded that they also intended to elicit the same information from Navarro herself the following day. (Trial Tr. 3582:4–3582:10.) To avoid presentation of cumulative evidence, the court instructed defendants to choose one or the other. (Trial Tr. 3582:15–16.) Defendants chose Navarro, and the court permitted defendants to ask Navarro about Griffin's demeanor, the phone calls Griffin had with Fulton on March 9, and Griffin's testimony that she directed Fulton to where Griffin thought Collazo would be on the night of the murder. (Trial Tr. 3886:2–87:14.) The court excluded testimony eliciting details of Navarro and Griffin's conversation prior to Griffin's grand jury testimony and the entirety of Griffin's grand jury testimony. (Trial Tr. 4061:20–4062:13.) Defendants argue that by excluding Navarro's testimony concerning Griffin on those topics, they were unable to defend against the allegations that Zalatoris and Breen fabricated Griffin's statements. (Dkt. 513 at 27.)

Griffin's grand jury testimony is not admissible. For prior testimony to be admissible, the declarant must be unavailable, and the testimony must be offered against a party who had an opportunity and similar motive to develop the testimony. *See* Fed. R. Evid. 804(b)(1); *United States* v. *Salerno,* 505 U.S. 317, 321 (1992). Griffin testified in a deposition, where both parties were aware she was outside the court's jurisdiction and that her deposition would probably serve as her trial testimony. Moreover, Navarro's testimony would have been impermissible hearsay as it would be relaying out-of-court statements (Griffin's earlier statements and grand jury testimony) for their truth. *See* Fed. R. Evid. 802.

22

### iv. The Court Properly Forbade Reference to the Suppression Hearings at the Criminal Trial

The court also properly excluded reference to the state court judge's denial—made on a different record—of plaintiffs' motions to suppress their confessions. As the court explained in its ruling, the subject of the Cook County Circuit Court's order, namely the voluntariness of the at-issue inculpatory statements, was to be a central issue before the jury. (Dkt. 399 at 5.) Thus, there was significant risk that, by inserting reference to the state judge's order into the proceedings, the jury's role as factfinder would be usurped by the findings of the state court judge. *See Hurt* v. *Vantlin*, No. 314CV00092JMSMPB, 2019 WL 6828153, at *3 (S.D. Ind. Dec. 13, 2019) ("[T]he admission of the fact that [plaintiff's] confession was suppressed by the state court judge may very well lead jurors to conclude that because a judge found the confession to be inappropriate for use at the criminal trial, the jury should also conclude that the confession was coerced."). Accordingly, any probative value of the evidence was substantially outweighed by the risk of prejudicial effect. *See id.* For this reason, the exclusion was proper.

Defendants were also not prejudiced by the exclusion of reference to the suppression hearings. The jury was well aware that plaintiffs were originally convicted of murder. (Trial Tr. 956:20–21.) This provided sufficient insight into prior factfinders' positions regarding plaintiffs. Additionally, the punitive damages award was based on conduct preceding the state court judge's determinations. Thus, the state court judge's findings would not have absolved defendants of that conduct. As such, the court reasonably exercised its discretion in forbidding reference to the suppression hearings.

### d. The Court Did Not Erroneously or Unfairly Admit Evidence

Defendants argue that the court erroneously and unfairly admitted certain categories of evidence, the admission of which resulted in an unfair trial. Specifically, defendants argue that

the court improperly allowed plaintiffs to introduce evidence regarding the victim's gang

membership; the court erroneously admitted hearsay evidence regarding bus schedules and

police reports; and the court allowed plaintiffs to introduce impermissible propensity evidence

regarding Bartik.

### i.    The Court's Evidentiary Rulings on Gang Evidence Were a Proper Exercise of the Court's Discretion

Defendants argue that the court's evidentiary rulings regarding gang evidence resulted in

an unfair trial when the court admitted evidence regarding the victim's gang membership while

excluding gang-related evidence pertaining to plaintiffs. But as the Seventh Circuit has noted,

"[g]ang-related evidence can be especially troublesome" due to the negative connotations

associated with gang affiliation. *United States* v. *King*, 627 F.3d 641, 649 (7th Cir. 2010)

(citation omitted). Accordingly, district courts are required to carefully consider the admissibility

of such evidence, weighing its probative value against its prejudicial effect. *United States* v.

*Thomas*, 86 F.3d 647, 652 (7th Cir. 1996) (citation omitted). This is not to say that such evidence

is to be excluded as a rule, however. Under certain circumstances, the probative value of such

evidence may warrant its admission over claims of prejudice. *Id.* at 652 (collecting cases).

Weighing the probative value of the evidence at issue against its prejudicial effect, the

court properly exercised its discretion in admitting evidence of Collazo's gang affiliation where

the fact was undisputed. On the other hand, the only evidence that Fulton had gang affiliation

was a statement by Griffin identifying plaintiffs as members of the Gangster Disciples street

gang. Plaintiffs denied this and, in the absence of any corroboration, the court concluded it was

more prejudicial than probative. *See United States* v. *Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990).

(Trial Tr. 256:8–11, 2149:7–12, 2928:18–23, 2929:19–21.)

Evidence of Collazo's gang affiliation had probative value and posed no risk of prejudice. Plaintiffs' theory of the case was that defendants focused on plaintiffs as the perpetrators of the murder at the exclusion of contrary, exculpatory evidence. (Dkt. 518 at 27.) As such, evidence of the victim's gang affiliation, and possible murder by a rival gang, was probative of defendants' failure to consider other explanations for the victim's death. As such, after the court determined at trial that plaintiffs had properly laid foundation for introducing the gang-related evidence regarding the victim, it properly, in its discretion, allowed such evidence to be admitted. (*See* Trial Tr. 255:17–18.)

### ii.   The Court Did Not Err in Admitting the Bus Schedule and the Investigative File

Defendants argue that the court committed reversible error when it admitted a CTA bus schedule and an investigative file into evidence, both of which defendants claim are inadmissible hearsay.

Regarding the investigative file, defendants have wholly forfeited any arguments that its admission violated rules against hearsay, since defendants failed to object on this basis at trial. *See Saccameno* v. *Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 651 (N.D. Ill. 2019) (quoting *Naeem* v. *McKesson Drug Co.*, 444 F.3d 593, 610 (7th Cir. 2006)) ("Neither a general objection to the evidence nor a specific objection on other grounds will preserve the issue for review.") At trial, defendants merely objected to the admission of this evidence as "[c]ompound" and lacking "[f]oundation." (*See* Trial Tr. 1088:13-20.) This is insufficient to preserve this issue for a post-trial challenge.

Regarding the CTA bus schedule, defendants' argument fares no better. Defendants claim that the CTA bus schedule was hearsay without proper authentication by a recordkeeper and without further context. (Dkt. 513 at 26–27.) The CTA bus schedule, which bears the CTA seal,

25

was previously introduced at plaintiffs' 2006 criminal trial through the testimony of a CTA

custodian. (Dkt. 518 at 31.) As such, it fell within the category of a hearsay exception and was

authenticated on account of the prior trial. *See* Fed. R. Evid. 803(8); Fed. R. Evid. 902(11). To

the extent defendants now challenge the evidence on foundation grounds, their challenge fails for

lack of specificity at trial. *See Saccameno*, 372 F. Supp. 3d at 651. Defendant allowed the

evidence to be admitted "[s]ubject to our objection" without specifying the nature of their

objection, forcing plaintiffs and the court to engage in some guesswork as to the intended

meaning. (Trial Tr. 1390:14–20.) If defendants believed foundation, specifically, had not been

laid for the bus schedule, they should have raised this issue before the end of trial, so that the

court could remedy the problem. *See United States* v. *Echols*, 104 F.4th 1023, 1028 (7th Cir.

2024) (citations omitted). In short, the court committed no reversible error in admitting the CTA

bus schedule.

### iii.  The Court Acted Within Its Discretion in Allowing Cross-Examination Regarding Pre-Test Confessions

Additionally, defendants challenge the court's ruling regarding pre-test confessions

handwritten by Bartik on the basis that testimony regarding such evidence resulted in an

impermissible propensity inference under Rule 404 and violated the court's orders. (Dkt. 513 at

33–35.) Defendants' argument misstates the scope of the court's initial order and ignores that

Rule 404 "applies to evidence in chief, not to impeachment evidence." *United States* v. *Cerro*,

775 F.2d 908, 915 (7th Cir. 1985).

The court barred plaintiffs from testifying or opining that Bartik had a history of

obtaining pre-test confessions out of concerns that such evidence would result in "an

impermissible propensity inference" under Rule 404(b). (Dkt. 401 at 5.) Nevertheless, at trial, the

court allowed plaintiffs to cross-examine Bartik regarding the handwritten pre-test confessions.

(Trial Tr. 1991:3–93:24.) This was manifestly within the court's discretion and permissible under Rule 608(b).

Under Rule 608(b), "the court may permit cross-examination on specific instances of conduct if probative of the witness's character for truthfulness or untruthfulness." *Thompson*, 722 F.3d at 977. Bartik testified that he had typed his notes of Fulton's confession due to his supposedly poor handwriting. (Trial Tr. 1990:18–23.) But as it turned out, Bartik had repeatedly taken handwritten notes during pre-test confessions. (Trial Tr. 1991:3–93:13.) Since cross-examination regarding these prior incidents indicated that Bartik's explanation for typing Fulton's confession was untruthful, it was thus permitted under Rule 608(b). *See United States* v. *Dvorkin*, 799 F.3d 867, 883 (7th Cir. 2015) (citation and quotations omitted) ("Rule 608(b) only prohibits the use of extrinsic evidence, not lines of questioning."). Further, since the questioning did not seek "to prove that on a particular occasion [Bartik] acted in accordance with" a character trait, *see* Fed. R. Evid. 404, but rather that he acted differently in a way that indicated untruthfulness, propensity concerns were not present in this instance. (*See* dkt. 401 at 5.)

Defendants only somewhat availing argument is that the court allowed one page of extrinsic evidence to be admitted during this line of questioning. (Trial Tr. 1992:9–17.) This evidence was, however, introduced solely to show Bartik's handwriting. (*Id.*) The rest of the pre-test confessions evidence was presented only to Bartik and not to the jury. (Trial Tr. 1991:3–18) Defendants do not contend that the introduction of this single page of extrinsic evidence, the facts of which were never discussed, constitutes a basis by itself for ordering a new trial. *See Willis* v. *Lepine*, 687 F.3d 826, 836 (7th Cir. 2012) (issues not raised in Rule 59(a) motions are

27

waived).[15] Nor could they. At most, the introduction of this single page of extrinsic evidence—

used only as a handwriting sample—would constitute harmless error on the part of the court.

*Dvorkin*, 799 F.3d at 884.

### e.  The Court's Procedures Were Fair

Defendants go on to contend that various court procedures resulted in an unfair trial. The

court addresses each of these arguments in turn.

#### i.  The Court Properly Ruled on Defendants' Objections, and Defendants Have Waived This Issue

First, defendants' claim that the court's procedures resulted in an unfair trial because the

court did not state its rulings for roughly 50 objections raised by defendants. (Dkt. 513 at 54.) To

be clear, the court properly ruled on defendants' objections. Moreover, defendants have waived

this issue by failing to timely object to the procedure used.

During the four-week trial, the parties and the court developed a tailored procedure for

certain objections that was used in limited circumstances. Specifically, in some instances where a

meritorious objection was made, the parties would withdraw their question and rephrase it

without direct court intervention. (*See, e.g.*, Trial Tr. 3455:21–3456:4.) Elsewhere, where form

or "asked and answered" objections were made after the question had been answered, the parties

would continue their line of questioning. (*See, e.g.*, Trial Tr. 1948:24–1949:2.) The court

occasionally allowed this in order to move along the already-lengthy trial in the face of

uncommonly frequent objections and because defendants' witnesses were consistently evasive,

---

[15]  Defendants also argue that allowing questioning regarding the pre-test confessions violated Rule 403, but defendants make no effort to explain how Rule 403 was violated by the questioning. Accordingly, defendants have also forfeited this argument. *See Willis*, 687 F.3d at 836.

making it difficult for plaintiffs' counsel to get direct answers.[16] But throughout, the court's

position regarding the objections was discernible; and the court effectively ruled on these

objections. *See, e.g.*, *Williams* v. *Lane*, 826 F.2d 654, 661 (7th Cir. 1987) ("[I]n the present case

the trial court clearly took note of the petitioner's objection and, given the tenor of the court's

response to an earlier objection, in effect overruled the objection by allowing the prosecutor to

continue his argument."). Furthermore, defendants insisted on obtaining a ruling where they

wanted one. (*See* Trial Tr. 1880:23–82:9; 2714:11–13; 3777:14.) Thus, defendants here have "in

effect waived this issue at trial by failing to call to the court's attention the lack of a ruling."

*United States* v. *Wilson*, 962 F.2d 621, 625 (7th Cir. 1992).

### ii.   The Court's Rulings Regarding Plaintiffs' Overturned Convictions Were Not Erroneous

Next, defendants argue that the court made "fluctuating rulings" regarding plaintiff's

overturned convictions that warrant a new trial. (Dkt. 513 at 52.) This argument is without merit.

The court's rulings regarding plaintiffs' overturned convictions were not only consistent but also

wholly appropriate in light of the parties' violations of the court's *in limine* orders, which risked

turning the trial into a satellite litigation regarding the overturned convictions.

In its *in limine* orders, the court granted plaintiffs' motion to exclude evidence of the

basis for plaintiffs' postconviction relief. (Dkt. 513 at 53.) The court also granted defendants'

request to bar plaintiffs from claiming that their convictions were reversed on a finding of

innocence but expanded its ruling to apply to both parties. (Dkt. 400 at 24.) Specifically, the

court ordered that "neither party should suggest that plaintiffs' convictions were or were not

overturned based on a finding of innocence or lack thereof. … To avoid an improper inference,

---

[16] Although not apparent from the record, some of the witnesses would answer before the court could rule despite admonitions to wait.

the jury may be told that the convictions were vacated because of procedural error, not a determination of innocence." (Dkt. 400 at 24.) Defendants' counsel then proceeded to immediately violate the letter and spirit of this order in their opening statements, by stating that plaintiffs' "convictions were overturned based on procedural irregularities that had nothing to do with the Chicago police" and that "not once has a judge or jury determined that these individuals are innocent." (Trial Tr. 51:17–19, 78:25–79:1.) Plaintiffs' counsel also referred to plaintiffs as "wrongfully convicted" in their opening statements. (*See, e.g.*, Trial Tr. 4:8–9.) This similarly created a suggestion regarding plaintiffs' innocence.

As such, the court admonished the parties to avoid "get[ting] into … satellite litigation of what happened in the habeas case." (Trial Tr. 87:11–13.) This admonition was consistent with the court's prior orders. The parties thereafter avoided the issue for most of the trial until Nazarian was called to testify. (Trial Tr. 3336:14.) Nazarian testified that the convictions had not been overturned, which reopened the issue in front of the jury. (Trial Tr. 3338:9, 3338:15, 3339:6.) As a result, the court issued a curative instruction to the jury at the close of evidence that clarified that plaintiffs' convictions were vacated and that the judge did not rule either way on plaintiffs' innocence or misconduct by defendant police officers. (Trial Tr. 4312:21–4313:4.) That instruction further stated that jurors "should not consider any earlier determinations by other courts or juries in prior proceedings when [they] consider the claims at issue in this case." (Trial Tr. 4313:2–4.) The court consistently sought to avoid suggestions that plaintiffs' convictions were overturned following a finding of innocence or lack thereof, and this final instruction was further efforts by the court to avoid any such suggestions. There were no fluctuating rulings regarding plaintiffs' convictions.

### iii. The Court's 48-Hour Rule Was Proper

Defendants further contend that the court denied them a fair trial when it gave the jury the

following instruction regarding the length of plaintiffs' detention during interrogation:

> It is prohibited to hold a suspect in police custody for an unreasonably long period of time before bringing them before a judge. A detention of under 48 hours is unreasonable if the reason for the delay is for the purpose of conducting further investigation. A detention of more than 48 hours is always unreasonable unless it is justified by extraordinary circumstances. A belief that a suspect is lying does not constitute an extraordinary circumstance. (Trial Tr. 4306:6–13.)

According to defendants, this 48-hour instruction prejudiced defendants by "chang[ing]"

the standard [for an involuntary confession claim] from a totality of the circumstances test" and

by leaving the jury "with the false impression that it was required to find for the plaintiffs." (Dkt.

513 at 60.)

Defendants' arguments are unavailing. When a motion for a new trial is based on a

challenge to jury instructions, the court's jury instructions receive significant deference, and the

instructions are "analyz[ed] … as a whole to determine if they accurately stated the law and did

not confuse the jury." *Schobert* v. *Illinois Dep't of Transp.*, 304 F.3d 725, 729 (7th Cir. 2002)

(citation omitted). Here, the court's instructions closely hewed to the *County of Riverside* v.

*McLaughlin* decision, which instructs that:

> Where an arrested individual does not receive a probable cause determination within 48 hours … the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. 500 U.S. 44, 57 (1991).

Defendants have not—and cannot—explain how the court's application of the

*McLaughlin* decision misstates the law or impermissibly shifted the standard for an involuntary

31

confession claim from a totality of the circumstances analysis. *Cf. Johnson* v. *Pollard*, 559 F.3d 746, 754 (7th Cir. 2009).

Furthermore, defendants' argument ignores the concerted efforts taken by the court to avoid any jury confusion regarding the instruction. In order to avoid any over-interpretation of its instruction, the court instructed the parties to "stay away from" describing detentions exceeding 48 hours as unconstitutional. (Trial Tr. 107:2–4.) The court also supplemented its jury instructions to clarify that the time spent in interrogation should only be used for evaluating the claims in the case and not for awarding damages. (Trial Tr. 4306:18–23.) Further, far from "chang[ing] the standard [for an involuntary confession claim] from a totality of the circumstances test," (dkt. 513 at 60) the court restated to the jury that the proper analysis for plaintiffs' claims was indeed a totality of the circumstances analysis. (Trial Tr. 4306:24–4307:1.) The court committed no reversible error in instructing that 48 hours is a benchmark to be considered.

### iv. The Court Properly Declined to Instruct on Taxes

Additionally, defendants argue that the court committed reversible error when it instructed the jury that it could not advise it on the tax consequences of a judgment, instead redirecting the jury to "rely on the instructions on damages." (Trial Tr. 4356:24–4357:1.) But defendants failed to timely and specifically object to the court's instruction. Moreover, the court properly declined to instruct on taxes.

In order to raise a defect regarding a jury instruction, a party must "make a specific, timely jury instruction objection during trial" and that objection "must be specific and contemporaneous with the alleged error to give the court an opportunity to correct the error before jury deliberation." *Stachniak* v. *Hayes*, 989 F.2d 914, 920 (7th Cir. 1993). During deliberations, the jury requested guidance on two issues, asking (1) whether compensatory

32

damages are taxed and (2) whether compensatory damages are reported on one's tax return. (Trial Tr. 4354:4–6.) Defendants had proffered no instruction on the tax consequences of a monetary judgment during the jury instruction conference. (*See, e.g.*, Trial Tr. 4099:23–4100:20.) During colloquy on the question, defendants suggested an instruction: "[W]e would say: We are not tax advisers, but compensatory damages are generally not taxed, and you would have to report it on your income. I mean, it would be – I don't know the answer to the second question. But they are generally not taxed." (Trial Tr. 4356:14–18.) Since defendants were not prepared to state the law, the court was not in a position to instruct on tax consequences of a judgment. The court has an obligation to avoid improper statements of the law and to avoid issuing jury instructions that might mislead or confuse the jury. *See Ewing* v. *1645 W. Farragut LLC*, 90 F.4th 876, 886 (7th Cir. 2024) (quoting *Davis* v. *Wessel*, 792 F.3d 793, 798 (7th Cir. 2015)). *See Lewis* v. *City of Chi. Police Dep't*, 590 F.3d 427, 438 (7th Cir. 2009) (citations and quotations omitted) ("Even if a party is entitled to an instruction, it is required to tender an instruction that correctly stated the law in order to challenge the district court's refusal to use it."). Defendants then made no objection before or after the instruction was returned to the jury room. including after the court repeated the instruction. (Trial Tr. 4357:2–4358:13.) "The purpose of the objection is to give the trial court an opportunity to correct any errors it has made. Failure to properly object waives any challenge on appeal." *Bob Willow Motors, Inc.* v. *Gen. Motors Corp.*, 872 F.2d 788, 794 (7th Cir. 1989) (citations omitted). Defendants waived any objection to the tax instruction.

Accordingly, the court properly declined to issue an instruction on taxes that would have greatly risked misstating the law and further confusing the jury.

### v.    The Court Properly Sustained Cumulativeness Objections

Defendants also argue that the court erroneously excluded, as cumulative, key testimony at trial. Specifically, defendants contend that the court improperly excluded testimony from Navarro regarding Griffin's grand jury testimony; testimony from Nazarian regarding the testimony of witnesses at plaintiffs' criminal trials, including Navarro's testimony; testimony from Nazarian regarding Marinelli's testimony at the 2006 trial; and introduction of the full text of Griffin's handwritten statement. (Dkt. 513 at 26, 61–66.) According to defendants, the exclusion of these categories of evidence prevented them from having a fair trial. Again, this argument is meritless since "[l]itigants are not entitled to burden the court with an unending stream of cumulative evidence." *MCI Commc'ns Corp.*, 708 F.2d at 1171.

Regarding Navarro, the court properly excluded her recapitulation of Griffin's grand jury testimony since Griffin had already testified via deposition at trial regarding that grand jury testimony. (*See* dkt. 518-2.) As such, a reiteration by Navarro of Griffin's grand jury testimony would have been cumulative. Moreover, such a recitation would have also been inadmissible "hearsay and hearsay within hearsay." (Trial Tr. 3885:22.)

For the same reasons, testimony from Nazarian regarding Marinelli was also excluded as cumulative. Defendants sought to have Nazarian summarize Marinelli's testimony at the 2006 criminal trial, but Marinelli was, at the time of the court's ruling, expected to be called to testify on the same topic. (*See* Trial Tr. 3582:22–3583:11.) And shortly thereafter, Marinelli did testify regarding his 2006 testimony. (*See* Trial Tr. 3793:5–3800:20.) Thus, there was no need to have Nazarian provide a cumulative, hearsay version of Marinelli's testimony.

More broadly, defendants sought to examine Nazarian regarding the testimony of witnesses who testified at the criminal trials, including Navarro. (Dkt. 513 at 64.) But as

34

explained above, since defendants restate the same argument regarding Nazarian multiple times throughout their motion for a new trial, the court properly excluded this testimony.

Finally, defendants also sought to have Griffin's handwritten statement read into evidence. (Trial Tr. 2859:25–2860:2.) But this too was properly excluded by the court as cumulative since immediately prior to making the request, Rubinstein had recounted the details of the statement and the context in which it was made. (Trial Tr. 2858:11–2859:23.) By excluding cumulative evidence, the court did not "effectively prevent[] [defendants] from presenting [their] case." *Thompson*, 722 F.3d at 971.

### vi. The Court's Inquiry of Jurors Was Within Its Discretion

Defendants also argue that the court's procedures resulted in an unfair trial because, in one instance, the court consulted the jury as to whether it needed further testimony regarding general interview practices for interviewing young suspects. (*See* Trial Tr. 3131:7–16.) But no reversible error resulted from the procedure applied by the court since courts have considerable discretion to regulate the flow of evidence, including by, at times, polling the jury. *See United States* v. *Feinberg*, 89 F.3d 333, 336 (7th Cir. 1996). As such, the only potential error was that the inclusion of the testimony, which the court allowed to be admitted after one juror answered in the affirmative, resulted in cumulative evidence being admitted at trial. Such an error is harmless. *Brown* v. *Rednour*, 637 F.3d 761, 766 (7th Cir. 2011) (citation omitted) ("[E]rroneously admitted evidence, if cumulative, is also harmless error.").

### vii. The Court Made No Improper Facial Gestures

Defendants also argue that the court's procedures resulted in an unfair trial due to the "facial gestures" made by the court. (Dkt 513 at 57.) Notwithstanding that the court wholeheartedly disagrees with defendants' characterizations of its facial expressions and demeanor, "judicial physical movements and responses during trial ordinarily do not support a

35

motion for mistrial" unless they "reflect[] such a high degree of favoritism or antagonism as to make fair judgment impossible." *United States* v. *Robbins*, 197 F.3d 829, 848 (7th Cir. 1999) (citation and quotations omitted). No such "high degree of favoritism or antagonism" existed. *Id.* The court's procedures—and conduct—were fair.[17]

### f. The Court Properly Regulated Plaintiff's Counsel's Conduct, Which Was Not Improper

#### i. Motions in Limine

Defendants argue plaintiffs' counsel's use of the word "kid" unfairly violated the court's *in limine* orders and should result in a new trial. (Dkt. 513 at 36.) But plaintiffs' counsel's violations of the court's *in limine* orders were not so severe to rise to the level of requiring a new trial. Fulton's, Mitchell's, and Shaw's youth (ages 18, 17, and 15, respectively) was relevant to plaintiffs' false confession claims and damages. *See United States* v. *Huerta*, 239 F.3d 865, 871 (7th Cir. 2001); (*see* dkt. 400 at 10). Nevertheless, the court granted defendants' motion *in limine* to prevent the use of diminutive terms to only garner sympathy from the jury. (S*ee* dkt. 400 at 10–11). Viewed in context, counsel's use of a common vernacular reference to minors during trial appeared to be inadvertent and occasional.

There was also no order preventing plaintiffs' counsel from referring to the unconstitutionality of a 48-hour detention without bringing the detainee before a judge at the time plaintiffs' counsel did so. (*See* dkt. 400 at 20.) To the contrary, the order merely prevented plaintiffs' counsel from arguing plaintiffs should be compensated for their longer-than-48-hour detentions, and it specifically did "not preclude plaintiffs from arguing that their detentions were 'unreasonably long and [] a factor in their false confessions.'" (*Id.*) Plaintiffs' counsel abided by

---

[17] Defendants attempt to depict the court's jury instructions to disregard the court's actions or words in making a decision as further evidence of favoritism. (Dkt. 513 at 57.) This court has given this instruction in every jury trial since it joined the court.

36

this ruling at trial. Counsel therefore did not violate the *in limine* order. The court did provide additional guidance on this topic during trial, specifically, that the *constitutionality* of such detentions should not be mentioned, but plaintiffs' counsel also abided by this limitation moving forward. (Trial Tr. 107:1–6.) As such, there was no violation, and even if there had been, the jury was also instructed not to award damages for the extended detentions. Defendants do not assert that the jury failed to follow this instruction.

Additionally, as addressed previously, contrary to defendants' arguments, plaintiffs did not violate the court's order regarding Bartik's history of obtaining pre-test confessions. Nor did they violate the court's order regarding gang-related evidence pertaining to Collazo. There was therefore no violation of the court's orders by plaintiffs' counsel.

### ii. Plaintiffs' Counsel's Behavior

Defendants argue that plaintiffs' counsel behaved inappropriately in several instances, warranting a new trial. As one example, defendants claim that plaintiffs' counsel engaged in inappropriate conduct when he suggested that Marinelli, who was in Cook County Jail, sought consideration from defendants' counsel in exchange for his testimony. (Dkt. 513 at 41–42.) Prior to asking this question, plaintiffs' counsel asked Marinelli why he had asked to speak privately to defendants' counsel. (Trial Tr. 3801:24–3803:25.) Marinelli's stated reasons of wishing to reschedule his testimony, lack of memory, and wanting his own counsel were not credible. (Trial Tr. 3808:9–18.) As such, plaintiffs' counsel had sufficient good-faith basis for making this inquiry and laid sufficient foundation to ask this question of Marinelli. *United States v. Beck*, 625 F.3d 410, 418 (7th Cir. 2010)

Defendants also argue comments plaintiffs' counsel made concerning the date Rubinstein wrote his memo on Fulton and Nazarian's testimony were prejudicial. (Dkt. 513 at 42–43.) As Rubinstein himself testified, he was unsure of the date on which he wrote the memo. (Trial Tr.

37

2801:3–2803:21.) Therefore, plaintiffs' counsel's comment, "I'm going to show you the March 21st memo of Rubinstein, which might or might not have been taken—written on March 21st," was not prejudicial. (Trial Tr. 3266:17–19.) As to comments made about Nazarian's testimony, ("She's telling stories." and "She just kept talking.") while not appropriate, did not rise to the level of prejudice sufficient to justify a new trial. (Trial Tr. 3933:20; 3470:1.)

As to plaintiffs' counsel's line of questioning of Zalatoris regarding Winstead's medical condition, defendants fail to show how Zalatoris was prejudiced where Zalatoris simply said he was unaware of it. (Dkt. 513 at 42; Trial Tr. 1475:15–1476:10.) They certainly fail to show how Winstead was prejudiced, as the jury found in his favor. (*See* dkt. 488.) Defendants' arguments concerning Winstead's privacy also ring hollow where defendants did not file this portion of their motion, in which they discuss Winstead's specific medical condition, under seal.

Finally, defendants have failed to develop their arguments concerning various specific objections made during plaintiffs' counsel's cross examinations but rather include vast quotations and long string cites without argumentation or explanation as to why these objections should have been sustained. (Dkt. 513 at 43–48.) When a party fails to develop arguments before the court but "merely recit[es] the Rule 59(a) standard and then toss[es] the motion into the court's lap," the party forfeits the argument. *Willis*, 687 F.3d at 836. Moreover, when defendants do proffer an argument, they simply assert that plaintiffs' counsel's questions on cross examination "are argumentative and amount to Plaintiffs' counsel testifying." (Dkt. 513 at 43–46.) As such, defendants have failed to show or even properly argue that plaintiffs' counsel asked improper questions on cross examination.

### iii. Emotional Outbursts

As another claimed basis for ordering a new trial, defendants point to, as extremely prejudicial, Fulton's wife audibly saying "wow" from the gallery. At the conclusion of Breen's

38

cross examination, plaintiffs' counsel asked Breen if he had regret for the years plaintiffs spent in prison. Breen responded, "Not at all." (Dkt. 513 at 48–49; Trial Tr. 2418:17–20.) Counsel for both parties agreed they heard this comment and that it was inappropriate. (Trial Tr. 2419:1–25.) Defendants now argue that the court should have admonished Fulton's wife or issued a curative instruction to the jury. But defense counsel did not ask for a curative instruction at the time of the incident, and it was not incumbent upon the court to offer one *sua sponte*. *See Deppe* v. *Tripp*, 863 F. 2d 1356, 1363 (7th Cir. 1988). Plaintiffs' counsel also offered to speak with Fulton's wife to make clear that it should not happen again, and it did not. (Trial Tr. 2419:14–25.) Defendants have forfeited this argument.

### iv.  The Court's "Lack of Intervention"

As to defendants' remaining arguments that the court failed to admonish plaintiffs' counsel, that the court failed to enforce the 48-hour order, and that the court made inappropriate facial gestures, each of these arguments have been addressed and rejected above, so the court will not repeat its reasoning here.

### g.  The Jury's Verdicts Were Not Inconsistent

Defendants further argue they should be granted a new trial because the jury's verdicts were inconsistent. Defendants first point to plaintiffs' Fifth Amendment involuntary confession claim. The jury found in favor of plaintiffs and against defendants Zalatoris and Breen but against plaintiffs and in favor of defendants Girardi and Struck. (Dkt. 513 at 67.) Defendants argue that the jury could not have reasonably found that Zalatoris and Breen coerced plaintiffs while finding that Girardi and Struck did not. (Dkt. 513 at 67.) Second, defendants argue that no rational jury could have found that Bartik conspired against Mitchell, because there was no evidence presented at trial that Bartik interacted with Mitchell or took an overt action to conspire

against him, and so the verdict was inconsistent with the evidence presented at trial. (Dkt. 513 at 67.)

"A new trial based on inconsistent verdicts is warranted only when a jury's verdict cannot be reconciled with the evidence at trial. Any plausible explanation for the verdict precludes reversal." *Fox*, 600 F.3d at 844 (citations omitted). Further, if a party wishes to challenge a jury's verdict for inconsistency, the party must make a contemporary objection before the jury disbands, allowing the court an opportunity to fix the problem by resubmitting to the jury under Federal Rule of Civil Procedure 49(b)(3)(B). *Cont'l Vineyard, LLC* v. *Vinifera Wine Co.*, LLC, 973 F.3d 747, 754 (7th Cir. 2020).[18] The Seventh Circuit in *Continental Vineyard* noted that there can be exceptions to this rule, including when a party had no opportunity to object to the jury's verdict because the attorneys were absent when the verdict was read and when the verdict is truly irreconcilable such that a new trial is the only possible remedy. *Id*. Here, in contrast, defense attorneys were present when the verdict was read, and defendants advance no argument that they were unable to object contemporaneously.

As to the second exception, there is a "plausible explanation," s*ee Fox*, 600 F.3d at 844, for the allegedly inconsistent verdicts, which means they are not "truly impossible to reconcile." *See Cont'l Vineyard*, 973 F.3d at 755. For the first alleged inconsistency, it is plausible that the jury would find against Breen and Zalatoris but not Girardi and Struck, as the former two played a larger role in the investigation and the latter two did not conduct the main interrogations of plaintiffs. As to the second alleged inconsistency—that there was no evidence that Bartik

---

[18] Defendants argue that *Continental Vineyard* only applies to general verdicts with written questions. (Dkt. 529 at 51.) While written questions were an aspect of that case, the holding itself does not make note of them, and they are not present in any of the cases whose reasoning the court in *Continental Vineyard* adopted. Courts in this district have applied *Continental Vineyards* to cases in which there were not written questions as part of the general verdict. *See, e.g.*, *Fitzsimmons* v. *Frechette*, No. 21 CV 50295, 2025 WL 1651800, at *4 (N.D. Ill. June 11, 2025).

conspired against Mitchell—the court agrees with plaintiffs that this is a "sufficiency challenge dressed up as an inconsistency challenge" and that defendants fail to argue it under the correct "against the weight of the evidence" standard. (Dkt. 518 at 71). Moreover, it is not inconsistent for the jury to have found that Bartik conspired with others, including Breen and Zalatoris, to deprive Mitchell of his rights, even if Bartik did not interact directly with Mitchell. Therefore, neither exception to the contemporaneous objection to inconsistent verdict rule applies, and defendants have thus waived their ability to object to the verdicts on the grounds of inconsistency. As such, even if they had not waived the objection, the verdicts are not inconsistent such that a new trial is needed.

### h.  Cumulative Error

"Trial errors which in isolation are harmless might, when aggregated, alter the course of a trial so as to violate a petitioner's right to due process of law." *Alvarez* v. *Boyd*, 225 F.3d 820, 824 (7th Cir. 2000) (citations omitted). That is not the case here. The only potential errors defendants have identified are the admission of a single page of Bartik's handwriting and the admission of potentially cumulative evidence following an inquiry of the jury, neither of which individually constitutes reversible error. But to warrant ordering a new trial based on cumulative, otherwise harmless errors, "a court must be firmly convinced that but for the errors, the outcome of the trial probably would have been different." *Id.* at 825 (citations omitted). The court is not so convinced. Here, the court finds that, even when aggregated, any errors the court may have made do not undermine the outcome.

### II.     Defendants' Motion to Amend the Judgment

Defendants also move to amend plaintiffs' jury award, pursuant to Federal Rule of Civil Procedure 59(e). Defendants claim that the total verdict of $120 million ($60 million each) is "so excessive such that it shocks the judicial conscience and is plainly the result of passion and

41

prejudice." (Dkt. 511 at 5.) As such, they ask this court to grant remittitur to reduce the total

award. (*Id.*) Defendants also request setoff for settlement proceeds received from Cook County

by plaintiffs prior to trial. (*Id.*)

In deciding whether remittitur is appropriate, three factors guide the court's analysis:

"whether (1) the award is monstrously excessive; (2) there is no rational connection between the

award and the evidence, indicating that it is merely a product of the jury's fevered imaginings or

personal vendettas; and (3) whether the award is roughly comparable to awards made in similar

cases." *Adams* v. *City of Chi.*, 798 F.3d 539, 543 (7th Cir. 2015) (citation and quotations

omitted). The first and second factors are "two ways of describing the same inquiry: whether the

jury verdict was irrational." *Id.* The court reviews the evidence in the case "in the light most

favorable to the verdict." *Id.*

The court finds that the $120 million award is neither so excessive nor irrational that

remittitur is warranted. While defendants contend that the damages award of $3.75 million per

year of wrongful incarceration per plaintiff is "easily three times the value compared with other

wrongful incarceration verdicts in this district" (dkt. 511 at 6), such a comparison does not

plainly render the award monstrously excessive. At the outset, the Seventh Circuit has cautioned

that comparisons to other cases are "rarely dispositive given the fact-specific nature of damages

claims." *Hendrickson* v. *Cooper*, 589 F.3d 887, 892 (7th Cir. 2009); *see Adams*, 798 F.3d at 545

(noting that other cases are "at best a rough approximation of damage awards"). But as the court

granted defendants' motion *in limine* to bar plaintiffs from referencing a per-year dollar amount

awarded in comparable cases (dkt. 299 at 2–3; dkt. 400 at 21–22), the jury here had no basis

from which to consider damages awarded in similar cases, and this was by defendants' own

design. Nevertheless, to the extent that opportunity exists for comparison, juries in this district

42

have awarded amounts similar to or exceeding $3.75 million on a per-year basis. *See Brown* v.

*City of Chi.*, No. 19 CV 4082, 2025 WL 2785426, at **31–32 (declining to remit jury award of

$5 million per year of detention); *Dominguez* v. *Hendley*, 545 F.3d 585, 588 (7th Cir. 2008)

(affirming verdict which awarded $9.063 million award for four-year detention); *cf. Adams*, 798

F.3d at 545. Although the court does not place significant weight on these comparable verdicts,

*see Adams*, 798 F.3d at 545, these verdicts reinforce that the damages award is not monstrously

excessive.

The $120 million award is also rationally grounded in the factual record. Although

defendants characterize plaintiffs' incarceration experiences as "quite typical" and not

"extraordinary experiences warranting a stratospheric award" (dkt. 511 at 7), a reasonable jury

could nevertheless find that the circumstances justify a sizable award. Fulton testified to feeling

like his life was "over" when the guilty verdict came down. (Trial Tr. 232:2.) Likewise, Mitchell

described the guilty verdict as "heartbreaking." (Trial Tr. 1714:1–2.) Still in their teens, plaintiffs

were sent to maximum security prisons. Mitchell was stabbed fourteen times and often spent

weeks without going outdoors. (Trial Tr. 1717:23; 1733–36.) He described his experience as

constantly being in the company of other prisoners, even when he was using the bathroom. (Trial

Tr. 1702–03, Tr. 1707–08.) Fulton testified to feeling dehumanized by the experience of wearing

shackles (Trial Tr. 314:24–25.) and undergoing strip searches. (Trial Tr. 224:21–225:10.)

Plaintiffs and their damages witnesses testified to the significant impact plaintiffs' incarceration

had on their family relationships. Fulton, described as an "active" father prior to his conviction

(Trial Tr. 1045:14–18), saw his relationship with his son suffer as a result of his incarceration,

and the two remained estranged for a year following his release. (Dkt. 519 at 23.) Fulton further

testified regarding the pain he experienced after his relationship with his former fiancée

43

ultimately ended while he was in prison. (Trial Tr. 275:23–17.) Mitchell, on the other hand,

missed the birth of his oldest daughter and was unable to participate in raising her during his

incarceration. (Trial Tr. 1599:9–21; 1731–33.) In short, the evidence presented at trial rationally

supports the award.

Moreover, while plaintiffs did not introduce medical testimony to support their emotional

injury claims, such testimony is not required to recover damages for emotional distress. *See*

*United States* v. *Balistrieri*, 981 F.2d 916, 932 (7th Cir. 1992) (rejecting the idea that "an injured

person's testimony can never be sufficient by itself … to establish damages for emotional

distress"); *Rainey* v. *Taylor*, 941 F.3d 243, 253 (7th Cir. 2019) (noting that Illinois state law does

not require expert testimony to establish emotional distress damages). Plaintiffs' detailed

testimony regarding the emotional injuries they sustained as a result of their wrongful

incarceration provided direct evidence sufficient to support the jury's damages award. *See Alston*

v. *King*, 231 F.3d 383, 388 (7th Cir. 2000).

Defendants further contend that the jury was improperly influenced by testimony from

plaintiffs' family witnesses regarding their own injuries stemming from plaintiffs' incarcerations.

(Dkt. 511 at 12–15.) However, defendants did not object to the bulk of this testimony at trial, and

when defendants raised objections, the court sustained them. (Trial Tr. 956:10–12, 1886:5–10,

2553:1, 3858:1–3.) The court also ultimately instructed the jury to award compensatory damages

based only on injuries to Fulton and Mitchell. (Trial Tr. 4314:9–18.) The jury is presumed to

have followed these instructions. *See United States* v. *Marchan*, 935 F.3d 540, 547 (7th Cir.

2019).

Defendants also argue that taxes were "erroneously front-and-center" in the jury's

consideration of damages. (Dkt. 511 at 11.) However, as previously discussed, the court properly

declined to issue a taxation instruction because such an instruction would have risked misstating the law and confusing the jury. And regardless, defendants forfeited this argument by failing to timely raise an objection to the jury instruction at trial. *See Lewis*, 590 F.3d at 438; *Bob Willow Motors, Inc.*, 872 F.2d at 794.

As such, the court declines to remit plaintiffs' jury award.[19] Defendants are, however, entitled to a setoff, which plaintiffs do not contest, of $7.45 million per plaintiff based on plaintiffs' previous settlement with Cook County.[20] *See Fed. Deposit Ins. Corp.* v. *Chicago Title Ins. Co.*, 12 F.4th 676, 690 (7th Cir. 2021) ("a full setoff may be awarded only where the settlement covers the same injury as that for which the non-settling defendant was found responsible").

## CONCLUSION AND ORDER

For the foregoing reasons, the court denies defendants' Rule 59(a) motion for a new trial. (20 C 3118, dkt. 513; 20 C 3119 dkt. 515.) Defendants' motion to amend the judgment (20 C 3118, dkt. 511; 20 C 3119 dkt. 513) is denied insofar as it seeks remittitur of the jury's damages award. The judgments must be amended, however, to account for a setoff of damages in the amount that plaintiffs settled with Cook County prior to trial. A separate amended judgment will be filed along with this decision.

Date: March 31, 2026

_____
U.S. District Judge Joan H. Lefkow

---

[19] Plaintiffs also argue that an issuance of a remittitur order would be an "unconstitutional usurpation" of the jury's fact-finding role in violation of the Seventh Amendment. (Dkt. 519 at 33.) Because the court denies defendants' request for remittitur on other bases, it declines to rule on this issue.

[20] The court has not been provided with a copy of the settlement agreement, but defendants state that the settlement award is $7.45 million per plaintiff. (Dkt. 511 at 15.) Plaintiffs' response states that plaintiffs do not contest defendants' request for set-off. (Dkt. 519 at 35.)

45

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| John Fulton, | |
| Plaintiff, | Case No.  20 C 3118 |
| v. | Judge Joan H. Lefkow |
| Robert Bartik, John Zalatoris, James Breen, Robert Girardi, Joseph Struck, Edward Winstead, and Stephen Franko, | |
| Defendants, | |

## AMENDED JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☒  in favor of plaintiff John Fulton
and against defendants Robert Bartik, John Zalatoris and James Breen in the amount of $52,550,000.00 in compensatory damages. Punitive damages are awarded in favor of plaintiff John Fulton and against defendant John Zalatoris in the amount of $12,500.00. Punitive damages are awarded in favor of plaintiff John Fulton and against defendant James Breen in the amount of $12,500.00. Punitive damages are awarded in favor of plaintiff John Fulton and against defendant Robert Bartik in the amount of $5,000.00.

which ☐ includes $ pre–judgment interest.
☒ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment. Plaintiff shall recover costs from defendants.

---

☒  in favor of defendants Robert Girardi, Joseph Struck, Edward Winstead, and Stephen Franko and against plaintiff John Fulton

Defendants shall recover costs from plaintiff.

---

☐  other:

---

This action was *(check one)*:

☐ tried by a jury with Judge Joan H. Lefkow presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Joan H. Lefkow on 3/31/2026.

Date:  3/31/2026                    Thomas G. Bruton, Clerk of Court

                                    Amanda Scherer, Deputy Clerk

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:20-cv-03118
## Internal Use Only

Fulton v. Bartik et al
Assigned to: Honorable Joan H. Lefkow
related Case: 1:20-cv-03119
Cause: 42:1983 Civil Rights Act

Date Filed: 05/27/2020
Date Terminated: 03/31/2026
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**John Fulton**    represented by **Arthur R. Loevy**
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312)243-5900
Fax: Active
Email: arthur@loevy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
Loevy & Loevy
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: Not a member
Email: alyssa@loevy.com
*ATTORNEY TO BE NOTICED*

**Andrea D. Lyon**
Lyon & Kerr, PLLC
53 W. Jackson Blvd
Ste 1650
Chicago, IL 60604
312-622-0736
Fax: Active
Email: alyon@lyonkerr.com
*ATTORNEY TO BE NOTICED*

**D. Samuel Heppell**
University of Chicago Law School Edwin F.
Mandel Legal Aid C
1111 E. 60th Street
60637
Chicago, IL 60637
773-702-9611

Email: sam.heppell@law.utah.edu
*TERMINATED: 11/01/2023*

**Fatima Ladha**
Loevy & Loevy
311 N Aberdeen Street
3rd Floor
Chicago, IL 60607
(312) 736-7043
Fax: Not a member
Email: ladha@loevy.com
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
Loevy & Loevy
311 North Aberdeen St.
Chicago, IL 60607
(312) 736-0186
Fax: Not a member
Email: green@loevy.com
*ATTORNEY TO BE NOTICED*

**Jonathan I. Loevy**
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
Fax: Active
Email: jon@loevy.com
*ATTORNEY TO BE NOTICED*

**Russell R Ainsworth**
Loevy & Loevy
311 N Aberdeen Street
3rd Floor
Chicago, IL 60607
(312)243-5900
Fax: Active
Email: russell@loevy.com
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
312-243-5900
Fax: Active
Email: julia@loevy.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Robert Bartik**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
Michael Best & Friedrich LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
312-222-0800
Fax: Active
Email: jpfieweger@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
312-612-1928
Fax: Active
Email: akamionski@nklawllp.com
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
224-565-3089
Email: bbrill@nklawllp.com
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
Nathan & Kamionski LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603
(708) 668-6710
Fax: Not a member
Email: glabuz22@gmail.com
*TERMINATED: 02/01/2021*

**John Michael Cerney**
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
312-612-2238
Email: jcerney@nklawllp.com
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
312-612-1072
Email: nadeeyo@nklawllp.com
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**

Nathan & Kamionski LLP
33 West Monroe, Suite 1830
Chicago, IL 60603
(312) 612-1086
Fax: Active
Email: rshoffner@nklawllp.com
*TERMINATED: 05/02/2022*

**Shneur Z. Nathan**
Nathan & Kamionski LLP
206 S Jefferson St
Chicago, IL 60661
773-704-1650
Email: snathan@nklawllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Zalatoris**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**James Breen**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Leonard Rolston**
*TERMINATED: 08/28/2024*

represented by **Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Edward Winstead**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Joseph Struck**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Robert Girardi**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Richard Cervenka**
*TERMINATED: 03/22/2024*

represented by **Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Kennedy**
*TERMINATED: 03/22/2024*

represented by **Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Michael Schmitz**
*TERMINATED: 03/22/2024*

represented by **Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

Natalie Adeeyo
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Brian Skora**
*TERMINATED: 03/22/2024*

represented by **Shneur Z. Nathan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Inv. S. Franco (#40141)**
*TERMINATED: 03/11/2025*

represented by **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Michael Cerney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Aguirre**
*TERMINATED: 03/22/2024*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Avi T. Kamionski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Breana Lynn Brill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grzegorz Labuz**
(See above for address)
*TERMINATED: 02/01/2021*

**Natalie Adeeyo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robin Denise Shoffner**
(See above for address)
*TERMINATED: 05/02/2022*

**Defendant**

**Unknown Chicago Police Officers**
*TERMINATED: 03/22/2024*

**Defendant**

**McRay Judge**                           represented by **Brian Patrick Gainer**
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
(312)372-0770
Fax: Active
Email: gainerb@jbltd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Burkoth**
Johnson & Bell, Ltd.
33 W. Monroe St.
Suite 2700
Chicago, IL 60603
312-984-3421
Fax: Active
Email: BurkothM@jbltd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Andrew Horvat**
Horvat Law, LLC

155 N. Wacker Dr. Suite 4250
Chicago, IL 60606
312-803-4956
Fax: Active
Email: andrew@horvatlawllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aleeza Fatima Mian**
Gordon Rees Scully Mansukhani
One North Franklin
Ste 800
Chicago, IL 60606
515-708-3131
Email: amian@grsm.com
*ATTORNEY TO BE NOTICED*

**Jack E Bentley**
Johnson & Bell, Ltd.
33 W. Monroest.
Suite 2700
Chicago, IL 60603
(312) 984-6658
Fax: Not a member
Email: bentleyj@jbltd.com
*ATTORNEY TO BE NOTICED*

**Lisa Marie McElroy**
Johnson & Bell, Ltd.
33 W Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
Fax: Not a member
Email: mcelroyl@jbltd.com
*ATTORNEY TO BE NOTICED*

**Samuel D. Branum**
Johnson & Bell, Ltd.
33 W. Monroe St. Suite 2700
Chicago, IL 60603
(312) 372-0770
Fax: Not a member
Email: branums@jbltd.com
*ATTORNEY TO BE NOTICED*

**Shayl Wilson**
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(319) 929-7623
Fax: Active
Email: shayl.wilson@cookcountyil.gov
*TERMINATED: 10/27/2021*

**Zachary Adam Pestine**
Greenberg Traurig, LLP
360 North Green Street
Suite 1300
Chicago, IL 60607
312-456-8400
Email: zac.pestine@gtlaw.com
*TERMINATED: 02/23/2026*

**Defendant**

**Jacob Rubinstein**                    represented by    **Brian Patrick Gainer**
*TERMINATED: 11/09/2021*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Monica Burkoth**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **T. Andrew Horvat**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jack E Bentley**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Samuel D. Branum**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Shayl Wilson**
                                                         (See above for address)
                                                         *TERMINATED: 10/27/2021*

                                                         **Zachary Adam Pestine**
                                                         (See above for address)
                                                         *TERMINATED: 02/23/2026*

**Defendant**

**Andrew Varga**                        represented by    **Brian Patrick Gainer**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Monica Burkoth**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **T. Andrew Horvat**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aleeza Fatima Mian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack E Bentley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie McElroy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel D. Branum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shayl Wilson**
(See above for address)
*TERMINATED: 10/27/2021*

**Zachary Adam Pestine**
(See above for address)
*TERMINATED: 02/23/2026*

**Defendant**

**Eugene Shepherd**                    represented by   **Brian Patrick Gainer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Burkoth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Andrew Horvat**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aleeza Fatima Mian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack E Bentley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie McElroy**
(See above for address)

**Samuel D. Branum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shayl Wilson**
(See above for address)
*TERMINATED: 10/27/2021*

**Zachary Adam Pestine**
(See above for address)
*TERMINATED: 02/23/2026*

**Defendant**

**Cook County**                         represented by   **Brian Patrick Gainer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Burkoth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**T. Andrew Horvat**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aleeza Fatima Mian**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jack E Bentley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lisa Marie McElroy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel D. Branum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shayl Wilson**
(See above for address)
*TERMINATED: 10/27/2021*

**Zachary Adam Pestine**
(See above for address)
*TERMINATED: 02/23/2026*

**Defendant**

**City of Chicago**                                     represented by   **James Peter Fieweger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexius Cruz O'Malley**
Michael Best & Friedrich LLP
444 West Lake Street
Suite 3200
Chicago, IL 60606
312-596-5805
Fax: Not a member
Email: acomalley@michaelbest.com
*TERMINATED: 09/29/2022*

**Ashni Gandhi**
Michael Best & Friedrich Llp
444 W Lake St.
Ste 3200
Chicago, IL 60614
847-987-9850
Fax: Not a member
Email: ashni.gandhi@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Brianna Jane Siebken**
Michael Best & Friedrich LLP
444 W Lake Street
Suite 3200
Chicago, IL 60606
(312) 661-7311
Fax: Not a member
Email: briannasiebken@gmail.com
*TERMINATED: 03/02/2023*

**Carolyn E Isaac**
Michael Best & Friedrich LLP
444 W Lake Street
Suite 3200
Chicago, IL 60606
(312) 222-0800
Fax: Not a member
Email: ceisaac@michaelbest.com
*ATTORNEY TO BE NOTICED*

**James Heracklis**
Michael Best & Friedrich Llp
444 W. Lake Street
Suite 3200
Chicago, IL 60606
312-222-0800
Email: joheracklis@michaelbest.com
*TERMINATED: 06/20/2023*

**Michael David Bess**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312.222.0800
Fax: Not a member
Email: mdbess@michaelbest.com
*ATTORNEY TO BE NOTICED*

**Veronica Mantilla**
Morse Barnes-Brown & Pendleton P.C.
20 CityPoint
480 Totten Pond Road
Ste 4th Floor
Waltham, MA 02451
845-764-5476
Email: veronica@kurkerpaget.com
*TERMINATED: 12/20/2023*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/26/2020 | 2 | ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice (ec, ) (Entered: 05/27/2020) |
| 05/27/2020 | 1 | COMPLAINT filed by John Fulton; Jury Demand. Filing fee $ 400, receipt number 0752-17055472. (Attachments: # 1 Civil Cover Sheet)(Rickert, Julia) (Entered: 05/27/2020) |
| 05/27/2020 |  | CASE ASSIGNED to the Honorable Joan H. Lefkow. Designated as Magistrate Judge the Honorable Maria Valdez. Case assignment: Random assignment. (txl, ) (Entered: 05/27/2020) |
| 05/27/2020 | 3 | ATTORNEY Appearance for Plaintiff John Fulton by Arthur R. Loevy (Loevy, Arthur) (Entered: 05/27/2020) |
| 05/27/2020 | 4 | ATTORNEY Appearance for Plaintiff John Fulton by Jonathan I. Loevy (Loevy, Jonathan) (Entered: 05/27/2020) |
| 05/27/2020 | 5 | ATTORNEY Appearance for Plaintiff John Fulton by Julia Therese Rickert (Rickert, Julia) (Entered: 05/27/2020) |
| 05/27/2020 | 6 | ATTORNEY Appearance for Plaintiff John Fulton by Russell R Ainsworth (Ainsworth, Russell) (Entered: 05/27/2020) |
| 05/27/2020 | 7 | ATTORNEY Appearance for Plaintiff John Fulton by D. Samuel Heppell (Heppell, D.) (Entered: 05/27/2020) |
| 05/28/2020 | 8 | MINUTE entry before the Honorable Joan H. Lefkow: Initial status hearing is set for 8/4/2020 at 11:00 a.m. The dates set in this case shall not be impacted |

| | | |
|---|---|---|
| | | by general orders related to COVID-19 absent good cause shown. Mailed notice (ags) (Entered: 05/28/2020) |
| 06/03/2020 | | SUMMONS Issued as to Defendants Detective Aguirre, Robert Bartik, James Breen, Richard Cervenka, City of Chicago, Cook County, Ivn.S. Franco, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris. (ng, ) (Entered: 06/03/2020) |
| 07/01/2020 | 9 | ATTORNEY Appearance for Defendants Aguirre, James Breen, Michael Schmitz, Brian Skora by Shneur Z. Nathan (Nathan, Shneur) (Entered: 07/01/2020) |
| 07/02/2020 | 10 | ATTORNEY Appearance for Defendants Aguirre, James Breen, Michael Schmitz, Brian Skora by Avi T. Kamionski (Kamionski, Avi) (Entered: 07/02/2020) |
| 07/02/2020 | 11 | WAIVER OF SERVICE returned executed by John Fulton. Robert Bartik waiver sent on 7/1/2020, answer due 8/31/2020. (Rickert, Julia) (Entered: 07/02/2020) |
| 07/02/2020 | 12 | WAIVER OF SERVICE returned executed by John Fulton. Cook County waiver sent on 6/30/2020, answer due 8/31/2020. (Rickert, Julia) (Entered: 07/02/2020) |
| 07/02/2020 | 13 | WAIVER OF SERVICE returned executed by John Fulton. McRay Judge waiver sent on 6/30/2020, answer due 8/31/2020. (Heppell, D.) (Entered: 07/02/2020) |
| 07/02/2020 | 14 | WAIVER OF SERVICE returned executed by John Fulton. Jacob Rubinstein waiver sent on 6/30/2020, answer due 8/31/2020. (Heppell, D.) (Entered: 07/02/2020) |
| 07/02/2020 | 15 | WAIVER OF SERVICE returned executed by John Fulton. Eugene Shepherd waiver sent on 6/30/2020, answer due 8/31/2020. (Heppell, D.) (Entered: 07/02/2020) |
| 07/06/2020 | 16 | WAIVER OF SERVICE returned executed by John Fulton. Andrew Varga waiver sent on 6/30/2020, answer due 8/31/2020. (Heppell, D.) (Entered: 07/06/2020) |
| 07/06/2020 | 17 | ATTORNEY Appearance for Defendant City of Chicago by James Peter Fieweger (Fieweger, James) (Entered: 07/06/2020) |
| 07/06/2020 | 18 | MOTION by Defendant City of Chicago for extension of time to file answer regarding complaint 1 or otherwise plead (Fieweger, James) (Entered: 07/06/2020) |
| 07/06/2020 | 19 | NOTICE of Motion by James Peter Fieweger for presentment of motion for extension of time to file answer 18 before Honorable Joan H. Lefkow on 7/15/2020 at 09:30 AM. (Fieweger, James) (Entered: 07/06/2020) |
| 07/06/2020 | 20 | ATTORNEY Appearance for Defendant City of Chicago by James Peter Fieweger and Alexius C. O'Malley (Fieweger, James) (Entered: 07/06/2020) |
| 07/06/2020 | 21 | ATTORNEY Appearance for Defendant City of Chicago by James Peter Fieweger and Brianna J. Siebken (Fieweger, James) (Entered: 07/06/2020) |
| 07/06/2020 | 22 | ATTORNEY Appearance for Defendant City of Chicago by James Peter Fieweger and Carolyn E. Isaac (Fieweger, James) (Entered: 07/06/2020) |

| 07/06/2020 | 23 | ATTORNEY Appearance for Defendant City of Chicago by James Peter Fieweger *and Michael D. Bess* (Fieweger, James) (Entered: 07/06/2020) |
|---|---|---|
| 07/07/2020 | 24 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to answer 18 is granted. Defendants shall answer or otherwise plead to the complaint by 8/31/2020. Status hearing set for 8/4/2020 is stricken and reset to 9/22/2020 at 11:00 a.m. Mailed notice (ags) (Entered: 07/07/2020) |
| 07/08/2020 | 25 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by T. Andrew Horvat (Horvat, T.) (Entered: 07/08/2020) |
| 07/10/2020 | 26 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk9, Docket) (Entered: 07/10/2020) |
| 08/03/2020 | 27 | ATTORNEY Appearance for Defendants Robert Bartik, Michael Kennedy, Joseph Struck, Edward Winstead by Shneur Z. Nathan (Nathan, Shneur) (Entered: 08/03/2020) |
| 08/04/2020 | 28 | ATTORNEY Appearance for Defendant John Zalatoris by Shneur Z. Nathan (Nathan, Shneur) (Entered: 08/04/2020) |
| 08/04/2020 | 29 | ATTORNEY Appearance for Plaintiff John Fulton by Andrea D. Lyon (Lyon, Andrea) (Entered: 08/04/2020) |
| 08/18/2020 | 30 | MOTION by Defendant City of Chicago to reassign case *as related (Joint)* (Attachments: # 1 Exhibit A)(Fieweger, James) (Entered: 08/18/2020) |
| 08/18/2020 | 31 | *JOINT* NOTICE of Motion by James Peter Fieweger for presentment of motion to reassign case 30 before Honorable Joan H. Lefkow on 8/26/2020 at 09:30 AM. (Fieweger, James) (Entered: 08/18/2020) |
| 08/20/2020 | 32 | MINUTE entry before the Honorable Joan H. Lefkow: Joint motion to reassign case 30 is granted. Case 20-cv-3119 will be recommended to the Executive Committee to be reassigned. Motion hearing set for 8/26/2020 is stricken. Mailed notice (ags) (Entered: 08/20/2020) |
| 08/24/2020 | 33 | SUMMONS Returned Executed by John Fulton as to City of Chicago on 6/16/2020, answer due 7/7/2020. (Heppell, D.) (Entered: 08/24/2020) |
| 08/25/2020 | 34 | SUMMONS Returned Executed by John Fulton as to Brian Skora on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 35 | SUMMONS Returned Executed by John Fulton as to Aguirre on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 36 | SUMMONS Returned Executed by John Fulton as to Edward Winstead on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 37 | SUMMONS Returned Executed by John Fulton as to James Breen on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |

| | | |
|---|---|---|
| 08/25/2020 | 38 | SUMMONS Returned Executed by John Fulton as to John Zalatoris on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 39 | SUMMONS Returned Executed by John Fulton as to Joseph Struck on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 40 | SUMMONS Returned Executed by John Fulton as to Michael Kennedy on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 41 | SUMMONS Returned Executed by John Fulton as to Michael Schmitz on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 42 | SUMMONS Returned Executed by John Fulton as to Robert Girardi on 8/25/2020, answer due 9/15/2020. (Heppell, D.) (Entered: 08/25/2020) |
| 08/25/2020 | 43 | MOTION by Plaintiff John Fulton for extension of time *to serve Defendants (unopposed)* (Heppell, D.) (Entered: 08/25/2020) |
| 08/26/2020 | 44 | MINUTE entry before the Honorable Joan H. Lefkow: Unopposed motion for extension of time 43 is granted. Status hearing set for 9/22/2020 is stricken and reset to 11/17/2020 at 11:00 a.m. Mailed notice (ags) (Entered: 08/26/2020) |
| 08/26/2020 | 45 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, City of Chicago, Robert Girardi, Michael Kennedy, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to file answer *or otherwise plead in response to Plaintiffs' Complaints* (Nathan, Shneur) (Entered: 08/26/2020) |
| 08/26/2020 | 46 | MOTION by Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga for extension of time to file answer regarding complaint 1 *(Unopposed)* (Horvat, T.) (Entered: 08/26/2020) |
| 08/26/2020 | 47 | *(Unopposed Motion)* NOTICE of Motion by T. Andrew Horvat for presentment of motion for extension of time to file answer 46 before Honorable Joan H. Lefkow on 9/2/2020 at 09:30 AM. (Horvat, T.) (Entered: 08/26/2020) |
| 08/26/2020 | 48 | ATTORNEY Appearance for Defendants Robert Girardi, Leonard Rolston by Shneur Z. Nathan (Nathan, Shneur) (Entered: 08/26/2020) |
| 08/26/2020 | 49 | ATTORNEY Appearance for Defendants Robert Bartik, Robert Girardi, Michael Kennedy, Leonard Rolston, Joseph Struck, Edward Winstead, John Zalatoris by Avi T. Kamionski (Kamionski, Avi) (Entered: 08/26/2020) |
| 08/26/2020 | 50 | ATTORNEY Appearance for Defendants Aguirre, Robert Bartik, James Breen, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris by Robin Denise Shoffner (Shoffner, Robin) (Entered: 08/26/2020) |
| 08/26/2020 | 51 | ATTORNEY Appearance for Defendants Aguirre, Robert Bartik, James Breen, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris by Grzegorz Labuz (Labuz, Grzegorz) (Entered: 08/26/2020) |
| 08/27/2020 | 52 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to answer 45 is granted. The City defendants shall answer or otherwise plead to the complaint by 9/15/2020. Motion for extension of time to answer 46 is granted. Cook County defendants shall answer or otherwise plead to the complaint by 10/1/2020. Mailed notice (ags) (Entered: 08/27/2020) |

| | | |
|---|---|---|
| 09/02/2020 | | ALIAS Summons Issued as to Defendant Leonard Rolston. (acm, ) (Entered: 09/02/2020) |
| 09/02/2020 | 53 | SUMMONS Returned Executed by John Fulton as to Leonard Rolston on 9/2/2020, answer due 9/23/2020. (Heppell, D.) (Entered: 09/02/2020) |
| 09/14/2020 | | ALIAS Summons Issued as to Defendant S. Franco (#40141). (acm, ) (Entered: 09/14/2020) |
| 09/14/2020 | 54 | SUMMONS Returned Executed by John Fulton as to S. Franco (#40141) on 9/14/2020, answer due 10/5/2020. (Heppell, D.) (Entered: 09/14/2020) |
| 09/15/2020 | 55 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris (Bess, Michael) (Entered: 09/15/2020) |
| 09/15/2020 | 56 | NOTICE of Motion by Michael David Bess for presentment of Motion to Dismiss for Failure to State a Claim, 55 before Honorable Joan H. Lefkow on 9/23/2020 at 09:30 AM. (Bess, Michael) (Entered: 09/15/2020) |
| 09/15/2020 | 57 | MEMORANDUM by Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris in support of Motion to Dismiss for Failure to State a Claim, 55 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Bess, Michael) (Entered: 09/15/2020) |
| 09/16/2020 | 58 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff shall either amend the complaint or respond to the motion to dismiss 55 by 10/7/2020. If a response is filed, the reply will be due by 10/21/2020. Motion hearing set for 9/23/2020 is stricken. Mailed notice (ags) (Entered: 09/16/2020) |
| 09/28/2020 | 59 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Brian Patrick Gainer (Gainer, Brian) (Entered: 09/28/2020) |
| 09/28/2020 | 60 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Monica Burkoth (Burkoth, Monica) (Entered: 09/28/2020) |
| 09/28/2020 | 61 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Zachary Adam Pestine (Pestine, Zachary) (Entered: 09/28/2020) |
| 09/29/2020 | 62 | MOTION by Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga for extension of time *Defendants' Agreed Motion for Extension of Time to Answer or Otherwise Plead* (Pestine, Zachary) (Entered: 09/29/2020) |
| 09/29/2020 | 63 | MOTION by Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga for leave to file *Defendants' Agreed Motion for Leave to File Brief Exceeding Fifteen Pages* (Pestine, Zachary) (Entered: 09/29/2020) |
| 09/30/2020 | 64 | MINUTE entry before the Honorable Joan H. Lefkow: Agreed motion for extension of time 62 is granted. Defendants Cook County, McRay Judge, |

| | | |
|---|---|---|
| | | Jacob Rubinstein, Eugene Shepherd, Andrew Varga shall answer or otherwise plead to the complaint by 10/29/2020. Agreed motion for leave to file excess pages 63 is granted. Defendants may file their response up to 36 pages. Mailed notice (ags) (Entered: 09/30/2020) |
| 10/05/2020 | 65 | MOTION by Plaintiff John Fulton for extension of time *Plaintiff's Unopposed Motion For A Three-Week Extension Of Time* (Rickert, Julia) (Entered: 10/05/2020) |
| 10/07/2020 | 66 | ATTORNEY Appearance for Defendants Aguirre, James Breen, Michael Schmitz, Brian Skora by Natalie Adeeyo (Adeeyo, Natalie) (Entered: 10/07/2020) |
| 10/08/2020 | 67 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time 65 is granted. Plaintiff's response to the motion to dismiss 55 is extended to 10/28/2020; defendants' reply to 11/11/2020. Mailed notice (ags) (Entered: 10/08/2020) |
| 10/24/2020 | 68 | MOTION by Plaintiff John Fulton for extension of time *to serve Defendants (unopposed)* (Heppell, D.) (Entered: 10/24/2020) |
| 10/26/2020 | 69 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time 68 is granted. Plaintiff shall serve remaining defendants by 11/23/2020. Status hearing set for 11/17/2020 is stricken and reset to 12/2/2020 at 9:30 a.m. Mailed notice (ags) (Entered: 10/26/2020) |
| 10/26/2020 | 70 | MOTION by Defendants Jacob Rubinstein, Andrew Varga, McRay Judge, Cook County, Eugene Shepherd to dismiss *COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Pestine, Zachary) (Entered: 10/26/2020) |
| 10/27/2020 | 71 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff's response to the motion to dismiss 70 is due by 11/24/2020; defendants' reply by 12/8/2020. The status hearing set for 12/2/2020 is stricken and reset to 2/17/2021 at 9:30 a.m. Mailed notice (ags) (Entered: 10/27/2020) |
| 10/28/2020 | 72 | MOTION by Plaintiff John Fulton for leave to file excess pages *(UNOPPOSED)* (Attachments: # 1 Exhibit A - Response Brief)(Rickert, Julia) (Entered: 10/28/2020) |
| 10/29/2020 | 73 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file excess pages 72 is granted. Mailed notice (ags) (Entered: 10/29/2020) |
| 10/30/2020 | 74 | RESPONSE by John Fulton in Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, 55 (Rickert, Julia) (Entered: 10/30/2020) |
| 11/04/2020 | 75 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time *to file reply brief in support of their motion to dismiss*, MOTION by Defendants Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, |

| | | Edward Winstead, John Zalatoris for extension of time to file response/reply (Bess, Michael) (Entered: 11/04/2020) |
|---|---|---|
| 11/06/2020 | 76 | MINUTE entry before the Honorable Joan H. Lefkow: Unopposed motion for extension of time 75 is granted. City defendants shall have until 11/25/2020 to reply to the motion to dismiss 55 . Mailed notice (ags) (Entered: 11/06/2020) |
| 11/23/2020 | 77 | MOTION by Plaintiff John Fulton for extension of time *to serve Defendants (unopposed)* (Heppell, D.) (Entered: 11/23/2020) |
| 11/24/2020 | 78 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff's motion for extension of time 77 is granted. Plaintiff shall serve remaining defendants by 12/7/2020. Mailed notice (ags) (Entered: 11/24/2020) |
| 11/24/2020 | 79 | MOTION by Plaintiff John Fulton for extension of time to file response/reply as to terminate hearings,, set/reset hearings,, set motion and R&R deadlines/hearings, 71 , motion to dismiss, 70 *PLAINTIFFS' UNOPPOSED MOTION FOR ONE-WEEK EXTENSION OF TIME TO FILE RESPONSE TO COUNTY DEFENDANTS' MOTION TO DISMISS* (Heppell, D.) (Entered: 11/24/2020) |
| 11/25/2020 | 80 | REPLY by Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to response in opposition to motion, 74 (Attachments: # 1 Exhibit K, # 2 Exhibit L)(Bess, Michael) (Entered: 11/25/2020) |
| 11/30/2020 | 81 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff's motion for extension of time to file response 79 is granted. Plaintiff's response to the motion to dismiss 70 is extended to 12/1/2020; defendants' reply to 12/15/2020. Mailed notice (ags) (Entered: 11/30/2020) |
| 12/01/2020 | 82 | MOTION by Plaintiff John Fulton for leave to file *oversized response brief to the County Defendants' Motion to Dismiss* (Attachments: # 1 Exhibit A - Proposed Oversized Response Brief)(Heppell, D.) (Entered: 12/01/2020) |
| 12/02/2020 | 83 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file oversized brief 82 is granted. Plaintiff may file the response brief to the motion to dismiss up to 37 pages. Mailed notice (ags) (Entered: 12/02/2020) |
| 12/02/2020 | 84 | RESPONSE by John Fulton in Opposition to MOTION by Defendants Jacob Rubinstein, Andrew Varga, McRay Judge, Cook County, Eugene Shepherd to dismiss *COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF* 70 *PLAINTIFFS' RESPONSE IN OPPOSITION TO THE COUNTY DEFENDANTS' MOTION TO DISMISS* (Heppell, D.) (Entered: 12/02/2020) |
| 12/08/2020 | 85 | MOTION by Plaintiff John Fulton for extension of time *to serve Defendants* (Heppell, D.) (Entered: 12/08/2020) |
| 12/09/2020 | 86 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time 85 is granted. Plaintiff is given until 12/14/2020 to serve defendants. Mailed notice (ags) (Entered: 12/09/2020) |
| 12/14/2020 | 87 | MOTION by Plaintiff John Fulton to Appoint and Substitute Special Representative for Deceased Defendant Cervenka (Attachments: # 1 Exhibit A - Counsel Correspondence)(Heppell, D.) (Entered: 12/14/2020) |

| 12/15/2020 | 88 | REPLY by Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga *County Defendants' Reply in Support of Their Motion to Dismiss Plaintiffs' Complaint* (Pestine, Zachary) (Entered: 12/15/2020) |
| --- | --- | --- |
| 12/16/2020 | 89 | MINUTE entry before the Honorable Joan H. Lefkow: The response, if any, to the motion to appoint special representative 87 is due by 12/22/2020; reply by 12/30/2020. Mailed notice (ags) (Entered: 12/16/2020) |
| 12/22/2020 | 90 | RESPONSE by Aguirre, Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatorisin Opposition to MOTION by Plaintiff John Fulton to Appoint and Substitute Special Representative for Deceased Defendant Cervenka 87 (Attachments: # 1 Exhibit Richard Cervenka Jr.'s Obituary, # 2 Exhibit Opinion in Kluppelberg v. Burge. No. 13-cv-3963 (N.D. Ill. December 6, 2013) Doc. No. 87, # 3 Exhibit Opinion in Abernathy v. Village of Park Forest, et al., No. 16-cv-2128 (N.D. Ill. October 30, 2017))(Nathan, Shneur) (Entered: 12/22/2020) |
| 12/30/2020 | 91 | REPLY by John Fulton to MOTION by Plaintiff John Fulton to Appoint and Substitute Special Representative for Deceased Defendant Cervenka 87 , response in opposition to motion,, 90 (Rickert, Julia) (Entered: 12/30/2020) |
| 01/29/2021 | 92 | MOTION by Attorney Grzegorz Labuz to withdraw as attorney for Aguirre, Robert Bartik, James Breen, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris. No party information provided (Nathan, Shneur) (Entered: 01/29/2021) |
| 02/01/2021 | 93 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 92 is granted. Attorney Grzegorz Labuz is terminated as counsel for defendants. Mailed notice (ags) (Entered: 02/01/2021) |
| 02/10/2021 | 94 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 2/17/2021 is stricken and reset to 4/7/2021 at 9:45 a.m. Mailed notice (ags) (Entered: 02/10/2021) |
| 03/09/2021 | 95 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to stay *Motion to Stay Discovery During the Pendency of City Defendants' Motion to Dismiss Plaintiffs' Complaints* (Nathan, Shneur) (Entered: 03/09/2021) |
| 03/10/2021 | 96 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to appoint special counsel 87 is granted. The Court appoints Nona Cervenka as Special Representative for Richard Cervenka for the purpose of defending Plaintiffs' claims against Richard Cervenka, (2) substitute Nona Cervenka as Special Representative as a Defendant in the above-captioned cases to accomplish that purpose. The motion of defendants to stay discovery 95 is denied. The parties are to submit a proposed scheduling order by 3/31/21. As is well known and summarized in Witz v. Great Lakes Educational Loan Services, Inc., No. 19 C 6715. 2020 WL 8254382, at *1 (N.D. Ill. 2020), whether to grant a stay is discretionary with the court, in light of certain guideposts: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." Dismissal of the entire case is unlikely because the allegations need |

only be sufficient to state a plausible claim for relief. If the court grants dismissal of some of the claims, discovery will not likely be significantly affected because all of the claims arise from the same set of occurrences. This is unlike threshold questions of jurisdiction or immunity from suit that may well reduce the burdens of litigation. The court finds that the defense will not be unduly prejudiced or burdened by denial of the stay. Neither is the case at a stage where "streamlining" is a significant factor. Mailed notice (ags) (Entered: 03/10/2021)

| 03/31/2021 | 97 | Proposed Joint Scheduling Order by John Fulton (Heppell, D.) (Entered: 03/31/2021) |
| 04/01/2021 | 98 | SCHEDULING ORDER signed by the Honorable Joan H. Lefkow on 4/1/2021. Mailed notice (ags) (Entered: 04/01/2021) |
| 04/05/2021 | 99 | Joint Motion for Clarification Regarding Scheduling Order by John Fulton (Heppell, D.) (Entered: 04/05/2021) |
| 04/05/2021 | 100 | MOTION by Plaintiff John FultonJoint Motion for Clarification Regarding Scheduling Order (Heppell, D.) (Entered: 04/05/2021) |
| 04/06/2021 | 101 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for clarification 100 is granted. The scheduling order is amended as follows: Discovery will close on 1/14/2022. The status hearing set for 4/7/2021 is stricken and reset to 5/12/2021 at 9:30 a.m. via telephone conference. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 402-9753 and the access code is 1564342. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ags) (Entered: 04/06/2021) |
| 04/07/2021 | | ALIAS Summons Issued as to Defendant Richard Cervenka. (txl, ) (Entered: 04/07/2021) |
| 04/08/2021 | 102 | SUMMONS Returned Executed by John Fulton as to Richard Cervenka on 4/8/2021, answer due 4/29/2021. (Heppell, D.) (Entered: 04/08/2021) |
| 04/29/2021 | 103 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 5/12/2021 is stricken and reset to 7/7/2021 at 9:45 a.m. Remote access remains the same as in entry 101 Mailed notice (ags) (Entered: 04/29/2021) |
| 05/18/2021 | 104 | ATTORNEY Appearance for Defendants Robert Bartik, Robert Girardi, Michael Kennedy, Leonard Rolston, Joseph Struck, Edward Winstead, John Zalatoris by Natalie Adeeyo (Adeeyo, Natalie) (Entered: 05/18/2021) |
| 06/23/2021 | 105 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Shayl Wilson (Wilson, Shayl) (Entered: 06/23/2021) |

| 07/01/2021 | 106 | OPINION and ORDER: City Defendants' and County Defendants' motions to dismiss ( 55 , 70 ) are granted in part and denied in part. All involuntary servitude claims in count V are dismissed with prejudice. All claims against Rubinstein are dismissed without prejudice. The failure to intervene claim in count VI and conspiracy claim in count VII against Varga are dismissed without prejudice. Plaintiffs have 21 days to replead those claims that were dismissed without prejudice, if they choose to do so. The status hearing set for 7/7/2021 is stricken and a scheduling conference is scheduled for 7/27/2021, at 11:00 a.m. Remote access remains the same as in entry 101 . Signed by the Honorable Joan H. Lefkow on 7/1/2021. Mailed notice (ags) (Entered: 07/01/2021) |
| --- | --- | --- |
| 07/15/2021 | 107 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Jack E Bentley (Bentley, Jack) (Entered: 07/15/2021) |
| 07/15/2021 | 108 | MOTION by Defendant City of Chicago for extension of time to file answer *Defendants' Unopposed Motion to Extend the Time to Answer Plaintiffs' Complaints* (Bess, Michael) (Entered: 07/15/2021) |
| 07/19/2021 | 109 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to answer 108 is granted. Defendants shall answer or otherwise plead to the complaint by 7/29/2021. The scheduling conference set for 7/27/2021 is stricken and reset to 8/10/2021 at 11:15 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 07/19/2021) |
| 07/29/2021 | 110 | MOTION by Plaintiff John Fulton for reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim,,,, order on motion to dismiss,,,, memorandum opinion and order,,,, terminate hearings,,,, set/reset hearings,,, 106 (Rickert, Julia) (Entered: 07/29/2021) |
| 07/29/2021 | 111 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga by Samuel D. Branum (Branum, Samuel) (Entered: 07/29/2021) |
| 07/29/2021 | 112 | ANSWER to Complaint with Jury Demand *COUNTY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* by Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga(Gainer, Brian) (Entered: 07/29/2021) |
| 07/29/2021 | 113 | *Defendant Officers'* ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris(Adeeyo, Natalie) (Entered: 07/29/2021) |
| 07/29/2021 | 114 | ANSWER to Complaint with Jury Demand by City of Chicago(Bess, Michael) (Entered: 07/29/2021) |
| 07/30/2021 | 115 | MINUTE entry before the Honorable Joan H. Lefkow: Any response to the motion for reconsideration 110 is due by 8/13/2021; reply by 8/20/2021. Status hearing set for 8/10/2021 is stricken and reset to 9/14/2021 at 11:15 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 07/30/2021) |
| 08/05/2021 | 116 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, |

| | | |
|---|---|---|
| | | John Zalators to compel *Nonparty Antonio Shaw's Compliance with Deposition Subpoena* (Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 08/05/2021) |
| 08/09/2021 | 117 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to compel 116 is granted. Antonio Shaw shall comply with the deposition subpoena served on April 21, 2021. Mailed notice (ags) (Entered: 08/09/2021) |
| 08/13/2021 | 118 | RESPONSE by Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga to MOTION by Plaintiff John Fulton for reconsideration regarding Order on Motion to Dismiss for Failure to State a Claim,,,, order on motion to dismiss,,,, memorandum opinion and order,,,, terminate hearings,,,, set/reset hearings,,, 106 110 *COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Gainer, Brian) (Entered: 08/13/2021) |
| 08/20/2021 | 119 | REPLY by John Fulton to response to motion,, 118 (Rickert, Julia) (Entered: 08/20/2021) |
| 09/09/2021 | 120 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 9/14/2021 is stricken and reset to 10/13/2021 at 9:00 a.m. Mailed notice (ags) (Entered: 09/09/2021) |
| 10/06/2021 | 121 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 10/13/2021 will be called at 9:15 a.m. Note time change only. Remote access remains the same. Mailed notice (ags) (Entered: 10/06/2021) |
| 10/06/2021 | 122 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 10/13/2021 is stricken and reset to 10/27/2021 at 10:00 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 10/06/2021) |
| 10/21/2021 | 123 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 10/27/2021 is stricken and reset to 12/1/2021 at 9:30 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 10/21/2021) |
| 10/26/2021 | 124 | MOTION by Attorney Shayl G. Wilson to withdraw as attorney for McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga. No party information provided (Attachments: # 1 Notice of Filing)(Wilson, Shayl) (Entered: 10/26/2021) |
| 10/27/2021 | 125 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 124 is granted. Attorney Shayl Wilson is terminated as counsel for defendants. Mailed notice (ags) (Entered: 10/27/2021) |
| 11/09/2021 | 126 | ORDER: Plaintiffs' motion for reconsideration (dkt. 110 ) is denied. Defendant Rubinstein is dismissed with prejudice. Signed by the Honorable Joan H. Lefkow on 11/9/2021. Mailed notice (ags) (Entered: 11/09/2021) |
| 11/17/2021 | 127 | MINUTE entry before the Honorable Joan H. Lefkow: Due to a scheduling conflict, the status hearing set for 12/1/2021 is stricken and advanced to 11/30/2021 at 10:45 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 11/17/2021) |

| | | |
|---|---|---|
| 11/29/2021 | 128 | ATTORNEY Appearance for Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris by Breana Lynn Brill (Brill, Breana) (Entered: 11/29/2021) |
| 11/30/2021 | 129 | MINUTE entry before the Honorable Joan H. Lefkow: Telephone status hearing held. By agreement, the fact discovery deadline is extended to 3/31/2022. Plaintiff's expert disclosures are due by 4/30/2022; defendants' expert disclosures are due by 5/30/2022. A status hearing is set for 3/8/2022 at 11:00 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 11/30/2021) |
| 12/23/2021 | 130 | MOTION by Defendant City of Chicago for protective order *Motion for Entry of Confidentiality Protective Order* (Attachments: # 1 Exhibit A - (Proposed) Agreed Confidentiality Protective Order, # 2 Exhibit B - FOIA and Other Statutory Exemptions, # 3 Exhibit C - 07/30/19 Hearing Transcript from Gomez v. Guevara, et al., # 4 Exhibit D - 01/28/20 Hearing Transcript in Brown v. City of Chicago, et al.)(Siebken, Brianna) (Entered: 12/23/2021) |
| 12/23/2021 | 131 | NOTICE of Motion by Brianna Jane Siebken for presentment of motion for protective order, 130 before Honorable Joan H. Lefkow on 1/12/2022 at 09:30 AM. (Siebken, Brianna) (Entered: 12/23/2021) |
| 12/28/2021 | 132 | MINUTE entry before the Honorable Joan H. Lefkow: Any response to the motion for protective order 130 is due by 12/31/2021. Mailed notice (ags) (Entered: 12/28/2021) |
| 12/31/2021 | 133 | RESPONSE by John Fultonin Opposition to MOTION by Defendant City of Chicago for protective order *Motion for Entry of Confidentiality Protective Order* 130 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Ainsworth, Russell) (Entered: 12/31/2021) |
| 01/12/2022 | 134 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Eugene Shepherd, Andrew Varga by Lisa Marie McElroy (McElroy, Lisa) (Entered: 01/12/2022) |
| 01/12/2022 | 135 | MINUTE entry before the Honorable Joan H. Lefkow: Telephonic motion hearing held on 1/12/2022. For the reasons stated on the record, defendant City of Chicago's motion for entry of Confidentiality Protective Order 130 is denied. Enter Confidentiality Protective Order as submitted by plaintiff's counsel. Mailed notice. (pk, ) (Entered: 01/12/2022) |
| 01/13/2022 | 136 | CONFIDENTIALITY Protective Order. Signed by the Honorable Joan H. Lefkow on 1/13/2022. Mailed notice. (pk, ) (Entered: 01/13/2022) |
| 03/08/2022 | 137 | MINUTE entry before the Honorable Joan H. Lefkow: Telephone status hearing held. Discovery is reopened and extended to 6/30/2022. A status hearing is set for 6/14/2022 at 11:00 a.m. Remote access remains the same as in entry 101 . Mailed notice (ags) (Entered: 03/08/2022) |
| 03/21/2022 | 138 | TRANSCRIPT OF PROCEEDINGS held on 1/12/22 before the Honorable John F. Kness. Order Number: 42420. Court Reporter Contact Information: Nancy LaBella, nlabella.ilnd@gmail.com, 312-435-6890.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through |

| | | | |
|---|---|---|---|
| | | | the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/11/2022. Redacted Transcript Deadline set for 4/21/2022. Release of Transcript Restriction set for 6/20/2022. (Labella, Nancy) (Entered: 03/21/2022) |
| 04/29/2022 | | 139 | MOTION by Attorney Robin Shoffner to withdraw as attorney for Aguirre, Robert Bartik, James Breen, Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris. No party information provided (Nathan, Shneur) (Entered: 04/29/2022) |
| 05/02/2022 | | 140 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 139 is granted. Attorney Robin Denise Shoffner is terminated as counsel for defendants. Mailed notice (ags) (Entered: 05/02/2022) |
| 05/18/2022 | | 141 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for Access to Inventoried Items and Completing of Forensic Imaging of Inventoried Cell Phone *UNOPPOSED* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 05/18/2022) |
| 05/19/2022 | | 142 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for access to inventoried items 141 is granted. Enter Orders. Mailed notice (ags) (Entered: 05/19/2022) |
| 05/19/2022 | | 143 | ORDER For Access to Inventoried Items signed by the Honorable Joan H. Lefkow on 5/19/2022. Mailed notice (ags) (Entered: 05/19/2022) |
| 05/19/2022 | | 144 | ORDER For Access to Inventoried Items and Completion of Forensic Imaging of Inventoried Cell Phone signed by the Honorable Joan H. Lefkow on 5/19/2022. Mailed notice (ags) (Entered: 05/19/2022) |
| 06/02/2022 | 🔒 | 145 | MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* (Rickert, Julia) (Entered: 06/02/2022) |
| 06/03/2022 | | 146 | MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* (Attachments: # 1 Exhibit 1 - Notice of Deposition)(Rickert, Julia) (Entered: 06/03/2022) |
| 06/03/2022 | | 147 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants' response to the motion to compel 145 , 146 is due by 6/9/2022. Mailed notice (ags) (Entered: 06/03/2022) |
| 06/09/2022 | | 148 | RESPONSE by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatorisin Opposition to MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* 145 , MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* 146 *Defendant Officers' Response In Opposition To Plaintiffs' Motion To Compel Defendant Rolston's Appearance At A Deposition* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Adeeyo, Natalie) (Entered: 06/09/2022) |

| 06/09/2022 | 149 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for leave to file *Defendant Officers' Motion For Leave To File Their Response To Plaintiffs' Motion To Compel Defendant Rolston's Appearance At A Deposition Under Seal* (Adeeyo, Natalie) (Entered: 06/09/2022) |
|---|---|---|
| 06/10/2022 | 150 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file under seal 149 is granted. Mailed notice (ags) (Entered: 06/10/2022) |
| 06/10/2022 | 151 | SEALED RESPONSE by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* 146 , MOTION by Plaintiff John Fulton to compel *Defendant Rolston's Appearance at Deposition* 145 *Defendant Officers' Response in Opposition to Plaintiffs' Motion to Compel Defendant Rolston's Appearance at a Deposition* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Adeeyo, Natalie) (Entered: 06/10/2022) |
| 06/14/2022 | 152 | MINUTE entry before the Honorable Joan H. Lefkow: Telephone status hearing held. A ruling on the motion to compel will be made by mail. A status hearing is set for 7/19/2022 at 11:15 a.m. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 402-9753 and the access code is 1564342. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ags) Docket text modified on 6/14/2022 to correct status date (ags). (Entered: 06/14/2022) |
| 06/15/2022 | 153 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to complete discovery *Joint Motion for Extension of Time to Complete Fact Discovery* (Adeeyo, Natalie) (Entered: 06/15/2022) |
| 06/16/2022 | 154 | MINUTE entry before the Honorable Joan H. Lefkow: Joint motion for extension of time to complete discovery 153 is granted. Fact discovery is extended to be due by 9/30/2022. Mailed notice (ags) (Entered: 06/16/2022) |
| 07/12/2022 | 155 | MOTION by Plaintiff John Fulton for leave to file *reply brief in support of motion to compel* (Attachments: # 1 Exhibit Proposed Reply Brief)(Rickert, Julia) (Entered: 07/12/2022) |

| 07/13/2022 | 156 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file reply brief 155 is granted. Mailed notice (ags) (Entered: 07/13/2022) |
|---|---|---|
| 07/13/2022 | 157 | REPLY by John Fulton to sealed response,, 151 (Rickert, Julia) (Entered: 07/13/2022) |
| 07/18/2022 | 158 | MINUTE entry before the Honorable Joan H. Lefkow: The motion to compel (dkts. 145, 146) is granted. The deadline for completing defendant Rolston's deposition is 8/18/22. Rolston may propose a format, schedule, and location that accommodates his medical condition. If the parties are unable to agree on accommodations, either party may file a motion requesting that the court set reasonable accommodations. The status hearing set for 7/19/22 is stricken. Mailed notice. (mgh, ) (Entered: 07/18/2022) |
| 07/19/2022 | 159 | MINUTE entry before the Honorable Joan H. Lefkow: A status hearing is set for 9/27/2022 at 11:00 a.m. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 402-9753 and the access code is 1564342. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ags) (Entered: 07/19/2022) |
| 09/27/2022 | 160 | MINUTE entry before the Honorable Joan H. Lefkow: Telephone status hearing held. Discovery is extended to 11/30/2022. A status hearing is set for 12/6/2022 at 11:00 a.m. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 402-9753 and the access code is 1564342. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ags) (Entered: 09/27/2022) |
| 09/28/2022 | 161 | MOTION by Attorney Alexius C. O'Malley to withdraw as attorney for City of Chicago. No party information provided (O'Malley, Alexius) (Entered: 09/28/2022) |
| 09/29/2022 | 162 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 161 is granted. Attorney Alexius Cruz O'Malley is terminated as counsel for defendant. Mailed notice (ags) (Entered: 09/29/2022) |

| | | |
|---|---|---|
| 12/06/2022 | 163 | MINUTE entry before the Honorable Joan H. Lefkow: Telephone status hearing held. Parties are to submit a proposed schedule for summary judgment motions to proposed_order_lefkow@ilnd.uscourts.gov. A status hearing is set for 4/11/2023 at 11:00 a.m. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing. The call-in number is (877) 402-9753 and the access code is 1564342. Counsel of record will receive an email the day before the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ags) (Entered: 12/06/2022) |
| 12/15/2022 | 164 | MINUTE entry before the Honorable Joan H. Lefkow: The scheduling order [ 98 , as amended from time to time,] is further amended as follows: Plaintiffs shall disclose their experts by 1/31/2023. Defendants may depose Plaintiffs' experts by 2/28/2023. Defendants shall disclose their experts by 3/22/2023. Plaintiffs may depose Defendants' experts by 4/21/2023. Any rebuttal reports shall be served by 5/29/2023. Defendants shall file any motions for summary judgment by 4/10/2023; Plaintiffs shall respond by 5/8/2023. Defendants may reply by 5/22/2023. Mailed notice (ags) (Entered: 12/15/2022) |
| 12/20/2022 | 165 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 4/11/2023 at 11:00 a.m. will proceed in Courtroom 2201. Beginning 1/4/2023, all hearings will be in person. For status hearings in civil cases, counsel appearing more than 35 miles from the courthouse may request to appear by telephone. If you need to appear virtually, send the attached form to Judge Lefkow's courtroom deputy. The deputy will inform you as to whether your request has been approved. Mailed notice (Attachments: # 1 Virtual hearing request form) (ags) (Entered: 12/20/2022) |
| 01/13/2023 | 166 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to compel *DEFENDANTS' MOTION TO COMPEL THE DEPOSITION TESTIMONY OF ATTORNEYS MICHAEL CLANCY AND ELLIOT ZINGER* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Nathan, Shneur) (Entered: 01/13/2023) |
| 01/17/2023 | 167 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Maria Valdez for the purpose of holding proceedings related to: motion to compel 166 . (ags) Mailed notice. (Entered: 01/17/2023) |

| | | |
|---|---|---|
| 01/18/2023 | 168 | MINUTE entry before the Honorable Maria Valdez: This matter has been referred to Judge Valdez for ruling on Defendants' Motion to Compel the Deposition Testimony of Attorneys Michael Clancy and Elliot Zinger 168 . Motion hearing is set for 1/31/23 at 10:30 a.m. in Courtroom 1041. The movants are ordered to serve the deponents with a copy of this order. Mailed notice (lp, ) (Entered: 01/18/2023) |
| 01/30/2023 | 169 | MINUTE entry before the Honorable Maria Valdez: The 1/31/23 presentment of Defendants' Motion to Compel the Deposition Testimony of Attorneys Michael Clancy and Elliot Zinger 168 is stricken. Responsive briefs shall be filed no later than 2/7/23, and the Court will set a motion hearing date after reviewing any responses. The movants are ordered to serve the deponents with a copy of this order. Mailed notice (lp, ) (Entered: 01/30/2023) |
| 01/30/2023 | 170 | MOTION by Plaintiff John Fulton for extension of time *to complete expert discovery and summary judgment deadlines*, MOTION by Plaintiff John Fulton for extension of time to complete discovery (Rickert, Julia) (Entered: 01/30/2023) |
| 01/31/2023 | 171 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to complete discovery and extend summary judgment deadlines 170 is granted. Plaintiffs are to disclose their experts by 2/28/2023. Defendants shall depose Plaintiffs' experts by 3/28/2023. Defendants shall disclose their experts by 4/18/2023. Defendants are to file summary judgment motions by 5/1/2023. Plaintiffs are to depose Defendants' experts by 5/22/2023. Plaintiffs are to file responses to summary judgment motions by 5/31/2023. Defendants shall file reply briefs in support of summary judgment by 6/14/2023. Any rebuttal expert reports is to be disclosed by 6/20/2023. Mailed notice (ags) (Entered: 01/31/2023) |
| 02/07/2023 | 172 | MOTION by Plaintiff John Fulton for extension of time *to file Response to Defendants Motion to Compel* (Heppell, D.) (Entered: 02/07/2023) |
| 02/08/2023 | 173 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Unopposed Motion for Extension of Time to File Response to Defendants' Motion to Compel 172 is granted, and Plaintiff's response is now due 2/9/23. Mailed notice. (exr, ) (Entered: 02/08/2023) |
| 02/10/2023 | 174 | RESPONSE by John Fultonin Opposition to MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to compel *DEFENDANTS& 166* (Heppell, D.) (Entered: 02/10/2023) |
| 02/14/2023 | 175 | MINUTE entry before the Honorable Maria Valdez: Hearing on Defendants' Motion to Compel the Deposition Testimony of Attorneys Michael Clancy and Elliot Zinger 166 is set for 2/28/23 at 10:00 a.m. in Courtroom 1041. Mailed notice. (exr, ) (Entered: 02/14/2023) |
| 02/28/2023 | 176 | MINUTE entry before the Honorable Maria Valdez: Defendants' Motion to Compel the Deposition Testimony of Attorneys Michael Clancy and Elliot Zinger 166 is denied for the reasons stated in open court. All matters related to the referral of this action having been resolved, the case is returned to the assigned judge. Mailed notice (lp, ) (Entered: 02/28/2023) |
| 03/01/2023 | 177 | MOTION by Attorney Brianna J. Siebken to withdraw as attorney for City of Chicago. No party information provided (Fieweger, James) (Entered: |

| 03/02/2023 | 178 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 177 is granted. Attorney Brianna Jane Siebken is terminated as counsel for City of Chicago. Mailed notice (ags) (Entered: 03/02/2023) |
|---|---|---|
| 03/15/2023 | 179 | MOTION by Defendant Cook County for extension of time to complete discovery *re experts* (Gainer, Brian) (Entered: 03/15/2023) |
| 03/16/2023 | 180 | MINUTE entry before the Honorable Joan H. Lefkow: Defendant Cook County's motion for extension of time to complete discovery 179 is granted. Plaintiff's experts shall be deposed by 4/27/2023. Defendant's disclosures shall be completed by 5/18/2023. Defendant's experts shall be deposed by 6/21/2023. Rebuttal expert reports shall be completed by 7/20/2023. Mailed notice (ags) (Entered: 03/16/2023) |
| 03/23/2023 | 181 | ATTORNEY Appearance for Defendant City of Chicago by James Heracklis (Heracklis, James) (Entered: 03/23/2023) |
| 04/10/2023 | 182 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 4/11/2023 is stricken and reset to 5/30/2023 at 11:00 a.m. in courtroom 2201. Mailed notice (ags) (Entered: 04/10/2023) |
| 04/25/2023 | 183 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, Cook County, S. Franco (#40141), Robert Girardi, McRay Judge, Michael Kennedy, Leonard Rolston, Michael Schmitz, Eugene Shepherd, Brian Skora, Joseph Struck, Andrew Varga, Edward Winstead, John Zalatoris for extension of time to file *DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO SUBMIT THEIR EXPERT DISCLOSURES AND SUMMARY JUDGMENT MOTION* (Adeeyo, Natalie) (Entered: 04/25/2023) |
| 04/26/2023 | 184 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file 183 is granted. Defendants shall submit their expert disclosures by 5/31/2023. Any motion for summary judgment shall be filed by 6/9/2023. Responses are due 7/7/2023; replies 7/28/2023. The status hearing set for 5/30/2023 is stricken. Mailed notice (ags) (Entered: 04/26/2023) |
| 05/05/2023 | 185 | MOTION by Defendant City of Chicago to bifurcate *Plaintiffs' Monell claims [Agreed]* (Bess, Michael) (Entered: 05/05/2023) |
| 05/08/2023 | 186 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to bifurcate claims 185 is granted. Plaintiffs' Monell claims are bifurcated. Mailed notice (ags) (Entered: 05/08/2023) |
| 05/30/2023 | 187 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time *to disclose expert Diana Goldstein* (Adeeyo, Natalie) (Entered: 05/30/2023) |
| 05/31/2023 | 188 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time 187 is granted. Defendants have until June 7, 2023, to disclose their expert Dr. Diana Goldstein. Mailed notice (ags) (Entered: 05/31/2023) |
| 06/05/2023 | 189 | ATTORNEY Appearance for Defendant City of Chicago by Veronica Mantilla (Mantilla, Veronica) (Entered: 06/05/2023) |

| Date | No. | Description |
|---|---|---|
| 06/05/2023 | 190 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to file *DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE THEIR MOTION FOR SUMMARY JUDGMENT*<br><br>(Brill, Breana) (Entered: 06/05/2023) |
| 06/06/2023 | 191 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file 190 is granted. Defendants' motion for summary judgment is extended to be due by 6/12/2023. Response is due by 7/10/2023; reply by 8/1/2023. Mailed notice (ags) (Entered: 06/06/2023) |
| 06/06/2023 | 192 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to file *DEFENDANTS' CORRECTED UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE THEIR MOTION FOR SUMMARY JUDGMENT*<br><br>(Brill, Breana) (Entered: 06/06/2023) |
| 06/07/2023 | 193 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file 192 is granted. Defendants' motion for summary judgment is extended to be due by 6/16/2023. Response is due by 7/14/2023; reply by 8/4/2023. Mailed notice (ags) (Entered: 06/07/2023) |
| 06/07/2023 | 194 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time *Individual City Defendants' second motion for extension of time to disclose expert Dr. Diana Goldstein*<br><br>(Adeeyo, Natalie) (Entered: 06/07/2023) |
| 06/08/2023 | 195 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time 194 is granted. Defendants have until June 8, 2023, to disclose their expert Dr. Diana Goldstein. Mailed notice (ags) (Entered: 06/08/2023) |
| 06/08/2023 | 196 | MOTION by Defendants McRay Judge, Eugene Shepherd, Andrew Varga for leave to file *DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED MATERIAL FACTS EXCEEDING THE FACT LIMIT AND MEMORANDUM OF LAW EXCEEDING THE PAGE LIMIT*<br><br>(Gainer, Brian) (Entered: 06/08/2023) |
| 06/09/2023 | 197 | MOTION by Defendants Andrew Varga, McRay Judge, Cook County, Eugene Shepherd for summary judgment *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*<br><br>(Gainer, Brian) (Entered: 06/09/2023) |
| 06/09/2023 | 198 | DEFENDANTS' JOINT LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED MATERIAL FACTS WITH SUPPORTING EXHIBITS STATEMENT by Cook County, McRay Judge, Eugene Shepherd, Andrew |

| | | |
|---|---|---|
| | | Varga (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, Part 1, # 16 Exhibit O, Part 2, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U)(Gainer, Brian) (Entered: 06/09/2023) |
| 06/09/2023 | 199 | MEMORANDUM *DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT* (Gainer, Brian) (Entered: 06/09/2023) |
| 06/12/2023 | 200 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file excess pages 196 is granted. Defendants are given leave to file up to one hundred (100) statements of facts in their LocalRule 56.1(a) Statement of Undisputed Material Facts and twenty-nine (29) pages, excluding the table of contents and table of cases, in their Memorandum of Law, in support of their combined Motion for Summary Judgment. Mailed notice (ags) (Entered: 06/12/2023) |
| 06/16/2023 | 201 | MOTION by Defendant City of Chicago for leave to file *instanter (unopposed)*<br><br>(Attachments: # 1 Exhibit A - Motion for Summary Judgment, # 2 Exhibit B - Local Rule 56.1(A)(3) Statement of Facts)(Fieweger, James) (Entered: 06/16/2023) |
| 06/16/2023 | 202 | MOTION FOR SUMMARY JUDGMENT *INDIVIDUAL CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION FOR SUMMARY JUDGMENT* (Adeeyo, Natalie) Docket text modified on 8/18/2023 (ags). (Entered: 06/16/2023) |
| 06/18/2023 | 203 | RULE 56 56.1(a)(3) Statement *INDIVIDUAL CITY DEFENDANTS' STATEMENT OF UNCONTESTED MATERIAL FACTS* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15 Part 1, # 16 Exhibit 15 Part 2, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41 Part 1, # 43 Exhibit 41 Part 2, # 44 Exhibit 42, # 45 Exhibit 43 Part 1, # 46 Exhibit 43 Part 2, # 47 Exhibit 44, # 48 Exhibit 45, # 49 Exhibit 46, # 50 Exhibit 47, # 51 Exhibit 48, # 52 Exhibit 49 Part 1, # 53 Exhibit 49 Part 2, # 54 Exhibit 50, # 55 Exhibit 51, # 56 Exhibit 52, # 57 Exhibit 53, # 58 Exhibit 54, # 59 Exhibit 55, # 60 Exhibit 56, # 61 Exhibit 57, # 62 Exhibit 58, # 63 Exhibit 59, # 64 Exhibit 60, # 65 Exhibit 61, # 66 Exhibit 62, # 67 Exhibit 63, # 68 Exhibit 64, # 69 Exhibit 65, # 70 Exhibit 66, # 71 Exhibit 67, # 72 Exhibit 68, # 73 Exhibit 69, # 74 Exhibit 70, # 75 Exhibit 71, # 76 Exhibit 72, # 77 Exhibit 73, # 78 Exhibit 74, # 79 Exhibit 75, # 80 Exhibit 76, # 81 Exhibit 77, # 82 Exhibit 78, # 83 Exhibit 79, # 84 Exhibit 80, # 85 Exhibit 81, # 86 Appendix Exhibit List)(Adeeyo, Natalie) (Entered: 06/18/2023) |
| 06/18/2023 | 204 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard |

| | | |
|---|---|---|
| | | Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for leave to file excess pages *INDIVIDUAL CITY DEFENDANTS' MOTION FOR LEAVE TO FILE LOCAL RULE 56.1(a) STATEMENT OF UNDISPUTED MATERIAL FACTS IN EXCESS OF THE FACT LIMIT AND TO FILE SUMMARY JUDGMENT MOTION IN EXCESS OF THE PAGE LIMIT NUNC PRO TUNC* <br><br> (Adeeyo, Natalie) (Entered: 06/18/2023) |
| 06/18/2023 | 205 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris to seal document *INDIVIDUAL CITY DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS FOR THEIR STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT* <br><br> (Adeeyo, Natalie) (Entered: 06/18/2023) |
| 06/19/2023 | 206 | MOTION by Attorney James O. Heracklis to withdraw as attorney for City of Chicago. No party information provided <br><br> (Fieweger, James) (Entered: 06/19/2023) |
| 06/20/2023 | 207 | MINUTE entry before the Honorable Joan H. Lefkow: Defendant's Motion for leave to file instanter 201 is granted. Defendant City of Chicago shall file its motion for summary judgment by 6/21/2023. Plaintiff's response is due by 7/14/2023; defendant City's reply by 8/4/2023. Defendant's motion for leave to file excess pages 204 is granted. The individual City defendants shall file 228 facts in their Local Rule 56.1(a) Statement of Undisputed Material facts and 55 pages in their Motion for Summary Judgment nunc pro tunc. Motion for leave to file under seal 205 is granted. Motion to withdraw as attorney 206 is granted. Attorney James Heracklis is terminated as counsel for the defendant. Mailed notice (ags) (Entered: 06/20/2023) |
| 06/20/2023 | 208 | SEALED EXHIBIT by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris regarding Rule 56 statement,,,,,,, 203 (Attachments: # 1 Exhibit 24, # 2 Exhibit 50, # 3 Exhibit 51, # 4 Exhibit 52)(Adeeyo, Natalie) (Entered: 06/20/2023) |
| 06/20/2023 | 209 | MOTION by Defendant City of Chicago for summary judgment <br><br> (Fieweger, James) (Entered: 06/20/2023) |
| 06/20/2023 | 210 | RULE 56.1(a)(3) Statement by City of Chicago regarding motion for summary judgment 209 (Fieweger, James) (Entered: 06/20/2023) |
| 06/20/2023 | 211 | DIGITAL EXHIBIT submitted by Individual City Defendants <br><br> For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (jcc, ) (Entered: 06/20/2023) |

| 06/20/2023 | 🔒 212 | (Court only) DIGITAL EXHIBIT submitted by Individual City Defendants (jcc, ) (Entered: 06/20/2023) |
|---|---|---|
| 07/10/2023 | 213 | ATTORNEY Appearance for Defendants Cook County, McRay Judge, Eugene Shepherd, Andrew Varga by Aleeza Fatima Mian (Mian, Aleeza) (Entered: 07/10/2023) |
| 07/11/2023 | 214 | MOTION by Plaintiff John Fulton for extension of time to file response/reply *to motions for summary judgment and for leave to file omnibus response*<br><br>(Rickert, Julia) (Entered: 07/11/2023) |
| 07/12/2023 | 215 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file omnibus response 214 is granted. Plaintiff's response to the motions for summary judgment 197 and 209 are due by 8/30/2023. Defendants' replies are due by 9/29/2023. Mailed notice (ags) (Entered: 07/12/2023) |
| 08/16/2023 | 216 | MOTION by Plaintiff John Fulton for extension of time to file response/reply as to order on motion for extension of time to file response/reply,, terminate motions,, order on motion for relief,,, 215 *(SECOND, UNOPPOSED)*<br><br>(Rickert, Julia) (Entered: 08/16/2023) |
| 08/17/2023 | 217 | MINUTE entry before the Honorable Joan H. Lefkow: Unopposed motion for extension of time to file response 216 is granted. Plaintiff's response to the motions 197 and 209 are extended to be due by 9/6/2023. Defendants' reply is due by 10/6/2023. Mailed notice (ags) (Entered: 08/17/2023) |
| 08/18/2023 | 218 | MINUTE entry before the Honorable Joan H. Lefkow: Minute entry 217 is amended to reflect that the motion for extension of time to file response 216 is granted and applies to motions 197 , 209 , and also 202 which was filed as a memorandum but the court interprets it to be meant as a motion for summary judgment. Plaintiff's response is due by 9/6/2023. Defendant's reply is due by 10/6/2023. Mailed notice (ags) (Entered: 08/18/2023) |
| 09/05/2023 | 219 | MOTION by Plaintiff John Fulton for extension of time to file response/reply as to order on motion for extension of time to file response/reply,, terminate motions,, order on motion for relief,,, 217 *THIRD, UNOPPOSED*<br><br>(Rickert, Julia) (Entered: 09/05/2023) |
| 09/06/2023 | 220 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff's Third Unopposed Motion for extension of time to file response 219 is granted. Plaintiff's Omnibus Responses to motions 202 , 209 , and 197 are due by 10/4/2023. Defendant's Replies are due by 11/6/2023. Mailed notice (smm) (Entered: 09/06/2023) |
| 10/03/2023 | 221 | ATTORNEY Appearance for Plaintiff John Fulton by Alyssa Martinez (Martinez, Alyssa) (Entered: 10/03/2023) |
| 10/04/2023 | 222 | RESPONSE by Plaintiff John Fulton to Rule 56 statement 210 (Rickert, Julia) (Entered: 10/04/2023) |
| 10/04/2023 | 223 | EXHIBIT by Plaintiff John Fulton *Exhibits in Support of Plaintiffs' Consolidated Response in Opposition to Defendants' Motions for Summary Judgement* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit |

9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84, # 85 Exhibit 85, # 86 Exhibit 86)(Rickert, Julia) (Entered: 10/05/2023)

| | | |
|---|---|---|
| 10/05/2023 | 224 | RESPONSE by Plaintiff John Fulton to Rule 56 statement,,,,,,, 203 (Rickert, Julia) (Entered: 10/05/2023) |
| 10/05/2023 | 225 | MOTION by Plaintiff John Fulton for leave to file *OVERSIZED BRIEF* (Rickert, Julia) (Entered: 10/05/2023) |
| 10/05/2023 | 226 | RESPONSE by Plaintiff John Fulton to statement,, 198 (Heppell, D.) (Entered: 10/05/2023) |
| 10/05/2023 | 227 | RULE 56.1(b)(3) Statement *of Additional Facts* (Rickert, Julia) (Entered: 10/05/2023) |
| 10/05/2023 | 228 | MOTION by Plaintiff John Fulton to file instanter *PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT* (Attachments: # 1 Exhibit PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT)(Heppell, D.) (Entered: 10/05/2023) |
| 10/10/2023 | 229 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file oversized brief 225 is granted. Motion to file instanter 228 is granted. Mailed notice (ags) (Entered: 10/10/2023) |
| 10/10/2023 | 230 | RESPONSE by John Fulton in Opposition to MOTION for summary judgment 202 , MOTION by Defendants Andrew Varga, McRay Judge, Cook County, Eugene Shepherd for summary judgment *DEFENDANTS' MOTION FOR SUMMARY JUDGMENT* 197 , MOTION by Defendant City of Chicago for summary judgment 209 (Rickert, Julia) (Entered: 10/10/2023) |
| 10/10/2023 | 231 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to file response/reply *DEFENDANTS'* |

| | | *UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLIES IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS* (Adeeyo, Natalie) (Entered: 10/10/2023) |
|---|---|---|
| 10/11/2023 | 232 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file reply 231 is granted. Defendants' reply to the motion for summary judgment is due by 12/8/2023. Mailed notice (ags) (Entered: 10/11/2023) |
| 10/31/2023 | 233 | MOTION by Attorney Sam Heppell to withdraw as attorney for John Fulton. No party information provided (Heppell, D.) (Entered: 10/31/2023) |
| 11/01/2023 | 234 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 233 is granted. Attorney D. Samuel Heppell is terminated as counsel for plaintiff. Mailed notice (ags) (Entered: 11/01/2023) |
| 11/13/2023 | 235 | SUGGESTION of Death as to Leonard Rolston (Adeeyo, Natalie) (Entered: 11/13/2023) |
| 11/27/2023 | 236 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for extension of time to file response/reply *DEFENDANTS' UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO FILE REPLIES IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS* (Adeeyo, Natalie) (Entered: 11/27/2023) |
| 11/28/2023 | 237 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to reply 236 is granted. The individual defendants' reply to the motion for summary judgment 202 is extended to be due by 12/22/2023. Mailed notice (ags) (Entered: 11/28/2023) |
| 12/19/2023 | 238 | MOTION by Attorney Veronica A. Mantilla to withdraw as attorney for City of Chicago. No party information provided (Fieweger, James) (Entered: 12/19/2023) |
| 12/20/2023 | 239 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw as attorney 238 is granted. Attorney Veronica Mantilla is terminated as counsel for defendant City of Chicago. Mailed notice (ags) (Entered: 12/20/2023) |
| 12/22/2023 | 240 | MEMORANDUM by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris in support of motion for summary judgment 202 *INDIVIDUAL CITY DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR PARTIAL MOTION FOR SUMMARY JUDGMENT* (Attachments: # 1 Appendix, # 2 Exhibit EX 83, # 3 Exhibit EX 84, # 4 Exhibit EX 85)(Adeeyo, Natalie) (Entered: 12/22/2023) |
| 12/22/2023 | 241 | RESPONSE by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, Cook County, S. Franco (#40141), Robert Girardi, McRay Judge, Michael Kennedy, Leonard Rolston, Michael Schmitz, Eugene Shepherd, Brian Skora, Joseph Struck, Andrew Varga, Edward Winstead, John Zalatoris |

| | | | |
|---|---|---|---|
| | | | to Rule 56 statement 227 *INDIVIDUAL CITY DEFENDANTS AND COUNTY DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS* (Attachments: # 1 Exhibit EX 86, # 2 Exhibit EX 87, # 3 Exhibit EX 88, # 4 Exhibit EX 89, # 5 Exhibit EX 90, # 6 Exhibit EX 91) (Adeeyo, Natalie) (Entered: 12/22/2023) |
| 12/22/2023 | | 242 | REPLY by Defendant City of Chicago to response in opposition to motion, 230 , motion for summary judgment 209 *Defendant City of Chicago's Reply in Support of Summary Judgment* (Fieweger, James) (Entered: 12/22/2023) |
| 12/22/2023 | | 243 | MOTION by Defendants Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris for leave to file excess pages *INDIVIDUAL CITY DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN EXCESS OF THE FACT LIMIT AND TO FILE SUMMARY JUDGMENT REPLY IN EXCESS OF THE PAGE LIMIT NUNC PRO TUNC*<br><br>(Adeeyo, Natalie) (Entered: 12/22/2023) |
| 12/22/2023 | | 244 | MOTION by Defendants Cook County, McRay Judge, Eugene Shepherd, Andrew Varga for leave to file excess pages *DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR REPLY BRIEF EXCEEDING THE PAGE LIMIT, INSTANTER*<br><br>(Gainer, Brian) (Entered: 12/22/2023) |
| 12/22/2023 | | 245 | REPLY by Defendants Cook County, McRay Judge, Eugene Shepherd, Andrew Varga *COUNTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT* (Gainer, Brian) (Entered: 12/22/2023) |
| 12/27/2023 | | 246 | DIGITAL EXHIBIT submitted by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (emc, ) (Entered: 12/27/2023) |
| 12/27/2023 | 🔒 | 247 | (Court only) DIGITAL EXHIBIT submitted by Aguirre, Robert Bartik, James Breen, Richard Cervenka, S. Franco (#40141), Robert Girardi, Michael Kennedy, Leonard Rolston, Michael Schmitz, Brian Skora, Joseph Struck, Edward Winstead, John Zalatoris (emc, ) (Entered: 12/27/2023) |
| 12/28/2023 | | 248 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be |

| | | |
|---|---|---|
| | | electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/02/2024 | 249 | MINUTE entry before the Honorable Joan H. Lefkow: Motions for leave to file excess pages 243 and 244 are granted. Mailed notice (ags) (Entered: 01/02/2024) |
| 03/08/2024 | 250 | ATTORNEY Appearance for Defendant City of Chicago by Ashni Gandhi (Gandhi, Ashni) (Entered: 03/08/2024) |
| 03/14/2024 | 251 | NOTICE by Breana Lynn Brill of Change of Address (Brill, Breana) (Entered: 03/14/2024) |
| 03/15/2024 | 252 | NOTICE by Breana Lynn Brill of Change of Address *(CORRECTED)* (Brill, Breana) (Entered: 03/15/2024) |
| 03/15/2024 | 253 | NOTICE by Natalie Adeeyo of Change of Address (Adeeyo, Natalie) (Entered: 03/15/2024) |
| 03/15/2024 | 254 | NOTICE by Shneur Z. Nathan of Change of Address (Nathan, Shneur) (Entered: 03/15/2024) |
| 03/19/2024 | 255 | NOTICE by Avi T. Kamionski of Change of Address (Kamionski, Avi) (Entered: 03/19/2024) |
| 03/22/2024 | 256 | OPINION and ORDER: For the foregoing reasons, the County Defendants' motion for summary judgment (dkt. 197 ) and the Police Officer Defendants' motion for partial summary judgment (dkt. 202 ) are granted in part and denied in part and the City's motion for summary judgment (dkt. 209 ) is denied. Defendants Aguirre, Cervenka, Kennedy, Schmitz, and Skora, as well as the "Unknown Chicago Police Officers" referenced in plaintiffs' complaints, are dismissed from the case. On Count I, the court grants summary judgment to Defendants Bartik, Rolston, Winstead, and Franko and denies summary judgment to Defendant Judge and the remaining Police Officer Defendants. On Count II, the court grants summary judgment to Defendants Rolston, Franko, and Varga and denies summary judgment to Defendants Judge, Zalatoris, Breen, Bartik, Girardi, Struck, and Winstead. On Count III, the court denies summary judgment to Defendant Shepherd and the Police Officer Defendants. On Count IV, summary judgment is granted to all defendants except Defendant Shepherd. On Count VI, the court grants summary judgment to Defendant Shepherd and denies summary judgment to Defendants Judge, Bartik, Franko, and Winstead. On Count VII, the court grants summary judgment to Defendant Shepherd and denies summary judgment to the Police Officer Defendants. On Count IX, the court denies summary judgment to Defendant Shepherd and the Police Officer Defendants. On Count X, the court denies summary judgment to all Defendants. On Count XI, the court grants summary judgment to Defendant Shepherd and denies summary judgment to the Police Officer Defendants. Finally, the court denies the City's motion for summary judgment on Counts XII and XIII and denies Cook County's motion for summary judgment on Count XIII. A status hearing is set for 4/17/2024 at |

| | | 9:45 a.m. in courtroom 2201. Signed by the Honorable Joan H. Lefkow on 3/22/2024. Mailed notice (ags) (Entered: 03/22/2024) |
|---|---|---|
| 04/17/2024 | 257 | MINUTE entry before the Honorable Joan H. Lefkow: Status hearing held. The parties shall notify the courtroom deputy of a mutually agreeable 3-week trial date. A tracking status hearing is set for 5/15/2024 at 9:45 a.m. (no appearance necessary unless requested)Mailed notice (ags) (Entered: 04/17/2024) |
| 04/26/2024 | 258 | STATUS Report *JOINT* by John Fulton<br><br>(Rickert, Julia) (Entered: 04/26/2024) |
| 04/30/2024 | 259 | MINUTE entry before the Honorable Joan H. Lefkow: The Court sets a 3 week jury trial to begin on 1/31/2025 at 9:00 a.m. Parties are each to submit to chambers by 12/4/2024 the following: proposed voir dire, proposed jury instructions, proposed verdict form, list of all witnesses to be called, exhibit list, any stipulations (as to facts or the admissibility of exhibits), and a brief agreed statement summarizing the case to be read to the jury. Any motions in limine must be filed no later than 12/4/2024; responses by 12/11/2024. Final pretrial conference is set for 12/18/2024 at 1:30 p.m. in courtroom 2201. Parties shall bring copies of any disputed exhibits to the final pretrial conference. The status hearing set for 5/15/2024 is stricken. The parties may contact the courtroom deputy if the parties have an earlier mutually agreeable trial date available. Mailed notice (ags) (Entered: 04/30/2024) |
| 08/12/2024 | 260 | MOTION by Defendants Joseph Struck, Robert Bartik, S. Franco (#40141), Edward Winstead, John Zalatoris, Robert Girardi, James Breen, Leonard Rolston to dismiss *INDIVIDUAL CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS AGAINST DEFENDANT LEONARD ROLSTON PURSUANT TO FRCP 25(a)(1)*<br><br>(Adeeyo, Natalie) (Entered: 08/12/2024) |
| 08/14/2024 | 261 | MINUTE entry before the Honorable Joan H. Lefkow: A motion hearing on the motion to dismiss 260 is set for 8/28/2024 at 9:30 a.m. in courtroom 2201. Mailed notice (ags) (Entered: 08/14/2024) |
| 08/28/2024 | 262 | MINUTE entry before the Honorable Joan H. Lefkow: Motion hearing held. As there is no objection, the motion to dismiss 260 is granted. Leonard Rolston is terminated as defendant. Mailed notice (ags) (Entered: 08/28/2024) |
| 10/02/2024 | 263 | MINUTE entry before the Honorable Joan H. Lefkow: Minute entry 259 is amended to correct a typo. The 3-week jury trial will begin on 1/13/2025 at 9:00 a.m. and will be held in courtroom 1725. Mailed notice (ags) (Entered: 10/02/2024) |
| 10/10/2024 | 264 | MINUTE entry before the Honorable Joan H. Lefkow: With agreement of the parties, the 3-week jury trial set for 1/13/2025 is stricken and reset to begin on 2/10/2025 at 9:30 a.m. All other aspects of pretrial conference and deadlines remain the same. Parties are each to submit to chambers by 12/4/2024 the following: proposed voir dire, proposed jury instructions, proposed verdict form, list of all witnesses to be called, exhibit list, any stipulations (as to facts or the admissibility of exhibits), and a brief agreed statement summarizing the case to be read to the jury. Any motions in limine must be filed no later than 12/4/2024; responses by 12/11/2024. Final pretrial conference is set for 12/18/2024 at 1:30 p.m. in courtroom 2201. Parties shall bring copies of any |

| | | disputed exhibits to the final pretrial conference. Mailed notice (ags) (Entered: 10/10/2024) |
|---|---|---|
| 10/29/2024 | 265 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *CITY DEFENDANTS' MOTION TO SET A SETTLEMENT CONFERENCE*<br><br>(Nathan, Shneur) (Entered: 10/29/2024) |
| 10/30/2024 | 266 | MINUTE entry before the Honorable Joan H. Lefkow: A motion hearing is set regarding the motion for settlement conference 265 on 11/6/2024 at 9:30 a.m. in courtroom 2201. Mailed notice (ags) (Entered: 10/30/2024) |
| 10/30/2024 | 267 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *CITY DEFENDANTS' MOTION TO SET A SETTLEMENT CONFERENCE*<br><br>265 (Rickert, Julia) (Entered: 10/30/2024) |
| 11/06/2024 | 268 | MINUTE entry before the Honorable Joan H. Lefkow: Motion hearing held. Plaintiffs shall make a demand on defendants by 11/13/2024 and may inform the court in camera. Mailed notice (ags) (Entered: 11/06/2024) |
| 11/21/2024 | 269 | MINUTE entry before the Honorable Joan H. Lefkow: The court sets a settlement conference for 12/3/2024 at 1:00 p.m. in courtroom 2201. Mailed notice (ags) (Entered: 11/21/2024) |
| 11/21/2024 | 270 | MINUTE entry before the Honorable Joan H. Lefkow: City Defendants' Motion to Set a Settlement Conference (dkt. 265) is granted. The court sets a settlement conference for 12/3/2024 at 1:00 p.m. in courtroom 2201 before the district judge. Plaintiffs shall be present if possible. The parties are to exchange written settlement letters by 12/2/2024 that include: (a) an explanation of the evidence in support of the party's position and/or harmful to the opponent's position; (b) a discussion of the legal principles on which the parties rely to establish or refute liability; and (c) a specific settlement demand or offer. The written settlement positions shall be no greater than five pages in length and must also be submitted to the court's proposed order email inbox. The deadline for pretrial filings and motions in limine set for 12/4/2024 is stricken and reset to 12/9/2024. The deadline for responses to motions in limine set for 12/11/2024 is stricken and reset to 12/16/2024. Mailed notice (ags) (Entered: 11/21/2024) |
| 12/05/2024 | 271 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for extension of time to file *INDIVIDUAL CITY DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PREFTRIAL FILINGS AND MOTIONS IN LIMINE*<br><br>(Adeeyo, Natalie) (Entered: 12/05/2024) |
| 12/06/2024 | 272 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants unopposed motion for extension of time 271 is granted. The parties shall have until 12/12/2024 to file all pretrial filings, Daubert motions, and motions in limine. Mailed notice. (sxh, ) (Entered: 12/06/2024) |
| 12/10/2024 | 273 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for extension |

| | | |
|---|---|---|
| | | of time *INDIVIDUAL CITY DEFENDANTS' SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL FILINGS AND TO RESET THE FINAL PRETRIAL CONFERENCE DATE*<br><br>(Adeeyo, Natalie) (Entered: 12/10/2024) |
| 12/11/2024 | 274 | ATTORNEY Appearance for Plaintiff John Fulton by Fatima Ladha (Ladha, Fatima) (Entered: 12/11/2024) |
| 12/11/2024 | 275 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants' second unopposed motion for extension of time 273 is granted in part. The parties shall have until 12/18/2024 to file all pretrial filings, Daubert motions, and motions in limine. The parties shall respond to all pretrial filings, including motions in limine and Daubert motions by 1/8/2025. Final pretrial conference is reset to 1/16/2024 at 10:00 a.m. in courtroom 2201. Mailed notice. (sxh, ) (Entered: 12/11/2024) |
| 12/17/2024 | 276 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *INDIVIDUAL CITY DEFENDANTS' AGREED MOTION TO RESET THE FINAL PRETRIAL CONFERENCE DATE*<br><br>(Adeeyo, Natalie) (Entered: 12/17/2024) |
| 12/18/2024 | 277 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants' agreed upon motion to reset the pretrial conference 276 is granted. The final pretrial conference is reset to 1/29/2025 at 1:00 p.m. in courtroom 2201. Mailed notice. (mma, ) (Entered: 12/18/2024) |
| 12/18/2024 | 278 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to bar *INDIVIDUAL CITY DEFENDANTS' RULE 702 MOTION TO BAR PLAINTIFFS' POLICE PRACTICES EXPERT ROBERT BUB*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 279 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to bar *INDIVIDUAL CITY DEFENDANTS' RULE 702 MOTION TO BAR PLAINTIFFS' FALSE CONFESSIONS EXPERT RICHARD LEO*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 280 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *MOTION TO EXCLUDE PLAINTIFFS' POLYGRAPH EXPERT DANIEL SOSNOWSKI*<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 281 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for leave to file excess pages *INDIVIDUAL CITY DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE ENLARGED BRIEFS FOR THEIR RULE 702 MOTIONS TO BAR PLAINTIFFS' EXPERTS* |

| 12/18/2024 | 282 | PROPOSED Jury Instructions by John Fulton (Rickert, Julia) (Entered: 12/18/2024) |
|---|---|---|
| 12/18/2024 | 283 | MOTION by Plaintiff John Fulton to bar DIANA GOLDSTEIN, DEFENDANTS' PURPORTED EXPERT IN FALSE CONFESSIONS<br><br>(Attachments: # 1 Exhibit 1 - Leo CV, # 2 Exhibit 2 - Goldstein Dep, # 3 Exhibit 3 - Goldstein CV, # 4 Exhibit 4 - Goldstein Report)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 284 | PRETRIAL Memorandum (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 285 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS' OMNIBUS MOTION IN LIMINE*<br><br>(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 286 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for leave to file excess pages *INDIVIDUAL CITY DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE AN ENLARGED BRIEF FOR THEIR OMNIBUS MOTION IN LIMINE NUNC PRO TUNC*<br><br>(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 287 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 24 TO EXCLUDE ANY OPINION TESTIMONY REGARDING BELIEFS REGARDING PLAINTIFFS ACTUAL INNOCENCE*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 288 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 25 TO BAR PLAINTIFFS INADEQUATELY DISCLOSED 404(B) WITNESSES*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 289 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 26 TO BAR EVIDENCE AND THEORIES THAT WERE NOT DISCLOSED IN PLAINTIFFS RESPONSES TO CONTENTION INTERROGATORIES*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 290 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine |

| | | |
|---|---|---|
| | | *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 27 TO BAR ARGUMENT OR REFERENCE THAT THE DENIAL OF PLAINTIFFS CERTIFICATE OF INNOCENCE PETITIONS WERE OVERTURNED ON APPEAL AND NOW PENDING ON REMAND*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 291 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 28 TO BAR PLAINTIFFS FROM ALLEGING LIABILITY AGAINST OFFICERS WITHOUT ANY PERSONAL INVOLVEMENT*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 292 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 29 TO BAR PLAINTIFFS FROM INTRODUCING EVIDENCE AND TESTIMONY REGARDING THE SUPPRESSION OF ANTONIO SHAWS CONFESSION AND RELATED HEARINGS*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 293 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for leave to file *INDIVIDUAL CITY DEFENDANTS MOTION FOR LEAVE TO FILE THEIR MOTION IN LIMINE NO. 30 AND ITS EXHIBITS UNDER SEAL*<br><br>(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 294 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 31 TO BAR ARGUMENT THAT DEFENDANT OFFICERS EXHIBITED IMPROPER POLICE CONDUCT RELATING TO ANTONIO SHAW AND JOHNITTA GRIFFINS AGE*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 295 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 32 TO BAR ARGUMENT THAT PLAINTIFFS SHOULD BE COMPENSATED FOR BEING DETAINED FOR LONGER THAN 48 HOURS AND BAR EVIDENCE OF PRIOR SETTLEMENT*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 296 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 33 TO BAR* |

*ARGUMENT THAT THE UNDERLYING POLICE INVESTIGATION WAS RACIALLY MOTIVATED*

(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 12/18/2024)

| | | |
|---|---|---|
| 12/18/2024 | 297 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 34 TO BAR MENTION, EVIDENCE, OR ARGUMENT OF ALTERNATIVE SUSPECT THEORIES THAT LACK FOUNDATION*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 298 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 35 TO ADMIT EVIDENCE OF FULTONS GANG AFFILIATION*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 299 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 36 TO BAR PLAINTIFFS FROM OFFERING EVIDENCE OR ARGUMENT FOR THE CALCULATION OF DAMAGES ACCORDING TO A UNIT-OF-TIME ANALYSIS*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 300 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 37 TO BAR PLAINTIFFS COUNSEL FROM REFERRING TO HIS OWN FAMILY DURING TRIAL*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 301 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 38 TO BAR PLAINTIFF FROM ARGUING A FABRICATION CLAIM BASED UPON POLICE REPORT DOCUMENTING INTERVIEW OF SID TAYLOR*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 302 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 39 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM PRESENTING EVIDENCE OR ARGUMENTS REGARDING ALLEGED ABUSE OR OF CONDITIONS OF CONFINEMENT EXPERIENCED WHILE DETAINED IN JAIL AND PRISON*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |

| | | |
|---|---|---|
| 12/18/2024 | 303 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 40 TO BAR EVIDENCE OR MENTION OF PLAINTIFF ANTHONY MITCHELLS ALIBI*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 304 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 41 TO BAR MENTION OR EVIDENCE OF THE MONETARY AMOUNTS PLAINTIFFS PAID FOR THEIR CRIMINAL DEFENSE ATTORNEYS*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 305 | MOTION by Plaintiff John Fulton Motion to Exclude Portions of Defense Expert Joseph Pollini's Opinions Based on his Credibility Determinations<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Ainsworth, Russell) (Entered: 12/18/2024) |
| 12/18/2024 | 306 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 42 TO BAR ANY REFERENCE, TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT LOST WAGES AND LOST CAREER OR EDUCATIONAL OPPORTUNITIES*<br><br>(Attachments: # 1 Exhibit 1 - Part 1, # 2 Exhibit 1 - Part 2, # 3 Exhibit 1 - Part 3, # 4 Exhibit 1 - Part 4, # 5 Exhibit 1 - Part 5, # 6 Exhibit 1 - Part 6, # 7 Exhibit 2, # 8 Exhibit 3, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 307 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 43 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM CLAIMING THAT THEIR CONVICTIONS WERE REVERSED BASED ON A FINDING OF INNOCENCE*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 - Part 1, # 6 Exhibit 5 - Part 2, # 7 Exhibit 6 - Part 1, # 8 Exhibit 6 - Part 2, # 9 Exhibit 7)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 308 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 44 TO BAR PLAINTIFFS FROM PRESENTING EVIDENCE OF DEFENDANT OFFICER FRANKOS INVOLVEMENT IN THE LAQUAN MCDONALD INCIDENT*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 309 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 45 TO BAR* |

| | | |
|---|---|---|
| | | *EVIDENCE THAT CHRISTOPHER COLLAZO AND MARCUS MARINELLI WERE GANG MEMBERS*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 310 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 46 TO ADMIT FULTONS TESTIMONY THAT HE WAS SUED BY CHRISTOPHER COLLAZOS ESTATE AND THAT FULTON MADE A PAYMENT AS A RESULT OF THAT LAWSUIT*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 311 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 47 TO BAR MENTION OF PENDING LAWSUIT BROUGHT AGAINST ASSISTANT STATE ATTORNEY JACOB RUBINSTEIN*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 12/18/2024) |
| 12/18/2024 | 312 | MOTION by Plaintiff John Fultonin limine *No. 1 To Bar Defendants From Arguing That Plaintiffs' Criminal Defense Counsel Were Ineffective*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 313 | MOTION by Plaintiff John Fultonin limine *No. 2 To Bar Reference to the Erroneous Denial of Plaintiffs' Certificates of Innocence*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 314 | MOTION by Plaintiff John Fultonin limine *No. 3 To Bar the Videotape of Mitchell's Confession*<br><br>(Attachments: # 1 Exhibit A - Mitchell Dep)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 315 | MOTION by Plaintiff John Fultonin limine *No. 4 To Bar Reference to Plaintiffs, Shaw, or Griffin Being Affiliated With A Street Gang*<br><br>(Attachments: # 1 Exhibit A - Griffin Dep, # 2 Exhibit B - ROP 8.23.2006) (Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 316 | MOTION by Plaintiff John Fultonin limine *No. 5 To Bar The State Court's Rulings on Plaintiffs' Motions to Suppress Their Confessions*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 317 | MOTION by Plaintiff John Fultonin limine *No. 6 To Bar Evidence of Criminal Convictions and Prior Bad Acts of Non-Party Witnesses*<br><br>(Attachments: # 1 Exhibit A - Def Zalatoris Resp to PL ROG 4)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 318 | MOTION by Plaintiff John Fultonin limine *No. 7 To Bar References To Plaintiffs' Arrests Or Convictions Prior To The Collazo Murder* |

(Attachments: # 1 Exhibit A - Mitchell Dep, # 2 Exhibit B - Fulton Criminal History Report)(Rickert, Julia) (Entered: 12/18/2024)

| | | |
|---|---|---|
| 12/18/2024 | 319 | MOTION by Plaintiff John Fultonin limine *No. 8 To Bar All Mention Of Plaintiff Anthony Mitchell's Criminal Convictions And Wrong Acts Evidence*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 320 | MOTION by Plaintiff John Fultonin limine *No. 9 To Bar Mention Of Dismissed Defendants, Claims, and Lawsuits*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 321 | MOTION by Plaintiff John Fultonin limine *No. 10 To Bar References To Plaintiffs' Personal Sexual Histories or Interests*<br><br>(Attachments: # 1 Exhibit A - Video Rental Receipt, # 2 Exhibit B - Mitchell Dep, # 3 Exhibit C - Henderson Dep)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 322 | MOTION by Plaintiff John Fultonin limine *No. 11 To Bar Recordings of Plaintiffs' Phone Calls While In Custody*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 323 | MOTION by Plaintiff John Fultonin limine *No. 12 To Bar Hearsay Statement of Plaintiff Fulton's Grandfather Regarding A Gasoline Can Recovered From His Garage*<br><br>(Attachments: # 1 Exhibit A - GPR 3.10.03, # 2 Exhibit B - Photos of Gas Can)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 324 | MOTION by Plaintiff John Fultonin limine *No. 13 To Bar All References To A Non-Functional Gun Possessed By Plaintiff Fulton*<br><br>(Attachments: # 1 Exhibit A - Fulton Dep, # 2 Exhibit B - Mitchell Dep, # 3 Exhibit C - Shaw Dep, # 4 Exhibit D - Henderson Dep)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 325 | MOTION by Plaintiff John Fultonin limine *No. 14 To Bar Reference To Defendants' Commendations Or Awards*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 326 | MOTION by Plaintiff John Fultonin limine *No. 15 To Bar Arguments Appealing To Jurors' Pecuniary Interests As Taxpayers*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 327 | MOTION by Plaintiff John Fultonin limine *No. 16 To Bar Any Reference To The Individual Defendants' Financial Inability To Pay A Judgement For Compensatory Damages*<br><br>(Rickert, Julia) (Entered: 12/18/2024) |
| 12/18/2024 | 328 | MOTION by Defendants McRay Judge, Andrew Varga, Eugene Shepherd, Cook Countyin limine *omnibus*<br><br>(Gainer, Brian) (Entered: 12/18/2024) |

| | | |
|---|---|---|
| 12/18/2024 | 329 | PROPOSED Pretrial Order *County Defendants' Pre-Trial Submissions* (Gainer, Brian) (Entered: 12/18/2024) |
| 12/18/2024 | 330 | PRETRIAL Memorandum (Attachments: # 1 Exhibit A - Plaintiffs' Statement of the Case, # 2 Exhibit B - Plaintiffs' Obj to Indiv City Def Ex List, # 3 Exhibit C - Plaintiffs' Obj to Indiv City Def Witness List, # 4 Exhibit D - Joseph Pollini Dep Designations, # 5 Exhibit E - Johnitta Griffin Dep Designations, # 6 Exhibit F - Bob Beris Designations, # 7 Exhibit G - Sid Taylor Designations, # 8 Exhibit H - Leonard Rolston Vol 1 Designations, # 9 Exhibit I - Leonard Rolston Vol 2 Designations, # 10 Exhibit J - Leonard Rolston Crim Trial Designations, # 11 Exhibit K - Plaintiffs' Proposed Voir Dire, # 12 Exhibit L - Plaintiffs' Verdict Form)(Rickert, Julia) (Entered: 12/18/2024) |
| 12/19/2024 | 331 | MINUTE entry before the Honorable Joan H. Lefkow: Individual City Defendants unopposed motion for leave to file enlarged briefs for their Rule 702 motions to bar plaintiffs' experts 281 and omnibus motion in limine nunc pro tunc 286 and motion for leave to file their motion in limine no. 30 and its exhibits under seal 293 are granted. Mailed notice. (mgh, ) (Entered: 12/19/2024) |
| 12/19/2024 | 332 | SEALED MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 30 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM MENTIONING THE 2007 CIVIL LAWSUIT AND SHAWS SETTLEMENT PAYMENT* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nathan, Shneur) (Entered: 12/19/2024) |
| 12/27/2024 | 333 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/28/2024) |
| 01/08/2025 | 334 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to bar *INDIVIDUAL CITY DEFENDANTS' RULE 702 MOTION TO BAR PLAINTIFFS' POLICE PRACTICES EXPERT ROBERT B 278 (Attachments: # 1 Exhibit A) (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 335 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 27 TO BAR ARGUMENT OR* |

| | | |
|---|---|---|
| | | REFERENCE THAT THE DENIAL OF PLAINTIFF 290 (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 336 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *MOTION TO EXCLUDE PLAINTIFFS' POLYGRAPH EXPERT DANIEL SOSNOWSKI* 280 (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 337 | RESPONSE by S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin Opposition to MOTION by Plaintiff John Fulton to bar DIANA GOLDSTEIN, DEFENDANTS' PURPORTED EXPERT IN FALSE CONFESSIONS 283 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 338 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion for miscellaneous relief 305 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 339 | OBJECTIONS *to Defendants' Proposed Jury Instructions* (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 340 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 312 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 341 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 313 (Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 342 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 314 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 343 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 315 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 344 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 316 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 345 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 317 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 346 | RESPONSE by Plaintiff John Fulton, Defendants Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to |

| | | |
|---|---|---|
| | | motion in limine, 318 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 347 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 319 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 348 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 320 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 349 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine, 321 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 350 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 322 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 351 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine, 323 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 352 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine, 324 (Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 353 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 325 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 354 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 326 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 355 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to motion in limine 327 (Adeeyo, Natalie) (Entered: 01/08/2025) |
| 01/08/2025 | 356 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 28 TO BAR PLAINTIFFS FROM ALLEGING LIABILITY AGAINST OFFICE 291 (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 357 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 47 TO BAR MENTION OF PENDING LAWSUIT BROUGHT AGAINST ASS 311 (Ladha, Fatima) (Entered: 01/08/2025)* |

Case: 26-1956          Document: 1-1          Filed: 05/01/2026          Pages: 133          (109 of 133)

| | | |
|---|---|---|
| 01/08/2025 | 358 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS' OMNIBUS MOTION IN LIMINE* 285 (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 359 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 31 TO BAR ARGUMENT THAT DEFENDANT OFFICERS EXHIBITED IMPROP 294 (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 360 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 26 TO BAR EVIDENCE AND THEORIES THAT WERE NOT DISCLOSED IN 289 (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 361 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 41 TO BAR MENTION OR EVIDENCE OF THE MONETARY AMOUNTS PL 304 (Ladha, Fatima) (Entered: 01/08/2025)* |
| 01/08/2025 | 362 | RESPONSE by John Fulton to SEALED MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 30 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM MENTIONING THE 2 332 (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 363 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 29 TO BAR PLAINTIFFS FROM INTRODUCING EVIDENCE AND TESTIMON 292 (Ladha, Fatima) (Entered: 01/08/2025)* |
| 01/08/2025 | 364 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 38 TO BAR PLAINTIFF FROM ARGUING A FABRICATION CLAIM BASED 301 (Ainsworth, Russell) (Entered: 01/08/2025)* |
| 01/08/2025 | 365 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 33 TO BAR ARGUMENT THAT THE UNDERLYING POLICE INVESTIGATION 296 (Ladha, Fatima) (Entered: 01/08/2025)* |
| 01/08/2025 | 366 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 32 TO BAR ARGUMENT THAT PLAINTIFFS SHOULD BE COMPENSATED FO 295 (Ainsworth, Russell) (Entered: 01/08/2025)* |

| 01/08/2025 | 367 | OBJECTIONS *to Plaintiffs' Proposed Jury Instructions* (Adeeyo, Natalie) (Entered: 01/08/2025) |
|---|---|---|
| 01/08/2025 | 368 | RESPONSE by John Fulton to MOTION by Defendants McRay Judge, Andrew Varga, Eugene Shepherd, Cook Countyin limine *omnibus* 328 (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 369 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 42 TO BAR ANY REFERENCE, TESTIMONY, EVIDENCE, OR ARGUMEN 306* (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 370 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 40 TO BAR EVIDENCE OR MENTION OF PLAINTIFF ANTHONY MITCH 303* (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 371 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 37 TO BAR PLAINTIFFS COUNSEL FROM REFERRING TO HIS OWN FAMI 300* (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 372 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 39 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM PRESENTING E 302* (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 373 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 35 TO ADMIT EVIDENCE OF FULTONS GANG AFFILIATION* 298 (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 374 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 36 TO BAR PLAINTIFFS FROM OFFERING EVIDENCE OR ARGUMENT 299* (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 375 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 34 TO BAR MENTION, EVIDENCE, OR ARGUMENT OF ALTERNATIVE SUS 297* (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 376 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 25 TO BAR PLAINTIFFS INADEQUATELY DISCLOSED 404(B) WITNESSE 288* (Ladha, Fatima) (Entered: 01/08/2025) |

| 01/08/2025 | 377 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 46 TO ADMIT FULTONS TESTIMONY THAT HE WAS SUED BY CHRIST* 310 (Ladha, Fatima) (Entered: 01/08/2025) |
|---|---|---|
| 01/08/2025 | 378 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 44 TO BAR PLAINTIFFS FROM PRESENTING EVIDENCE OF DEFENDA* 308 (Ladha, Fatima) (Entered: 01/08/2025) |
| 01/08/2025 | 379 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 43 TO BAR PLAINTIFFS AND THEIR COUNSEL FROM CLAIMING THA* 307 (Ainsworth, Russell) (Entered: 01/08/2025) |
| 01/08/2025 | 385 | DIGITAL EXHIBIT submitted by S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (dec, ) (Entered: 01/10/2025) |
| 01/08/2025 | 🔒 386 | (Court only) DIGITAL EXHIBIT submitted by S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi (dec, ) (Entered: 01/10/2025) |
| 01/09/2025 | 380 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION IN LIMINE NO. 45 TO BAR EVIDENCE THAT CHRISTOPHER COLLAZO AND MARCUS M* 309 (Ladha, Fatima) (Entered: 01/09/2025) |
| 01/09/2025 | 381 | RESPONSE by John Fulton to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardiin limine *INDIVIDUAL CITY DEFENDANTS MOTION LIMINE NO. 24 TO EXCLUDE ANY OPINION TESTIMONY REGARDING BELIEFS REGAR* 287 (Ladha, Fatima) (Entered: 01/09/2025) |
| 01/09/2025 | 382 | OBJECTIONS *to deposition designations* (Rickert, Julia) (Entered: 01/09/2025) |
| 01/09/2025 | 383 | RESPONSE by John Fultonin Opposition to MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to bar *INDIVIDUAL CITY DEFENDANTS' RULE 702 MOTION TO BAR PLAINTIFFS' FALSE CONFESSIONS EXPERT RICHARD* 279 (Attachments: # 1 Report of Dr. Leo, # 2 CV of Dr. Leo)(Rickert, Julia) (Entered: 01/09/2025) |
| 01/09/2025 | 384 | MOTION by Plaintiff John Fulton to file instanter |

(Rickert, Juna) (Entered: 01/09/2025)

| 01/10/2025 | 387 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to file instanter 384 is granted. Mailed notice (ags) (Entered: 01/10/2025) |
|---|---|---|
| 01/13/2025 | 388 | MOTION by Plaintiff John Fulton for leave to appear as Attorney<br><br>(Lyon, Andrea) (Entered: 01/13/2025) |
| 01/13/2025 | 389 | ATTORNEY Appearance for Plaintiff John Fulton by Andrea D. Lyon (Lyon, Andrea) (Entered: 01/13/2025) |
| 01/14/2025 | 390 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to appear 388 is terminated. Mailed notice (ags) (Entered: 01/14/2025) |
| 01/16/2025 | 391 | MINUTE entry before the Honorable Joan H. Lefkow: The court is in receipt of the parties' pretrial materials. (Dkts 284 , 329 , 330 .) The parties are directed to meet and confer to resolve as many objections to the proposed exhibits as is practicable. To the extent the parties continue to object, they should submit the exhibits to the court and be prepared to discuss the exhibits at the pretrial conference. The parties should also work to resolve objections to witness lists and prepare to discuss any outstanding objections at the pretrial conference. Mailed notice (ags) (Entered: 01/16/2025) |
| 01/24/2025 | 392 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi for writ of habeas corpus ad testificandum *INDIVIDUAL CITY DEFENDANTS' UNOPPOSED MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR ANTONIO SHAW*<br><br>(Brill, Breana) (Entered: 01/24/2025) |
| 01/24/2025 | 393 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for writ of habeas corpus ad testificandum 392 is granted. Enter Order and writ. Mailed notice (ags) (Entered: 01/24/2025) |
| 01/24/2025 | 394 | ORDER. Signed by the Honorable Joan H. Lefkow on 1/24/2025. Mailed notice. (jn,) (Entered: 01/27/2025) |
| 01/24/2025 | 395 | WRIT Of Habeus Corpus ad testificandum issued to the U.S. Marshal's Office for services as to Antonio Shaw. Signed by the Honorable Joan H. Lefkow on 1/24/2025. Mailed notice. (jn,) (Entered: 01/27/2025) |
| 01/28/2025 | 396 | ATTORNEY Appearance for Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi by John Michael Cerney (Cerney, John) (Entered: 01/28/2025) |
| 01/29/2025 | 397 | ATTORNEY Appearance for Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi by James Peter Fieweger (Fieweger, James) (Entered: 01/29/2025) |
| 01/29/2025 | 398 | MINUTE entry before the Honorable Joan H. Lefkow: Final pretrial conference held. Jury trial is set to begin on 2/10/2025 at 9:30 a.m. in courtroom 2503. Trial days will be held Monday through Thursday. Mailed notice (ags) (Entered: 01/29/2025) |
| 01/31/2025 | 399 | ORDER regarding Plaintiff's Motions in Limine signed by the Honorable Joan H. Lefkow on 1/31/2025. Mailed notice (ags) (Entered: 01/31/2025) |

| 01/31/2025 | 400 | ORDER regarding Defendants' Motions in Limine signed by the Honorable Joan H. Lefkow on 1/31/2025. Mailed notice (ags) (Entered: 01/31/2025) |
|---|---|---|
| 02/04/2025 | 401 | ORDER: The "Individual Defendants," who were at the time employed by the Chicago Police Department, move under Federal Rule of Evidence 702 to exclude the opinion testimony of plaintiffs' proposed polygraph expert Daniel Sosnowski. (Dkt. 280 .) For the reasons stated herein, the court grants the motion in part and denies it in part. Signed by the Honorable Joan H. Lefkow on 2/4/2025. Mailed notice (ags) (Entered: 02/04/2025) |
| 02/04/2025 | 402 | MOTION by Plaintiff John Fulton for order *PERMITTING TESTIMONY IN PLAINCLOTHES*<br><br>(Attachments: # 1 Exhibit 1 - Proposed Order)(Rickert, Julia) (Entered: 02/04/2025) |
| 02/05/2025 | 403 | OBJECTIONS by S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to pretrial memorandum,, 330 *INDIVIDUAL CITY DEFENDANTS' OBJECTIONS AND RESPONSES TO DEPOSITION AND PRIOR TESTIMONY DESIGNATIONS* (Adeeyo, Natalie) (Entered: 02/05/2025) |
| 02/06/2025 | 404 | MINUTE entry before the Honorable Joan H. Lefkow: By 3:00 p.m. on 2/7/2025, the parties shall work together to jointly submit to chambers in paper copy all final deposition designations with objections clearly marked and reasons stated. Mailed notice (ags) (Entered: 02/06/2025) |
| 02/06/2025 | 405 | ORDER granting motion 402 to permit testimony in plainclothes. Signed by the Honorable Joan H. Lefkow on 2/6/2025. Mailed notice (ags) (Entered: 02/06/2025) |
| 02/06/2025 | 406 | ORDER: The "Individual Defendants," who were at the time employed by the Chicago Police Department, move under Federal Rule of Evidence 702 to exclude the opinion testimony of Plaintiffs' proposed false confession expert, Dr. Richard Leo. (Dkt. 279 .) The motion is granted in part and denied in part. Signed by the Honorable Joan H. Lefkow on 2/6/2025. Mailed notice (ags) (Entered: 02/06/2025) |
| 02/06/2025 | 407 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *SEEKING ORDER FROM COURT TO SEND ITEMS FOR THIRD PARTY WITNESS TESTIFYING WHILE IN CUSTODY*<br><br>(Attachments: # 1 Text of Proposed Order)(Brill, Breana) (Entered: 02/06/2025) |
| 02/06/2025 | 408 | ORDER: The "Individual Defendants," who were at the relevant time employed by the Chicago Police Department, move under Federal Rule of Evidence 702 to exclude the opinion testimony of plaintiffs' proposed police practices expert Robert Bub. (Dkt. 278 .) Plaintiffs move to exclude certain opinions by Individual Defendants' proposed police practices expert Joseph Pollini. (Dkt. 305 .) Because the topics overlap, the court considers these motions together. For the reasons stated below, the court grants Individual Defendants' motion in part and denies it in part. The court grants plaintiffs' motion. Signed by the Honorable Joan H. Lefkow on 2/6/2025. Mailed notice (ags) (Entered: 02/06/2025) |

| Date | | Doc # | Description |
|---|---|---|---|
| 02/07/2025 | | 409 | Designations for Trial by John Fulton *JOINT* (Attachments: # 1 Exhibit 1 - Designations and Objections, # 2 Exhibit 2 - Taylor, # 3 Exhibit 3 - Rolston Testimony, # 4 Exhibit 4 - Rolston Dep Vol I, # 5 Exhibit 5 - Rolston Dep Vol II, # 6 Exhibit 6 - Griffin Dep, # 7 Exhibit 7 - Pollini Dep, # 8 Exhibit 8 - Beris Testimony)(Rickert, Julia) (Entered: 02/07/2025) |
| 02/07/2025 | | 410 | ORDER: Plaintiffs John Fulton and Anthony Mitchell move to exclude the opinions and testimony of Dr. Diana Goldstein, a false confessions expert disclosed by "Individual Defendants" who were at the time employed by the Chicago Police Department, pursuant to Fed. R. Evid. 702 and 703. (Dkt. 283 .) The motion is granted. The remaining Daubert motions are addressed in separate orders. Signed by the Honorable Joan H. Lefkow on 2/7/2025. Mailed notice (ags) (Entered: 02/07/2025) |
| 02/07/2025 | 🔓 | 411 | TRANSCRIPT OF PROCEEDINGS held on 01/29/2025 before the Honorable Joan H. Lefkow. Final Pretrial Conference. Order Number: 50978. Court Reporter Contact Information: Colleen_Conway@ilnd.uscourts.gov or 312.435.5594.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/28/2025. Redacted Transcript Deadline set for 3/10/2025. Release of Transcript Restriction set for 5/8/2025. (Conway, Colleen) (Entered: 02/07/2025) |
| 02/09/2025 | | 412 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi to supplement *THE PRETRIAL ORDER TO INCLUDE A SETOFF*<br><br>(Nathan, Shneur) (Entered: 02/09/2025) |
| 02/10/2025 | | 413 | MOTION by Plaintiff John Fulton to bar Reference to Plaintiffs' Prior Fifth Amendment Invocation<br><br>(Attachments: # 1 Exhibit 1 - Taylor Order, # 2 Exhibit 2 - Gray Order) (Rickert, Julia) (Entered: 02/10/2025) |
| 02/10/2025 | | 414 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/11/2025 at 9:30 a.m. Mailed notice (ags) (Entered: 02/10/2025) |
| 02/10/2025 | | 415 | ATTORNEY Appearance for Plaintiff John Fulton by Isaac M Green (Green, Isaac) (Entered: 02/10/2025) |
| 02/10/2025 | | 416 | Plaintiffs' Verdict Form by John Fulton (Loevy, Jonathan) (Entered: 02/10/2025) |
| 02/11/2025 | | 417 | ORDER granting motion to permit testimony in plainclothes 407 signed by the Honorable Joan H. Lefkow on 2/11/2025. Mailed notice (ags) (Entered: 02/11/2025) |
| 02/11/2025 | | 418 | MOTION by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert GirardiINDIVIDUAL |

| | | |
|---|---|---|
| | | CITY DEFENDANTS' MOTION TO ENFORCE THE COURT'S RULINGS ON MOTION IN LIMINE NO. 32 EXCLUDING EVIDENCE OF THE 48-HOUR RULE VIOLATION AND EXCLUDING ARGUMENT THAT THE LENGTH OF DETENTION WAS ITSELF UNCONSTITUTIONAL<br><br>(Adeeyo, Natalie) (Entered: 02/11/2025) |
| 02/11/2025 | 419 | SEALED DOCUMENT by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *EXHIBIT TO INDIVIDUAL DEFENDANTS' MOTION TO ENFORCE THE COURT'S RULINGS ON MOTION IN LIMINE NO. 32 EXCLUDING EVIDENCE OF THE 48-HOUR RULE VIOLATION AND EXCLUDING ARGUMENT THAT THE LENGTH OF DETENTION WAS ITSELF UNCONSTITUTIONAL* (Adeeyo, Natalie) (Entered: 02/11/2025) |
| 02/11/2025 | 420 | RESPONSE by Defendants S. Franco (#40141), Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert Girardi *RESPONSE TO MOTION TO BAR REFERENCE OR EXAMINATION CONCERNING DECISION OF PLAINTIFFS NOT TO TESTIFY IN PRIOR CIVIL SUIT* (Cerney, John) (Entered: 02/11/2025) |
| 02/11/2025 | 421 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/12/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/11/2025) |
| 02/12/2025 | 422 | MOTION by Plaintiff John Fulton to bar Defendants' Trial Exhibit 112 (IDOC CALL)<br><br>(Rickert, Julia) (Entered: 02/12/2025) |
| 02/12/2025 | 423 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/13/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/12/2025) |
| 02/12/2025 | 424 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to bar 422 is granted as stated on the record. Mailed notice (ags) (Entered: 02/12/2025) |
| 02/13/2025 | 425 | MOTION by Defendants Robert Bartik, John Zalatoris, James Breen, Edward Winstead, Joseph Struck, Robert GirardiINDIVIDUAL CITY DEFENDANTS' MOTION TO ADMIT PRIOR TESTIMONY DESIGNATIONS OF WITNESS JOHNNITTA GRIFFIN<br><br>(Attachments: # 1 Exhibit EX 1, # 2 Exhibit EX 2, # 3 Exhibit EX 3, # 4 Exhibit EX 4, # 5 Exhibit EX 5)(Adeeyo, Natalie) (Entered: 02/13/2025) |
| 02/13/2025 | 426 | ORDER: On February 7, 2025, Plaintiffs John Fulton and Anthony Mitchell and Individual Defendants (collectively, "the parties") submitted joint testimony designations and objections pursuant to the court's order. (Dkts. 404, 409 .) Below are the court's orders regarding the parties' objections to designated testimony from the deposition of witness Johnitta Griffin. Signed by the Honorable Joan H. Lefkow on 2/13/2025. Mailed notice (ags) (Entered: 02/13/2025) |
| 02/13/2025 | 427 | ORDER: On February 7, 2025, Plaintiffs John Fulton and Anthony Mitchell and Individual Defendants (collectively, "the parties") submitted joint testimony designations and objections pursuant to the court's order. (Dkts. 404, 409.) Below are the court's orders regarding the parties' objections to designated testimony from the deposition of witness Johnitta Griffin. Signed |

| | | by the Honorable Joan H. Lefkow on 2/13/2025. Mailed notice (ags) (Entered: 02/13/2025) |
|---|---|---|
| 02/13/2025 | 428 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/18/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/13/2025) |
| 02/16/2025 | 429 | MEMORANDUM by John Fulton *IN FURTHER SUPPORT OF A COUNTY OF RIVERSIDE INSTRUCTION* (Loevy, Jonathan) (Entered: 02/16/2025) |
| 02/18/2025 | 430 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/19/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/18/2025) |
| 02/18/2025 | 431 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris to bar Plaintiffs from offering any evidence or making any reference to Bariks history of obtaining confessions<br><br>(Cerney, John) (Entered: 02/18/2025) |
| 02/18/2025 | 432 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris for declaration of mistrial<br><br>(Cerney, John) (Entered: 02/18/2025) |
| 02/18/2025 | 433 | OBJECTIONS by Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris to MOTION by Plaintiff John Fultonin limine *No. 3 To Bar the Videotape of Mitchell's Confession*<br><br>314 *RENEWED* (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L) (Kamionski, Avi) (Entered: 02/18/2025) |
| 02/19/2025 | 434 | SEALED EXHIBIT by Defendants Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris *Sealed Exhibit C* regarding objections,, 433 (Kamionski, Avi) (Entered: 02/19/2025) |
| 02/19/2025 | 435 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/20/2025 at 9:30 a.m. in courtroom 2503. Mailed notice. (ecw, ) (Entered: 02/19/2025) |
| 02/19/2025 | 437 | DIGITAL EXHIBIT submitted by Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris regarding 433<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (dec, ) (Entered: 02/20/2025) |

| 02/19/2025 | 438 | (Court only) DIGITAL EXHIBIT submitted by Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris regarding 433 (dec, ) (Entered: 02/20/2025) |
|---|---|---|
| 02/20/2025 | 436 | RESPONSE by John Fultonin Opposition to MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris to bar Plaintiffs from offering any evidence or making any reference to Bariks history of obtaining 431 (Loevy, Jonathan) (Entered: 02/20/2025) |
| 02/20/2025 | 439 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/24/2025 at 9:30 a.m. in courtroom 2503. Mailed notice. (smb, ) (Entered: 02/20/2025) |
| 02/23/2025 | 440 | MOTION by Plaintiff John Fulton to enforce *DEFENDANTS' ADMISSION*<br><br>(Attachments: # 1 Exhibit A - Part of TT Vol 6 at 1376-1381, # 2 Exhibit B - Part of FPTC Transcript at 80-82, # 3 Exhibit C - Part of TT Vol 7 at 1788-1789)(Loevy, Jonathan) (Entered: 02/23/2025) |
| 02/23/2025 | 441 | PLAINTIFFS' PROPOSED INSTRUCTION AS TO INDEMNIFICATION by John Fulton (Rickert, Julia) (Entered: 02/23/2025) |
| 02/23/2025 | 442 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris to bar 608(b) Evidence Against Bartik<br><br>(Cerney, John) (Entered: 02/23/2025) |
| 02/24/2025 | 443 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants have moved to bar plaintiffs from introducing evidence of Defendant Robert Bartik's history of obtaining confessions, arguing that the court should rule consistently with its determination that expert witness Sosnowski may not testify to this history because it is propensity evidence under Fed. R. Evid. 404(b)(1). (Dkt. 431 .) The motion is granted in part and denied in part. The court agrees that the evidence is inadmissible under Rule 404(b). Harris v. City of Chicago, 2018 WL 2183992, at *16-17 (N.D. Ill. May 11, 2018). As plaintiffs point out, however, under Rule 608(b), " the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. 608(b)(1). Because it is anticipated that Bartik will testify that Fulton spontaneously confessed during the pre-polygraph interview, specific instances of Bartik's past conduct are relevant to whether Bartik is a truthful witness. The potential prejudice to Bartik is that the jury may reach a propensity inference from his prior acts, which can be cured by a limiting instruction to the jury if necessary. This does not outweigh the prejudice to Fulton if he cannot attack Bartik's credibility in a situation where no one else was present who might corroborate his testimony that he did not confess at that time. Mailed notice (ags) (Entered: 02/24/2025) |
| 02/24/2025 | 444 | ORDER: Because this evidence is not unduly prejudicial under Fed. R. Evid. 403, plaintiffs may introduce evidence of Detective Bartik's wealth for the narrow purpose of aiding the jury's punitive damages calculation. Signed by the Honorable Joan H. Lefkow on 2/24/2025. Mailed notice (ags) (Entered: 02/24/2025) |

| 02/24/2025 | 445 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/25/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/24/2025) |
|---|---|---|
| 02/25/2025 | 446 | SEALED MOTION by Defendants Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris *INDIVIDUAL CITY DEFENDANTS' MOTION TO ESTABLISH EDWARD WINSTEAD AS AN UNAVAILABLE WITNESS UNDER FED. R. EVID. 804(a) (4)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Brill, Breana) (Entered: 02/25/2025) |
| 02/25/2025 | 447 | PROPOSED Jury Instructions by Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris (Cerney, John) (Entered: 02/25/2025) |
| 02/25/2025 | 448 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/26/2025 at 9:15 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/25/2025) |
| 02/26/2025 | 449 | ORDER: On February 7, 2025, Plaintiffs John Fulton and Anthony Mitchell and Individual Defendants (collectively, "the parties") submitted joint testimony designations and objections pursuant to the court's order. (Dkts. 404, 409.) Below are the court's orders regarding the parties' objections to designated trial and deposition testimony of witness Leonard Rolston. Signed by the Honorable Joan H. Lefkow on 2/26/2025. Mailed notice (ags) (Entered: 02/26/2025) |
| 02/26/2025 | 450 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 2/27/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/26/2025) |
| 02/27/2025 | 451 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 3/3/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 02/27/2025) |
| 02/28/2025 | 452 | Deposition Designation for Trial - Marisol Caldero by John Fulton (Attachments: # 1 Exhibit Caldero Deposition Designations, # 2 Exhibit Plaintiffs' Objection Brief)(Rickert, Julia) (Entered: 02/28/2025) |
| 02/28/2025 | 453 | DESIGNATION OF EDWARD WINSTEAD by Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris (Attachments: # 1 Exhibit)(Brill, Breana) (Entered: 02/28/2025) |
| 03/02/2025 | 454 | PARTIES JOINT PROPOSED JURY INSTRUCTIONS by John Fulton (Loevy, Jonathan) (Entered: 03/02/2025) |
| 03/02/2025 | 455 | PARTIES JOINT PROPOSED PARTIALLY DISPUTED JURY INSTRUCTIONS by John Fulton (Loevy, Jonathan) (Entered: 03/02/2025) |
| 03/02/2025 | 456 | PLAINTIFFS REMAINING OPPOSED JURY INSTRUCTIONS by John Fulton (Loevy, Jonathan) (Entered: 03/02/2025) |
| 03/02/2025 | 457 | PROPOSED Jury Instructions by Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris (Nathan, Shneur) (Entered: 03/02/2025) |
| 03/02/2025 | 458 | MOTION by Plaintiff John Fulton to bar READING OF BOB BERIS 2006 TESTIMONY |

| 03/02/2025 | 459 | PLAINTIFFS' UPDATED DESIGNATIONS FOR JOSEPH POLLINI by John Fulton (Attachments: # 1 Exhibit A - Updated Designations)(Ainsworth, Russell) (Entered: 03/02/2025) |
|---|---|---|
| 03/02/2025 | 460 | MOTION by Defendants Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris to bar PLAINTIFFS' DESIGNATIONS OF DEFENSE EXPERT JOSEPH POLLINI<br><br>(Adeeyo, Natalie) (Entered: 03/02/2025) |
| 03/03/2025 | 461 | ORDER: This matter before the Court in trial of the above referenced matter. The Court hereby directs Dr. Mitra Kalelkar, 808 Leona Mae Ct., Naperville, IL 60563 to appear in this matter at the United States District Court for the Northern District of Illinois at 219 S. Dearborn St. Chicago, IL 60604 in Courtroom 2503 on March 4, 2025 at 1:15pm pursuant to the trial subpoena served to her on February 1, 2025. Dr. Kalelkar is entitled to the amount tendered with the subpoena for the witness fees for one day's attendance, and the mileage allowed by law. Signed by the Honorable Joan H. Lefkow on 3/3/2025. Mailed notice (ags) (Entered: 03/03/2025) |
| 03/03/2025 | 462 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 3/4/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 03/03/2025) |
| 03/03/2025 | 463 | PROPOSED Jury Instructions by John Fulton (Loevy, Jonathan) (Entered: 03/03/2025) |
| 03/04/2025 | 464 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 3/5/2025 at 9:30 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 03/04/2025) |
| 03/04/2025 | 465 | ORDER: Plaintiffs John Fulton and Anthony Mitchell and Individual Defendants (collectively, "the parties") have submitted joint designations and objections to the testimony of Edward Winstead. (Dkt. 409, 453.) Below are the court's orders regarding the parties' objections. Signed by the Honorable Joan H. Lefkow on 3/4/2025. Mailed notice (ags) (Entered: 03/04/2025) |
| 03/04/2025 | 466 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiffs' Motion to Bar Reading of Bob Beris' 2006 Testimony is granted in part and denied in part. (Dkt. 458 .) The fact that three fingerprints were associated with Antonio Shaw has been stated many times and never disputed. As such, it is relevant but cumulative and unhelpful to the jury. The process of examining fingerprints is unnecessary, since there is no issue in this case that the process was flawed in any way. Berris does explain, however, at 230:2 234:3, how it happens that fingerprints may not be retrievable. This is relevant because the jury may not understand that the absence of fingerprints does not necessarily indicate the absence of guilt. As such, this portion is relevant and may be played. The plaintiffs do not challenge this testimony so there is no apparent need for the responsive designations. Defendants may also play the introductory pages at 215:8 218:9 to demonstrate the witness's expertise.Mailed notice (ags) (Entered: 03/04/2025) |
| 03/04/2025 | 467 | MINUTE entry before the Honorable Joan H. Lefkow: Individual City Defendants' motion (dkt. 460 ) to bar Plaintiffs' Designations of Defense Expert Joseph Pollini is granted. Plaintiffs' designations of Pollini's transcripts are proffered to show that Individual City Defendants' conduct was |

inconsistent with accepted police practices, as plaintiffs' police practices expert, Robert Bub, also testified. Under S.E.C. v. Koenig, 557 F.3d 736, 743 (7th Cir. 2009), there is no bar to plaintiffs calling Pollini. Koenig, however, does not address the admissibility of the testimony, including Fed. R. Evidence 403, concerning whether the probative value of the evidence is outweighed by other factors, including "wasting time, or needlessly presenting cumulative evidence." In opening statement, plaintiffs' counsel predicted that defendants would not call a police practices expert to defend their (in plaintiffs' view, indefensible) conduct. This prediction will be fulfilled since it is known that the defense will not call Pollini. The testimony of Pollini would reinforce the testimony of plaintiffs' expert, but it would also be cumulative to Bub's unrebutted testimony. In light of these factors, the court will not permit plaintiffs to call Pollini. Mailed notice (ags) (Entered: 03/04/2025)

| | | |
|---|---|---|
| 03/04/2025 | 468 | MOTION by Plaintiff John Fulton to bar SANDRA NAVARRO FROM TESTIFYING<br><br>(Attachments: # 1 Exhibit 1 - Griffin Statement)(Rickert, Julia) (Entered: 03/04/2025) |
| 03/04/2025 | 469 | Plaintiffs' Verdict Form by John Fulton (Ladha, Fatima) (Entered: 03/04/2025) |
| 03/05/2025 | 470 | OBJECTIONS by John Fulton to proposed jury instructions 457 *No. 48* (Ladha, Fatima) (Entered: 03/05/2025) |
| 03/05/2025 | 471 | PLAINTIFFS PROFFER ON MISCONDUCT BY THE COOK COUNTY STATES ATTORNEYS OFFICE by John Fulton (Attachments: # 1 Exhibit 1 - Letter, # 2 Exhibit 2 - Citizens report, # 3 Exhibit 3 - Kelly complaint, # 4 Exhibit 4 - chicago sun times, # 5 Exhibit 5 - colon complaint, # 6 Exhibit 6 - clay complaint, # 7 Exhibit 7 - trib article 2024, # 8 Exhibit 8 - trib article 2022)(Ladha, Fatima) (Entered: 03/05/2025) |
| 03/05/2025 | 472 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, Robert Girardi, Joseph Struck, Edward Winstead, John ZalatorisDEFENDANTS OFFERS OF PROOF<br><br>(Attachments: # 1 Exhibit Criminal History Report, Anthony Mitchel, # 2 Exhibit Trial Transcripts - Part 1, # 3 Exhibit Trial Transcripts - Part 2, # 4 Exhibit Griffin Written Statement, # 5 Exhibit Video Statement of Anthony Mitchell, # 6 Exhibit 11-18-12 IDOC Call, # 7 Exhibit Excerpt of Fulton Dep, # 8 Exhibit Transcript of 11-18-12 IDOC Call, # 9 Exhibit 11-29-12 IDOC Call, # 10 Exhibit Griffin GJ Testimony)(Cerney, John) (Entered: 03/05/2025) |
| 03/05/2025 | 473 | Objections to Plaintiff's Proposed Verdict Form by Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris (Nathan, Shneur) (Entered: 03/05/2025) |
| 03/05/2025 | 475 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held and continued to 3/6/2025 at 9:00 a.m. in courtroom 2503. Mailed notice (ags) (Entered: 03/06/2025) |
| 03/05/2025 | 478 | DIGITAL EXHIBIT submitted by Robert Bartik, James Breen, City of Chicago, Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will |

| | | | |
|---|---|---|---|
| | | | be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (men, ) (Entered: 03/06/2025) |
| 03/05/2025 | 🔒 | 479 | (Court only) DIGITAL EXHIBIT submitted by Robert Bartik, James Breen, City of Chicago, Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris (men, ) (Entered: 03/06/2025) |
| 03/06/2025 | | 474 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John ZalatorisDEFENDANTS' OFFER OF PROOF RELATING TO THE TESTIMONY OF NANCY NAZARIAN<br><br>(Adeeyo, Natalie) (Entered: 03/06/2025) |
| 03/06/2025 | | 476 | MOTION by Defendants Robert Bartik, James Breen, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John Zalatoris for judgment *DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW*<br><br>(Cerney, John) (Entered: 03/06/2025) |
| 03/06/2025 | | 477 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John ZalatorisDEFENDANTS' MOTION FOR MISTRIAL<br><br>(Adeeyo, Natalie) (Entered: 03/06/2025) |
| 03/06/2025 | | 480 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held. Deliberations continue to 3/7/2025 at 9:30 a.m. Mailed notice (ags) (Entered: 03/06/2025) |
| 03/06/2025 | | 485 | JURY Instructions. (gcy, ) (Entered: 03/11/2025) |
| 03/07/2025 | | 481 | MINUTE entry before the Honorable Joan H. Lefkow: Jury deliberations held and continued to 3/10/2025 at 9:30 a.m. Mailed notice (ags) (Entered: 03/07/2025) |
| 03/10/2025 | | 482 | MOTION by Defendants Robert Bartik, James Breen, City of Chicago, S. Franco (#40141), Robert Girardi, Joseph Struck, Edward Winstead, John ZalatorisDEFENDANTS' MOTION TO AMEND JURY INSTRUCTION ON PLAINTIFFS' FABRICATION CLAIM OR, IN THE ALTERNATIVE, PROVIDE A SUPPLEMENTAL INSTRUCTION<br><br>(Cerney, John) (Entered: 03/10/2025) |
| 03/10/2025 | | 483 | ORDER: For the reasons stated here within the motion to amend jury instruction 482 is denied. Signed by the Honorable Joan H. Lefkow on 3/10/2025. Mailed notice (ags) (Entered: 03/10/2025) |
| 03/10/2025 | | 484 | MINUTE entry before the Honorable Joan H. Lefkow: Jury trial held. Verdict reached. Mailed notice (ags) (Entered: 03/10/2025) |
| 03/10/2025 | | 486 | JURY Notes.(gcy, ) (Entered: 03/11/2025) |
| 03/10/2025 | | 487 | JURY Verdict entered in favor of John Fulton against Robert Bartik, James Breen and John Zalatoris. (Mailed Notice) (RESTRICTED). (gcy, ) (Entered: 03/11/2025) |
| 03/11/2025 | | 488 | ENTERED JUDGMENT. Mailed notice (ags) (Entered: 03/11/2025) |

| 03/14/2025 | 489 | TRANSCRIPT OF PROCEEDINGS held on 2/10/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| --- | --- | --- |
| 03/14/2025 | 490 | TRANSCRIPT OF PROCEEDINGS held on 2/11/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 491 | TRANSCRIPT OF PROCEEDINGS held on 2/12/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 492 | TRANSCRIPT OF PROCEEDINGS held on 2/13/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the |

| | | | |
|---|---|---|---|
| | | | redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 🔓 | 493 | TRANSCRIPT OF PROCEEDINGS held on 2/18/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 🔓 | 494 | TRANSCRIPT OF PROCEEDINGS held on 2/19/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 🔓 | 495 | TRANSCRIPT OF PROCEEDINGS held on 2/20/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |

| 03/14/2025 | 496 | TRANSCRIPT OF PROCEEDINGS held on 2/24/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 497 | TRANSCRIPT OF PROCEEDINGS held on 2/25/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 498 | TRANSCRIPT OF PROCEEDINGS held on 2/26/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 499 | TRANSCRIPT OF PROCEEDINGS held on 2/27/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the |

redaction process, see the Court's web-site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025)

| 03/14/2025 | 🔓 500 | TRANSCRIPT OF PROCEEDINGS held on 3/3/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 🔓 501 | TRANSCRIPT OF PROCEEDINGS held on 3/4/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 🔓 502 | TRANSCRIPT OF PROCEEDINGS held on 3/5/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |

| 03/14/2025 | 503 | TRANSCRIPT OF PROCEEDINGS held on 3/6/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| --- | --- | --- |
| 03/14/2025 | 504 | TRANSCRIPT OF PROCEEDINGS held on 3/7/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/14/2025 | 505 | TRANSCRIPT OF PROCEEDINGS held on 3/10/25 before the Honorable Joan H. Lefkow. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/4/2025. Redacted Transcript Deadline set for 4/14/2025. Release of Transcript Restriction set for 6/12/2025. (Fennell, Kathleen) (Entered: 03/14/2025) |
| 03/27/2025 | 506 | TRANSCRIPT OF PROCEEDINGS held on 2/10/25 before the Honorable Joan H. Lefkow. Voir Dire. Order Number: 51455. Court Reporter Contact Information: Kathleen_Fennell@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the |

redaction process,¹ see the Court's web-site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 4/17/2025. Redacted Transcript Deadline set for 4/28/2025. Release of Transcript Restriction set for 6/25/2025. (Fennell, Kathleen) (Entered: 03/27/2025)

| Date | No. | Entry |
|------|-----|-------|
| 04/03/2025 | 507 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris for leave to file excess pages *DEFENDANTS' MOTION TO FILE OVERSIZED BRIEFINGS*<br><br>(Nathan, Shneur) (Entered: 04/03/2025) |
| 04/07/2025 | 508 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file excess pages 507 is granted. Mailed notice (ags) (Entered: 04/07/2025) |
| 04/07/2025 | 509 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris to seal *INDIVIDUAL CITY DEFENDANTS' MOTION FOR LEAVE TO FILE THE ENTIRETY OF THE TRIAL TRANSCRIPTS UNDER SEAL*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 04/07/2025) |
| 04/08/2025 | 510 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to seal 509 is denied. Any references to the transcript in the post trial motions are accessible to the court, so additional filing of the transcript is unnecessary. Mailed notice (ags) (Entered: 04/08/2025) |
| 04/08/2025 | 511 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' MOTION TO AMEND THE JUDGMENT*<br><br>(Adeeyo, Natalie) (Entered: 04/08/2025) |
| 04/08/2025 | 512 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW*<br><br>(Cerney, John) (Entered: 04/08/2025) |
| 04/08/2025 | 513 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' RULE 59(A) MOTION FOR NEW TRIAL*<br><br>(Nathan, Shneur) (Entered: 04/08/2025) |
| 04/15/2025 | 514 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants' renewed motion for judgment as a matter of law 512 is denied. Plaintiff may respond to the motion to amend the judgment 511 and the motion for new trial 513 by 5/13/2025. Defendants' reply is due by 5/27/2025. Mailed notice (ags) Modified on 4/15/2025 (ags). (Entered: 04/15/2025) |
| 05/12/2025 | 515 | MOTION by Plaintiff John Fulton for extension of time to file response/reply as to motion for miscellaneous relief 511 , motion for miscellaneous relief 513 *UNOPPOSED*<br><br>(Loevy, Jonathan) (Entered: 05/12/2025) |
| 05/13/2025 | 516 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file response 515 is granted. Plaintiff may respond to the motion to amend the judgment 511 and the motion for new trial 513 by 5/27/2025. |

| | | Defendants' reply is due by 6/10/2025. Mailed notice (ags) (Entered: 05/13/2025) |
|---|---|---|
| 05/27/2025 | 517 | MOTION by Plaintiff John Fulton for leave to file excess pages<br><br>(Rickert, Julia) (Entered: 05/27/2025) |
| 05/27/2025 | 518 | RESPONSE by John Fultonin Opposition to MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' RULE 59(A) MOTION FOR NEW TRIAL*<br><br>513 (Attachments: # 1 Exhibit A - Transcript of Mitchell Statement, # 2 Exhibit B - Griffin Dep Designation Excerpts, # 3 Exhibit C - Richard Lentz Testimony, # 4 Exhibit D - Emails, # 5 Exhibit E - Rubenstein Memo, # 6 Exhibit F - Declaration)(Rickert, Julia) (Entered: 05/27/2025) |
| 05/27/2025 | 519 | RESPONSE by John Fultonin Opposition to MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' MOTION TO AMEND THE JUDGMENT*<br><br>511 (Loevy, Jonathan) (Entered: 05/27/2025) |
| 05/28/2025 | 520 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file excess pages 517 is granted. Mailed notice (ags) (Entered: 05/28/2025) |
| 06/06/2025 | 521 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris for extension of time to file response/reply *INDIVIDUAL CITY DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE THEIR REPLY BRIEFS IN FURTHER SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT AND RULE 59(a) MOTION FOR A NEW TRIAL*<br><br>(Brill, Breana) (Entered: 06/06/2025) |
| 06/09/2025 | 522 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for extension of time to file reply 521 is granted. City defendants' reply to the motion to amend judgment 511 and the motion for a new trial 513 is due by 6/24/2025. Mailed notice (ags) (Entered: 06/09/2025) |
| 06/09/2025 | 523 | MOTION by Plaintiff John Fulton to set a briefing schedule *(Joint)*<br><br>(Loevy, Jonathan) (Entered: 06/09/2025) |
| 06/10/2025 | 524 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to set a briefing schedule 523 is granted as outlined in the motion. If the fees are not resolved between parties, a motion for fees is due by 10/7/2025. Defendants' response is due by 10/28/2025; plaintiff's reply by 11/18/2025. Mailed notice (ags) (Entered: 06/10/2025) |
| 06/24/2025 | 525 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris for leave to file excess pages *CITY DEFENDANTS' MOTION TO FILE OVERSIZED BRIEFS*<br><br>(Nathan, Shneur) (Entered: 06/24/2025) |
| 06/24/2025 | 526 | REPLY by Robert Bartik, James Breen, City of Chicago, John Zalatoris to MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' RULE 59(A) MOTION FOR NEW TRIAL* |

| | | 518 *DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR RULE 59(A) MOTION FOR NEW TRIAL* (Nathan, Shneur) (Entered: 06/24/2025) |
|---|---|---|
| 06/24/2025 | 527 | REPLY by Robert Bartik, James Breen, City of Chicago, John Zalatoris to MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *DEFENDANTS' MOTION TO AMEND THE JUDGMENT*<br><br>511 *DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT* (Attachments: # 1 Exhibit, # 2 Exhibit)(Adeeyo, Natalie) (Entered: 06/24/2025) |
| 06/25/2025 | 528 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file excess pages 525 is granted. Mailed notice (ags) (Entered: 06/25/2025) |
| 06/25/2025 | 529 | REPLY by Defendants Robert Bartik, James Breen, John Zalatoris to motion for miscellaneous relief 513 *DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR RULE 59(A) MOTION FOR NEW TRIAL (CORRECTED: Exhibits Added)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nathan, Shneur) (Entered: 06/25/2025) |
| 06/26/2025 | 530 | MOTION by Plaintiff John Fulton to strike reply to response to motion, 526<br><br>(Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Rickert, Julia) (Entered: 06/26/2025) |
| 06/27/2025 | 531 | MINUTE entry before the Honorable Joan H. Lefkow: Defendants may file a response to the motion to strike 530 by 7/3/2025. Mailed notice (ags) (Entered: 06/27/2025) |
| 07/03/2025 | 532 | RESPONSE by Defendant City of Chicago *Plaintiffs Motion To Strike Argument From Defendants Reply Brief Or, Alternatively, To Supplement The Record* (Cerney, John) (Entered: 07/03/2025) |
| 08/13/2025 | 533 | ORDER: Plaintiffs John Fulton and Anthony Mitchell move to strike (dkt. 530) an exhibit and treat as forfeited an argument raised in defendants' reply brief in support of their motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). (Dkt. 529.) Alternatively, they seek to supplement the record with additional evidence. The motion is denied. Signed by the Honorable Joan H. Lefkow on 8/13/2025. Mailed notice (ags) (Entered: 08/13/2025) |
| 08/29/2025 | 534 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris for leave to file *DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT*<br><br>(Attachments: # 1 Exhibit 1)(Adeeyo, Natalie) (Entered: 08/29/2025) |
| 09/02/2025 | 535 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file supplemental authority 534 is denied without prejudice for failure to comply with the court's standing order re: motions for leave to cite additional authority. Mailed notice (ags) (Entered: 09/02/2025) |
| 09/02/2025 | 536 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris for leave to file *DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO AMEND THE JUDGMENT* |

(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibits)(Adeoyo, Natalie) (Entered: 09/02/2025)

| | | |
|---|---|---|
| 09/03/2025 | 537 | MINUTE entry before the Honorable Joan H. Lefkow:Motion for leave to file supplemental authority 536 is granted. Mailed notice (ags) (Entered: 09/03/2025) |
| 09/08/2025 | 538 | MOTION by Plaintiff John Fulton for REVISED JOINT PROPOSED SCHEDULE REGARDING SECTION 1988 FEES<br><br>(Rickert, Julia) (Entered: 09/08/2025) |
| 09/09/2025 | 539 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for revised scheduling order regarding fees 538 is granted. By 9/29/2025, Defendants shall disclose the total amount of attorney's fees paid by Defendants (and all fees billed but unpaid at the time of the disclosure and all time as yet unbilled and expected to be billed thereafter) for the litigation and shall furnish the additional information specified in LR 54.3(d)(5) as to any matters (rates, hours, or related nontaxable expenses) that remain in dispute. By 9/29/2025, the parties shall specifically identify all hours, billing rates, or related nontaxable expenses that will and will not be objected to, the basis of any objections, and the specific hours, billing rates, and related nontaxable expenses that in the parties' respective views are reasonable and should be compensated. The parties will thereafter attempt to resolve any remaining disputes. If the parties cannot resolve the fee dispute, the parties' joint fee statement pursuant to LR 54.3(e) shall be prepared by 10/13/2025. If necessary, Plaintiffs shall file their fee motion on or before 10/27 2025. Defendants' response to any such motion will be due by 11/17/2025. Plaintiffs' reply will be due by 12/8/2025. A status hearing is set for 12/10/2025 in person in courtroom 2201. Mailed notice (ags) (Entered: 09/09/2025) |
| 09/16/2025 | 540 | MOTION by Plaintiff John Fulton for leave to file *Supplemental Authority in Opposition to Defendants Motion to Amend the Judgment*<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Green, Isaac) (Entered: 09/16/2025) |
| 09/17/2025 | 541 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file supplemental authority 540 is granted. Mailed notice (ags) (Entered: 09/17/2025) |
| 10/02/2025 | 542 | MOTION by Plaintiff John Fulton for leave to file *Supplemental Authority in Opposition to Defendants' Motion to Amend the Judgment*<br><br>(Attachments: # 1 Exhibit 1)(Green, Isaac) (Entered: 10/02/2025) |
| 10/03/2025 | 543 | MINUTE entry before the Honorable Joan H. Lefkow: Plaintiff's motion for leave to file supplemental authority in opposition to Defendants' motion to amend the judgment 542 is granted. Mailed notice. (mgh, ) (Entered: 10/03/2025) |
| 10/10/2025 | 544 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris to set a briefing schedule *JOINT PROPOSED REVISED SCHEDULE REGARDING SECTION 1988 FEES*<br><br>(Cerney, John) (Entered: 10/10/2025) |

| | | |
|---|---|---|
| 10/14/2025 | 545 | MINUTE entry before the Honorable Joan H. Lefkow: Joint motion to set a revised briefing schedule 544 is granted as outlined in the motion. Any motion for fees is due by 11/17/2025. Defendants' response is due 12/8/2025; plaintiff's reply by 12/29/2025. Mailed notice (ags) (Entered: 10/14/2025) |
| 11/03/2025 | 546 | LOCAL RULE 54.3 JOINT STATEMENT REGARDING SECTION 1988 FEES STATEMENT by John Fulton (Loevy, Jonathan) (Entered: 11/03/2025) |
| 11/11/2025 | 547 | STATEMENT by City of Chicago *AMENDED LOCAL RULE 54.3 JOINT STATEMENT REGARDING SECTION 1988 FEES* (Nathan, Shneur) (Entered: 11/11/2025) |
| 11/18/2025 | 548 | MOTION by Plaintiff John Fulton for attorney fees *PARTY SECTION 1988* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C - Part 1, # 4 Exhibit C - Part 2, # 5 Exhibit C - Part 3, # 6 Exhibit C - Part 4, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 Exhibit L, # 16 Exhibit M, # 17 Exhibit N, # 18 Exhibit O, # 19 Exhibit P)(Loevy, Jonathan) (Entered: 11/18/2025) |
| 11/18/2025 | 549 | MOTION by Plaintiff John Fulton to file instanter *Plaintiffs Petition for Prevailing Party Section 1988 Attorneys Fees and Exhibits* , MOTION by Plaintiff John Fulton for leave to file excess pages (Loevy, Jonathan) (Entered: 11/18/2025) |
| 11/19/2025 | 550 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to file instanter 549 is granted. Motion for leave to file excess pages 549 is granted. Mailed notice (ags) (Entered: 11/19/2025) |
| 11/26/2025 | 551 | MOTION by Plaintiff John Fulton for leave to file *Supplemental Authority in Opposition to Defendants Motion to Amend the Judgment* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Green, Isaac) (Entered: 11/26/2025) |
| 12/01/2025 | 552 | MINUTE entry before the Honorable Joan H. Lefkow: Motion for leave to file supplemental authority 551 is granted. Mailed notice (ags) (Entered: 12/01/2025) |
| 12/05/2025 | 553 | MOTION by Defendants Robert Bartik, James Breen, John Zalatoris *JOINT PROPOSED REVISED BRIEFING SCHEDULE REGARDING SECTION 1988 FEES* (Cerney, John) (Entered: 12/05/2025) |
| 12/08/2025 | 554 | MINUTE entry before the Honorable Joan H. Lefkow: Joint motion for revised briefing schedule 553 is granted. Defendants' response to the motion for attorney fees 548 is due by 12/22/2025. Plaintiff's reply is due by 1/12/2026. Mailed notice (ags) (Entered: 12/08/2025) |
| 12/08/2025 | 555 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 12/10/2025 is stricken and reset to 2/25/2026 at 9:30 a.m. in courtroom 2201. Mailed notice (ags) (Entered: 12/08/2025) |
| 12/22/2025 | 556 | RESPONSE by Defendants Robert Bartik, James Breen, John Zalatoris to motion for attorney fees, 548 *CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' PETITION FOR PREVAILING PARTY SECTION 1988* |

| | | |
|---|---|---|
| | | *ATTORNEY'S FEES* (Attachments: # 1 Exhibit A)(Nathan, Shneur) (Entered: 12/22/2025) |
| 12/31/2025 | 557 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, ) (Entered: 12/31/2025) |
| 01/12/2026 | 558 | MOTION by Plaintiff John Fulton for extension of time to file response/reply as to motion for attorney fees, 548 *(Unopposed)* <br><br> (Rickert, Julia) (Entered: 01/12/2026) |
| 01/13/2026 | 559 | MINUTE entry before the Honorable Joan H. Lefkow: Unopposed motion for extension of time to file reply 558 is granted. Plaintiff's reply to the motion for attorney fees 548 is due by 1/16/2026. Mailed notice (ags) (Entered: 01/13/2026) |
| 01/16/2026 | 560 | REPLY by Plaintiff John Fulton to Response, 556 , motion for attorney fees, 548 (Loevy, Jonathan) (Entered: 01/16/2026) |
| 01/19/2026 | 561 | REPLY by John Fulton to MOTION by Plaintiff John Fulton for attorney fees *PARTY SECTION 1988* <br><br> 548 *CORRECTED REPLY* (Green, Isaac) (Entered: 01/19/2026) |
| 02/20/2026 | 562 | MOTION by Defendants Cook County, McRay Judge, Jacob Rubinstein, Eugene Shepherd, Andrew Varga to withdraw attorney appearance 61 *Motion for Leave to Withdraw as Counsel* <br><br> (Pestine, Zachary) (Entered: 02/20/2026) |
| 02/23/2026 | 563 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to withdraw 562 is granted. Attorney Zachary Adam Pestine is terminated as counsel for defendant. Mailed notice (ags) (Entered: 02/23/2026) |
| 02/23/2026 | 564 | MINUTE entry before the Honorable Joan H. Lefkow: The status hearing set for 2/25/2026 is stricken and reset to 4/8/2026 at 9:30 a.m. in Courtroom 2201. Mailed notice (ags) (Entered: 02/23/2026) |
| 03/31/2026 | 565 | OPINION and ORDER: For the foregoing reasons, the court denies defendants' Rule 59(a) motion for a new trial. (20 C 3118, dkt. 513 ; 20 C 3119 dkt. 515.) Defendants' motion to amend the judgment (20 C 3118, dkt. 511 ; 20 C 3119 dkt. 513) is denied insofar as it seeks remittitur of the jury's damages award. The judgments must be amended, however, to account for a setoff of damages in the amount that plaintiffs settled with Cook County prior to trial. A |

| | | |
|---|---|---|
| | | separate amended judgment will be filed along with this decision. The motion for attorney fees 548 will remain under advisement. Status hearing date is stricken. Civil case terminated. Signed by the Honorable Joan H. Lefkow on 3/31/2026. Mailed notice (ags) (Entered: 03/31/2026) |
| 03/31/2026 | 566 | AMENDED JUDGMENT. Mailed notice (ags) (Entered: 03/31/2026) |
| 04/07/2026 | 567 | MOTION by Defendant City of Chicago to amend/correct *City of Chicago's Unopposed Motion to Revise the Amended Judgments and Dismiss Monell Claims*<br><br>(Fieweger, James) (Entered: 04/07/2026) |
| 04/08/2026 | 568 | MINUTE entry before the Honorable Joan H. Lefkow: Motion to amend judgment 567 is granted. The parties shall submit an agreed-in-form proposed amended judgment in Word format to proposed_order_lefkow@ilnd.uscourts.gov. Mailed notice (ags) (Entered: 04/08/2026) |
| 04/28/2026 | 569 | Joint Submission Regarding Amended Judgment by City of Chicago (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Fieweger, James) (Entered: 04/28/2026) |
| 04/30/2026 | 570 | NOTICE of appeal by Robert Bartik, James Breen, City of Chicago, John Zalatoris regarding orders 566 , 565 Filing fee $ 605, receipt number AILNDC-25055023. Receipt number: n (Cerney, John) (Entered: 04/30/2026) |
| 04/30/2026 | 571 | DOCKETING Statement by Robert Bartik, James Breen, City of Chicago, John Zalatoris regarding notice of appeal 570 (Cerney, John) (Entered: 04/30/2026) |
| 05/01/2026 | 572 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 570 (lj, ) (Entered: 05/01/2026) |